# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DEWEY & LEBOEUF LLP,<br><br>              Debtor,<br><br>VITTORIA CONN on behalf of herself and all others similarly situated,<br><br>              Plaintiff,<br>v.<br><br>DEWEY & LEBOEUF LLP.<br><br>              Defendant. | Case No. 12-12321-MG<br>Chapter 11<br><br>Adv. Pro. No. 12-_____ (MG) |

## ADVERSARY PROCEEDING CLASS ACTION COMPLAINT

Plaintiff Vittoria Conn ("Plaintiff") alleges on her own behalf and on behalf of the class of those similarly situated as follows:

## NATURE OF THE ACTION

1. The Plaintiff filed this action originally in the United States District Court for the Southern District of New York, Civ. Case No. 12-cv-03732-LTS on behalf of herself, and other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as the result of, mass layoffs or plant closings ordered by Defendant on or about May 11, 2012, and within thirty (30) days of that date, and who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*., and 90 days advance written notice of their terminations by Defendant, as required by the New York

Worker Adjustment and Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") § 860 *et seq*.  Plaintiff now files this action in this Court, based on the Voluntary Petition filed on May 28, 2012 by Debtor, and includes a claim based on California Labor Code § 1400 *et seq*. ("CAL WARN Act") (collectively with federal and New York statutes, the "WARN Acts").

2. Plaintiff and all similarly situated employees seek to recover 60 days wages benefits, pursuant to 29 U.S.C. § 2104, NYLL § 860-(G)(2) and the California Labor Code, from Defendant.  Plaintiff and all similarly situated employees seek to recover 60 days wages benefits, pursuant to 29 U.S.C. § 2104, from Defendant.  Plaintiff's claim, as well as the claims of all similarly situated employees, is entitled to partial administrative expense status pursuant to the United States Bankruptcy Code § 503 (b)(1)(A) and partial, or alternatively, full priority status, under 11 U.S.C. § 507(a)(4) and (5), up to the $11,725.00 priority cap, with the balance, if any, being a general unsecured claim.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 29 U.S.C. § 2104(a)(5).

4. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

5. The Debtors did business in this district.

6. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5) and NYLL § 860-G(7).

## **THE PARTIES**

*<u>Plaintiff</u>*

7. Plaintiff Vittoria Conn was employed by Defendant and worked at or reported to the Defendant's headquarters' facility located at 1301 Avenue of the Americas, New York, New York (the "New York Facility," which is a facility as that term is defined by the WARN Acts) until her termination on or about May 11, 2012.

*<u>Defendant</u>*

8. Upon information and belief at all relevant times, Defendant maintained and operated its business at the New York Facility and maintained and operated additional facilities, in California and Washington DC, as that term is defined by the WARN Acts (collectively the "Facilities").

9. Upon information and belief and at all relevant times, Dewey & Leboeuf LLP ("Dewey & LeBoeuf") is a limited liability partnership duly organized under the laws of the State of New York, and employed the Plaintiff and all similarly-situated employees, who worked at or reported to one of its Facilities.

10. Until on or about May 11, 2012, the Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to its New York Facility and other facilities.

11. Upon information and belief, Defendant made the decision to terminate the employees.

12. On or about May 11, 2012, Defendant ordered the mass layoffs of its employees.

13. Upon information and belief, the Defendant terminated approximately 550 employees at its Facilities on or within 30 days of May 11, 2012.

14. On May 28, 2012, Defendant Dewey & LeBoeuf LLP, filed voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

## FEDERAL WARN ACT CLASS ALLEGATIONS

15. Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on her own behalf and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about May 11, 2012 and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about May 11, 2012, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

16. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated to equal or exceed 550, and the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

17. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

18. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

19. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

4

      (a)      whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;

      (b)      whether Defendant, unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Acts; and

      (c)      whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Acts.

20.     The Plaintiff's claim is typical of those of the WARN Class. The Plaintiff, like other WARN Class members, worked at or reported to one of Defendant's Facilities and was terminated without cause on or about May 11, 2012, due to the mass layoffs and/or plant closings ordered by Defendant.

21.     The Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experience in complex class actions, including the WARN Act and employment litigation.

22.     Class certification of these claims is appropriate under Fed.R. Civ.P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

23.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of

the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

24. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## NEW YORK WARN ACT CLASS ALLEGATIONS

25. Plaintiff brings the Second Claim for Relief for violation of NYLL § 860 *et seq.*, on behalf of herself and a class of similarly situated persons pursuant to NYLL § 860-G (7) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about May 11, 2012, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about May 11, 2012, and who are affected employees, within the meaning of NYLL § 860-A (1), (4) and (6) (the "NY WARN Class")

26. The persons in the NY WARN Class identified above ("NY WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

27. On information and belief, the identity of the members of the class and the recent residence address of each of the NY WARN Class Members is contained in the books and records of Defendant.

28. On information and belief, the rate of pay and benefits that were being paid by Defendant to each NY WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

6

29. Common questions of law and fact exist as to members of the NY WARN Class, including, but not limited to, the following:

    (a) whether the members of the NY WARN Class were employees of the Defendant who worked in a covered site of employment of Defendant;

    (b) whether Defendant, unlawfully terminated the employment of the members of the NY WARN Class without cause on their part and without giving them 90 days advance written notice in violation of the WARN Act; and

    (c) whether Defendant unlawfully failed to pay the NY WARN Class members 60 days wages and benefits as required by the WARN Act.

30. The Plaintiff's claim is typical of those of the NY WARN Class. The Plaintiff, like other NY WARN Class members, worked at or reported to Defendant's Facility and was terminated on or about May 11, 2012, due to the terminations ordered by Defendant.

31. The Plaintiff will fairly and adequately protect the interests of the NY WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the WARN Act, state laws similar to WARN, and employment litigation.

32. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the NY WARN Class predominate over any questions affecting only individual members of the NY WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of NY WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual NY WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

33.     Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the Class.

34.     Plaintiff intends to send notice to all members of the NY WARN Class to the extent required by Rule 23.

## CALIFORNIA WARN ACT CLASS ALLEGATIONS

35.     The Class Plaintiff brings the Third Claim for Relief for violation of California Labor Code § 1401 on behalf of a class of similarly situated persons pursuant to Labor Code § 1404 and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to Defendant's Los Angeles, California Facility and were terminated without cause on or about May 11, 2012, and within thirty (30) days of that date and thereafter (the "CAL WARN Class")

36.     The persons in the CAL WARN Class identified above ("CAL WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

37.     On information and belief, the identity of the members of the class and the recent residence address of each of the CAL WARN Class Members is contained in the books and records of Defendant.

38.     On information and belief, the rate of pay and benefits that were being paid by Defendant to each CAL WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

8

39. Common questions of law and fact exist as to members of the CAL WARN Class, including, but not limited to, the following:

(a) whether the members of the CAL WARN Class were employees of the Defendant who worked in a covered site of employment of Defendant; and

(b) whether Defendant unlawfully terminated the employment of the members of the CAL WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the CAL WARN Act; and

(c) whether Defendant unlawfully failed to pay the CAL WARN Class members 60 days wages and benefits as required by the CAL WARN Act.

40. The Plaintiff's claim is typical of those of the CAL WARN Class. The Plaintiff worked at or reported to one of Defendant's Facilities and was terminated on or about May 11, 2012, and within thirty (30) days of that date and thereafter, due to the closure of the Los Angeles, California Facility ordered by Defendant.

41. The Plaintiff will fairly and adequately protect the interests of the CAL WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the CAL WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

42. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the CAL WARN Class predominate over any questions affecting only individual members of the CAL WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of CAL WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual CAL WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

43. Concentrating all the potential litigation concerning the CAL WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the CAL WARN Act rights of all the members of the CAL WARN Class.

44. The Class Plaintiff intends to send notice to all members of the CAL WARN Class to the extent required by Rule 23.

## CLAIM FOR RELIEF

### Federal WARN Act Cause of Action

45. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

46. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

47. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoff or plant closing at the Facilities.

48. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

49. On or about May 11, 2012, the Defendant ordered mass layoffs or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

50. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's

employees as well as 33% of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

51.     The Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

52.     The Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

53.     Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

54.     Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

55.     The Plaintiff is, and each of the Class Members are, "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

56.     Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

57.     Since the Plaintiff and each of the Class Members seek back pay and benefits attributable to a period of time after the filing of the Debtor's bankruptcy petition and which arose as the result of the Debtor's violation of federal laws, Plaintiff's and the Class Members' claims against Defendant are entitled to first priority administrative expense status pursuant to 11

11

U.S.C. § 503(b)(l)(A) during that period in addition to priority status for their claims prior to the bankruptcy filing, or alternatively, full priority treatment under 11 U.S.C. § 507(a)(4) and (5).

58. The relief sought in this proceeding is equitable in nature.

## New York WARN Act Cause of Action

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. At all relevant times, Defendant was an individual or private business entity defined as "employer" under the NY WARN Act and continued to operate as a business until it decided to order a mass layoff or plant closing at the Facility as defined by § 860-A(3), (4).

61. On or about May 11, 2012, the Defendant ordered a mass layoff and/or plant closing at its Facilities as defined by § 860-A(3), (4).

62. The Plaintiff and the Class Members suffered a termination of employment as defined by § 860-A(2)(C) having been terminated by Defendant without cause on their part.

63. Defendant was required by the NY WARN Act to give the Plaintiff and the Class Members at least 90 days advance written notice of their terminations pursuant to § 860-B.

64. Defendant failed to give the Plaintiff and the NY Class Members written notice that complied with the requirements of the NY WARN Act.

65. Defendant failed to pay the Plaintiff and each of the NY Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

66. The relief sought in this proceeding is equitable in nature.

## California WARN Act Cause of Action

67. Plaintiff realleges and incorporates by reference all allegations in all proceeding paragraphs.

68. Plaintiff brings this claim on behalf of the other employees similarly situated who worked at Defendant's Los Angeles, California Facility, and other "covered establishments", are former "employees," of Defendant as defined in Labor Code § 1400(h).

69. Defendant terminated Plaintiff's employment and the employment of other similarly situated employees, pursuant to a "mass layoff," "relocation" or "termination" as defined in Labor Code § 1400 on or about May 11, 2012 or thereafter.

70. Defendant was an "employer" as defined in Labor Code § 1400(b).

71. Defendant violated Labor Code § 1401 by ordering a "mass layoff" or "termination" in California without giving written notice at least 60 days before the order took effect to (1) the employees affected by the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred. The "mass layoff,' "relocation" or "termination" was not necessitated by a physical calamity or act of war.

72. As a result of Defendant's violation of Labor Code § 1401, Plaintiff and the other similarly situated employees are entitled to damages under Labor Code § 1402(a) in an amount to be determined.

73. Plaintiff has incurred and the other similarly situated employees will incur attorney's fees in prosecuting this claim and are entitled to an award of attorney's fees under Labor Code § 1404.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

    A.    Certification of this action as a class action;

    B.    Designation of the Plaintiff as Class Representative;

    C.    Appointment of the undersigned attorneys as Class Counsel;

    D.    A first priority administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A) in favor of the Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans to the extent that such back pay and benefits would have extended into the post-petition period beginning May 28, 2012, all determined in accordance with the WARN Acts, 29 U.S.C. § 2104 (a)(1)(A)(4), NYLL § 860-G(7), and the California Labor Code § 1402(a), (b) and, for the period prior to the bankruptcy filing, priority status, under 11 U.S.C. § 507(a)(4) and (5);or, alternatively, only priority status treatment under 11 U.S.C. § 507(a)(4) for the first $11,725 of each former employee's under 11 U.S.C. § 507(a)(4), and the remainder as a general unsecured claim.

    E.    An allowed administrative-expense priority claim under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6);

F. Such other and further relief as this Court may deem just and proper.

Dated:  May 29, 2012

Respectfully submitted,

By: /s/ Jack A. Raisner
Jack A. Raisner
René S. Roupinian
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Email: jar@outtengolden.com
Email: rsr@outtengolden.com

*Attorneys for Plaintiff and the putative Class*