## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DEWEY & LEBOEUF LLP,<br><br>               Debtor,<br><br>VITTORIA CONN on behalf of herself and all others similarly situated,<br><br>               Plaintiff,<br>v.<br><br>DEWEY & LEBOEUF LLP.<br><br>               Defendant. | Case No. 12-12321-MG<br>Chapter 11<br><br><br>Adv. Pro. No. 12-01672 (MG) |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
### MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF

For the reasons in the accompanying Memorandum of Law, Plaintiff moves for class certification under Fed. R. Bankr. P. 7023.

Dated: December 7, 2012

Respectfully submitted,

/s/ René S. Roupinian
Jack A. Raisner, Esq.
René S. Roupinian, Esq.
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY  10016
Telephone: (212) 245-1000
Facsimile:  (212) 977-4005
jar@outtengolden.com
rsr@outtengolden.com

*Attorneys for Plaintiff and the putative Class*

# TABLE OF CONTENTS

Page

STATEMENT OF BACKGROUND FACTS ..................................................................................1

THE COMPLAINT ........................................................................................................................2

ARGUMENT ..................................................................................................................................4

    I.    WARN CLAIMS ARE WIDELY RECOGNIZED BY THE COURTS
          TO BE ESPECIALLY APPROPRIATE FOR CLASS CERTIFICATION.......................4

    II.    THE PROPOSED CLASS SATISFIES THE REQUIREMENTS OF RULE 23 ..............7

        A.  The Proposed Class Meets the Requirements of Rule 23(a)........................................7

            1.  The Numerosity Requirement is Satisfied. ............................................................7

            2.  Questions of Law and Fact Are Common to All Members of
                the Proposed Class and the Claims of the Class Representative
                is Typical of the Class............................................................................................8

            3.  Plaintiff Will Fairly and Adequately Protect the Interests of the Class.................10

        B.  The Proposed Class Meets the Requirements of Rule 23(B)(3) .................................12

    III.  CLASS CLAIMS ARE PROPER IN BANKRUPTCY COURT
           EVEN WHEN THE PUTATIVE CLASS MEMBERS DID NOT
           FILE INDIVIDUAL CLAIMS. .......................................................................................14

    IV.  THIS COURT SHOULD APPOINT THE UNDERSIGNED
           CLASS COUNSEL...........................................................................................................18

    V.    APPOINTMENT OF THE CLASS REPRESENTATIVE. ...............................................18

    VI.  THE FORM AND MANNER OF SERVICE OF NOTICE. ............................................19

CONCLUSION.............................................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Amchem Prods v. Windsor*,
    521 U.S. 591 (1997).............................................................................................................11

*Birting Fisheries, Inc. v. Lane*,
    92 F.3d 939 (9th Cir. 1996) ................................................................................................16

*Bledsoe v. Emery Worldwide Airlines*,
    258 F. Supp. 2d 780 (S.D. Ohio 2003) ...................................................................................5

*Bourlas v. Davis Law Associates,*
    237 F.R.D. 345 (E.D.N.Y. 2006) .........................................................................................11

*Carpenters Dist. Council v. Dillard Dep't Stores*,
    15 F.3d 1275 (5th Cir. 1994), *cert. denied*, 513 U.S. 1126 (1995).........................................10

*Cashman v. Dolce International/Hartford, Inc.*,
    225 F.R.D.73 (D. Conn. 2004)....................................................................................... passim

*Ciarlante v. Brown & Williamson Tobacco Corp.*,
    1995 WL 764579 (E.D. Pa. Dec 18, 1995)..............................................................................6

*Cortigiano v. Oceanview Manor Home for Adults*,
    227 F.R.D. 194 (E.D.N.Y.2005) ...........................................................................................7

*Cruz v. Robert Abbey, Inc.*,
    778 F. Supp. 605 (E.D.N.Y. 1991) .........................................................................................5

*Curry, et al. v. Caritas Health Care, Inc.*,
    Adv. Pro. No. 09-01039 (Bankr. E.D.N.Y. 2010) ....................................................................4

*Decker v. Data Listing Services, LLC*,
    Case No. 11-06373 (W.D.N.Y 2012) ......................................................................................5

*Eisen v. Carlisle & Jacquelin*,
    391 F.2d 555 (2d Cir. 1968), *cert. denied*, 417 U.S. 156 (1974)......................................11, 12

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974).............................................................................................................5

*Finnan v. L.F. Rothschild & Co.*,
    726 F. Supp. 460 (S.D.N.Y. 1989)..........................................................................................4

*Frymire v. Ampex Corp.*,
   858 F. Supp. 1081 (D. Colo. 1994), *aff'd in part, rev'd in part*, 61 F.3d 757 (10th Cir.
   1995), *cert. dismissed*, 517 U.S. 1182 (1996)........................................................................10

*Gentry v. Siegel*,
   668 F.3d 83 (4th Cir. 2012) ................................................................................................16

*Grimmer v. Lord, Day & Lord*,
   937 F. Supp. 255 (S.D.N.Y. 1996).........................................................................................4

*Grunin v. International House of Pancakes*,
   513 F.2d 114 (8th Cir.), *cert. denied*, 423 U.S. 864, 96 S. Ct. 124 (1975)...........................19

*Guippone v. BH S & B Holdings, LLC*,
   09 CIV. 01029 CM, 2011 WL 5148650 (S.D.N.Y. Oct. 28, 2011).......................................11

*Guippone v. BH S&B Holdings LLC*,
   09 CIV. 1029 CM, 2011 WL 1345041 (S.D.N.Y. Mar. 30, 2011) ......................................4, 7

*Iglesias-Mendoza v. La Belle Farm, Inc.*,
   239 F.R.D. 363 (S.D.N.Y. 2007) .............................................................................................8

*In re Amdura Corporation*,
   170 B.R. 445 (D. Col. 1994)...................................................................................................17

*In re Charter Company*,
   876 F.2d 866 (11th Cir. 1989) ....................................................................................16, 17, 18

*In re Drexel Burnham Lambert Group, Inc.*,
   960 F.2d 285 (2d Cir. 1992).....................................................................................................11

*In re Ephedra Products Liab. Litig.*,
   329 B.R. 1 (S.D.N.Y. 2005)......................................................................................................17

*In re First Alliance Mortgage Corp.*,
   269 B.R. 428 (D. C.D. Cal. 2001).....................................................................................16, 17

*In re First Interregional Equity Corp.*,
   227 B.R. 358 (Bankr. D. N.J. 1998) .......................................................................................17

*In re Grosso*,
   9 B.R. 815 (S.D.N.Y. Bankr. 1981)........................................................................................14

*In re Kaiser Group Int'l*,
   278 B.R. 58 (Bankr. D. Del. 2002) ....................................................................8, 15, 16, 17

*In re Partsearch Technologies, Inc.*,
   453 B.R. 84 (Bankr. S.D.N.Y. 2011)..................................................................8, 12, 13

*In re PE Corp. Securities Litig.*,
    228 F.R.D. 102 (D. Conn. 2005)............................................................12

*In re Quantegy, Inc.*,
    343 B.R. 689 (M.D. Ala. 2006) ............................................................14

*In re Sacred Heart Hospital of Norristown*,
    177 B.R. 16 (Bankr. E.D. Pa. 1995) .....................................................15

*In re Spring Ford Industries, Inc.*,
    2004 WL 231010 (Bankr. E.D. Pa. Jan. 20, 2004) ................................15

*In re Sumitomo Copper Litig.*,
    194 F.R.D. 480 (S.D.N.Y.2000) ...........................................................12

*In re Taylor Bean & Whitaker Mortgage Corp.*,
    3:09-BK-07047-JAF, 2010 WL 4025873 (Bankr. M.D. Fla. Sept. 27, 2010)............14, 15, 18

*In re Trebol Motors Distributor Corp.*,
    220 B.R. 500 (B.A.P. 1st Cir. 1998).....................................................17

*In re United Companies Financial Corporation*,
    277 B.R. 596 (Bankr. D.Del. 2002) ......................................................17

*In re Whitaker*,
    882 F.2d 791 (3d Cir. 1989) .................................................................14

*In re Zenith Laboratories*,
    104 B.R. 659 (D.N.J. 1989) ..................................................................14

*Jones v. Kayser-Roth Hosiery*,
    748 F. Supp. 1276 (E.D. Tenn. 1990) ....................................................5

*Jurcev v. Central Community Hospital*,
    7 F.3d 618 (7th Cir. 1993) .....................................................................5

*Marisol A. ex.rel. v. Guliani*,
    126 F.3d 372 (2d Cir. 1997).................................................................10

*Mochnal v. Eos Airlines, Inc.*,
    Adv. Case No. 08-08279 (Bankr. S.D.N.Y. 2008) .................................5

*Moreno v. DFG Foods, LLC*,
    No. 02 C 4019, 2003 WL 21183903 (N.D. Ill. May 21, 2003) ...............9

*New Orleans Clerks and Checkers Union Local 1497 v. Ryan-Walsh, Inc.*,
    1994 WL 72101 (E.D. La., Mar. 2, 1994) ..............................................5

iv

*Novella v. Westchester County*,
  443 F.Supp. 2d 540 (S.D.N.Y. 2006)......................................................................8

*Patrowicz v. Transamerica HomeFirst, Inc.*,
  359 F. Supp. 2d 140 (D. Conn. 2005)....................................................................20

*Pearson v. Component Technology Corp.*,
  247 F.3d 471 (3rd Cir. 2001) .................................................................................5

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985)..............................................................................................12

*Ramos v. SimplexGrinnell LP*,
  796 F.Supp.2d 346 (E.D.N.Y. 2011) ....................................................................12

*Reid v. White Motor Corp.*,
  886 F.2d 1462 (6th Cir. 1989) ..............................................................................16

*Reyes v. Greater Texas Finishing Corp.*,
  19 F. Supp. 2d 709 (W.D. Tex. 1998)....................................................................5

*Robidoux v. Celani*,
  987 F.2d 931 (2d Cir. 1993)...................................................................................7

*Roquet v. Anderson*,
  No. 02 C 2689, 2003 WL 21994019 (N.D.Ill. Aug.18, 2003).................................9

*Steiner v. Equimark Corp.*,
  96 F.R.D. 603 (W.D. Pa. 1983) ............................................................................20

*Trist v. First Federal Saving & Loan Association*,
  89 F.R.D. 1 (E.D. Pa.1980)...................................................................................20

*United Steelworkers v. North Star Steel Co.*,
  809 F. Supp. 5 (M.D. Pa. 1992), *aff'd in part, vacated in part and remanded*, 5 F.3d
  39 (3d Cir. 1993), *cert. denied*, 510 U.S. 1114 (1994) .........................................10

*Wal-Mart Stores, Inc., v. Visa USA Inc. (In re Visa Check/MasterMoney Antitrust Litig.)*,
  280 F.3d 124 (2d Cir. 2001)..................................................................................12

*Washington v. Aircap Indus., Inc.*,
  831 F.Supp. 1292 (D.S.C. 1993)...........................................................................10

*Weinberger v. Kendrick*,
  698 F.2d 61 (2d Cir. 1983).............................................................................19, 20

*Zimmer Paper Prods., Inc. v. Berger & Montague, P.C.*,
  750 F.2d 86 (3d Cir. 1985)....................................................................................19

STATUTES

29 U.S.C. § 2101(a)(1) ................................................................................................................4

29 U.S.C. § 2101(a)(5) ..........................................................................................................1, 3, 6

29 U.S.C. § 2102(a) .....................................................................................................................4

CAL WARN .......................................................................................................................1, 3, 4, 10

California Labor Code §§ 1400 *et seq.* .......................................................................................1

California Labor Code § 1401 ("CAL WARN") .............................................................................3

New York Labor Law ("NYLL") § 860 *et seq.* ........................................................................3, 4

NYLL ............................................................................................................................................4

OTHER AUTHORITIES

Fed. R. Civ. P. 23 ................................................................................................. passim

Fed. R. Civ. P. 23(a)(1), (2), (3) and (4) ..................................................................7, 8, 10, 11, 12

Fed. R. Civ. P. 23(a)(2), (3) .........................................................................................................8

Fed. R. Civ. P. 23(b) ....................................................................................................................7

Fed. R. Civ. P. 23(B)(3) ..................................................................................................12, 13, 14, 19

Fed. R. Civ. P. 23(b)(3)(A)-(D) ..................................................................................................13

Fed. R. Civ. P. 23(c)(2)(B) .....................................................................................................19, 20

Fed. R. Civ. P. 23(c)(3) ..............................................................................................................19

Fed. R. Bankr. P. 7023 ...................................................................................................2, 14, 16, 17

*1 Newberg on Class Actions*, § 3:4 at 230 (4th Ed. 2002) ..............................................................7

*1 Newberg, supra* § 3:5 at 248 .....................................................................................................8

*3 Newberg on Class Actions*, § 7.9. (4th ed. 2002) .......................................................................6

Plaintiff Vittoria Conn (hereinafter the "Plaintiff"), moves this Court for an order (a) certifying a class, pursuant to the Federal Rules of Civil Procedure Rule 23 and Bankruptcy Rule 7023, comprised of former employees of Defendant: (i) who worked at or reported to Defendant's New York, California, and Washington DC facilities and were terminated without cause on or about May 11, 2012 or within 30 days of that date, as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about May 11, 2012, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5),  New York Labor Law, § 860 *et seq*., and California Labor Code §§ 1400 *et seq.* ("CAL WARN" and with the Federal & New York WARN Acts, the "WARN Acts" ) and (ii) who have not filed a timely request to opt-out of the class, (b) appointing Outten & Golden LLP as Class Counsel, (c) appointing Plaintiff Vittoria Conn as Class Representative, (d) approving the form and manner of Notice to the Class of this class action, and (e) granting such other and further relief as this Court may deem proper.  The motion is also supported by the accompanying declarations of Plaintiff Vittoria Conn ("Plaintiff's Declaration") and René S. Roupinian ("Roupinian Declaration"), attached hereto as Exhibits A and B, respectively.

## STATEMENT OF BACKGROUND FACTS

Defendant Dewey & LeBoeuf LLP ("Defendant") was a global law firm with offices located among other places, in New York, California and Washington DC. Until its bankruptcy filing on May 28, 2012, Defendant maintained its corporate headquarters at 1301 Avenue of the Americas, New York, New York (the "New York Facility").  Defendant operated additional facilities located in California and Washington DC (collectively the "Facilities"). *See* Complaint, ¶ 9.  Plaintiff, Vittoria Conn, and the other similarly situated former employees worked at or

1

reported to Defendant's Facilities until their terminations on or about May 11, 2012.

(Complaint, ¶¶ 6, 8).

Plaintiff alleges that Defendant ordered the terminations that took place on or about May

11, 2012. (Complaint, ¶ 1, 13, 18, 28).

On May 28, 2012, Defendant filed a voluntary petition for relief under chapter 11 of Title

11 of the United States Bankruptcy Code. (Complaint, ¶ 14). Within 30 days of that date,

Defendant terminated the employment of Plaintiff and an estimated 550 other similarly

situated employees who would come within the class definition. (Complaint, ¶ 26(d)).

## THE COMPLAINT

On May 29, 2012, Plaintiff filed a Class Action Adversary Proceeding Complaint

against Defendant in the United States Bankruptcy Court for the Southern District of New

York (the "Complaint").

The Complaint alleges a Rule 23 class claim arising from Defendant's violation of the

WARN Acts.  (Complaint ¶ 13). The Complaint alleges that Defendant employed more than

100 employees who worked at least 4,000 hours per week; and that Defendant effected "mass

layoffs" or "plant closings" at Defendant's facilities that resulted in the loss of employment for

at least 50 employees (25 under New York's WARN Act) and at least 33% of the employees at

Defendant's Facilities, excluding part-time employees, as defined by the WARN Acts.

(Complaint ¶¶ 24, 27-29).

The Complaint further alleges that Plaintiff and the other similarly situated former

employees were terminated on or about May 11, 2012 and thereafter, worked at Defendant's

New York, California and Washington, DC Facilities and were discharged without cause;

that all of these former employees, as well as other employees who suffered a loss of

employment as the reasonably foreseeable consequence of the mass layoffs or plant closings

are "affected employees," as defined by 29 U.S.C. §2101(a)(5) (the "WARN Act"); that these

former employees did not receive from Defendant 60 days' advance written notice as required

by the WARN Act; and that Defendant failed to pay them wages and fringe benefits, as required

by the WARN Act (Complaint ¶¶ 10, 14, 31-33, 35).

The Complaint further alleges a violation of the New York Worker Adjustment and

Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") § 860 *et seq*.,

for Defendant's employees who worked at Facilities in New York and who were terminated

within 30 days of February 11, 2012 and did not receive 90 days' written notice of their

terminations. (*See* Complaint ¶¶ 22-31).

The Complaint further alleges a violation of the California Labor Code § 1401 ("CAL

WARN") for Defendant's employees who worked at Defendant's Los Angeles, California

Facility and were terminated without cause on or about May 11, 2012, and within thirty (30)

days of that date and thereafter (the "CAL WARN Class"). (*See* Complaint ¶¶ 22-31).

The Complaint further alleges that the proposed class meets the requirements of

Federal Rule of Civil Procedure 23 and that there are common questions of law and fact

that are applicable to all members of the Class; that the Class is so numerous as to render

joinder of all members impracticable; that Plaintiff's claims are typical of the claims of the

other Class Members; that Plaintiff will fairly and adequately protect and represent the

interests of the Class; that Plaintiff has the time and the resources to prosecute this action;

and that she has retained counsel who have extensive experience in matters involving

federal employment class actions and the WARN Acts. (Complaint ¶¶ 14, 17-19).

The Complaint further alleges that the questions of law and fact common to the class

members predominate over any questions affecting only individual members; that a class action

is superior to other available methods for the fair and efficient adjudication of the controversy;

particularly in the context of WARN Act litigation, where an individual Plaintiff and class

members may lack the financial resources to vigorously prosecute a lawsuit in federal court

against corporate Defendant. (Complaint ¶¶ 20-21).

Pursuant to the parties' most recent stipulation, Defendant's answer was due October 19,

2012.

## ARGUMENT

**I.     WARN Claims are Widely Recognized by the Courts to be Especially Appropriate for Class Certification.**

The WARN Act[1] provides a rather simple mandate: before instituting a "plant closing" or

"mass layoff," an employer must provide sixty days' written notice to employees and to relevant

local government entities.  *See* 29 U.S.C. § 2102(a).  A covered employer is one that employs at

least 100 full-time employees, 29 U.S.C. § 2101(a)(1).

As the Court recognized in *Guippone v. BH S&B Holdings LLC,* 09 CIV. 1029 CM, 2011

WL 1345041, at *2 (S.D.N.Y. Mar. 30, 2011)*, courts have held that the WARN Act is

"particularly amenable to class litigation."  *See also Cashman v. Dolce International/Hartford,

Inc.*, 225 F.R.D.73, 90 (D. Conn. 2004) ("By its terms, WARN is applicable only in the context

of employer action which affects a large number of employees."); *Finnan v. L.F. Rothschild &

Co.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989)(same) ; *see also Grimmer v. Lord, Day & Lord*, 937

F. Supp. 255 (S.D.N.Y. 1996) ("[T]he WARN Act provisions lend themselves to class action

---

[1] Plaintiff has also brought a claim under the New York Labor Law § 860 *et seq*. ("NYLL"), for those employees who worked at or reported to Defendant's New York facility.  The NYLL is substantially similar to the federal WARN Act but does mandate a greater notice period, 90 days instead of 60 days, and contains lower thresholds for the triggering of mass layoffs and plant closings.  Plaintiff has also brought a claim under CAL WARN, for those employees who worked at or reported to Defendant's California facility.

because they provide for limited recovery."); *New Orleans Clerks and Checkers Union Local 1497 v. Ryan-Walsh, Inc.*, 1994 WL 72101 (E.D. La., Mar. 2, 1994)("the instant proceeding, a WARN action, falls squarely within the criteria for sanctioning a class.").  Moreover, this Court has noted that the Second Circuit has instructed its district courts to give a liberal rather than restrictive analysis to Rule 23. *Cashman*, 225 F.R.D. at 90.

Thus, violations of the WARN Act have given rise to numerous class action cases and class certification is routinely granted.  This Court, on January 21, 2010, granted class certification of a WARN action on behalf of the former employees of Caritas Hospital. *See Curry, et al. v. Caritas Health Care, Inc.,* Adv. Pro. No. 09-01039, Dkt No.15 (Bankr. E.D.N.Y. 2010)(annexed as Exhibit C).[2]  *See also, e.g., Pearson v. Component Technology Corp.*, 247 F.3d 471 (3rd Cir. 2001) (former employees brought representative action on behalf of other employees against employer's secured creditor under the WARN Act); *Jurcev v. Central Community Hospital*, 7 F.3d 618 (7th Cir. 1993) (employees who lost their jobs when hospital closed brought, on behalf of other former employees, an action against the hospital under the WARN Act); *Jones v. Kayser-Roth Hosiery*, 748 F. Supp. 1276 (E.D. Tenn. 1990) (former employees brought action under the WARN Act on behalf of other employees); *Bledsoe v. Emery Worldwide Airlines*, 258 F. Supp. 2d 780 (S.D. Ohio 2003); *Cashman v. Dolce International/Hartford, Inc.*, 225 F.R.D. 73 (D. Conn. 2004); *Cruz v. Robert Abbey, Inc.*, 778 F. Supp. 605 (E.D.N.Y. 1991); *Reyes v. Greater Texas Finishing Corp.*, 19 F. Supp. 2d 709 (W.D. Tex. 1998).

The merits of the action are *not* to be considered in weighing class certification.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974) ("We find nothing in either the language or

---

[2] *See also*, *Mochnal v. Eos Airlines, Inc.*, Adv. Case No. 08-08279 (Bankr. S.D.N.Y. 2008)(order granting class certification attached hereto as Exhibit D); *Decker v. Data Listing Services, LLC*, Case No. 11-06373 (W.D.N.Y 2012)(order granting class certification attached hereto as Exhibit E).

5

history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the

merits of a suit in order to determine whether it may be maintained as a class action. . .'In

determining the propriety of a class action, the question is not whether the Plaintiff or Plaintiffs

have stated a cause of action or will prevail on the merits, but rather whether the requirements of

Rule 23 are met.'"). *See also, Ciarlante v. Brown & Williamson Tobacco Corp.*, 1995 WL

764579, at *1 (E.D. Pa. Dec 18, 1995) (holding that because the issue of whether a location was

a single site of employment affected the merits, it could not be considered on a motion for class

certification); *3 Newberg on Class Actions*, § 7.9.  (4th ed. 2002).

Plaintiff alleges in her Complaint that she and the other similarly situated former

employees who worked at Defendant's  Facilities were terminated on or about May 11, 2012 or

within 30 days of that date and were discharged without cause; that all these former employees,

as well as other employees who suffered a loss of employment as the reasonably foreseeable

consequence of the mass layoffs or plant closings are "affected employees," as defined by 29

U.S.C. §2101(a)(5); that these former employees did not receive from Defendant at least 60

days' advance written notice as required by the WARN Act; and that Defendant failed to pay

them 60 days' wages and fringe benefits, as required by the WARN Acts.

As the layoffs took place on or about May 11, 2012 (*See* Plaintiff's Declaration;

Roupinian Declaration)**,** the proposed Class definition for the class is as follows:

> Persons (i) who worked at or reported to Defendant's New York, California and
> Washington DC Facilities and were terminated without cause on or about May 11,
> 2012 or within 30 days of that date, as the reasonably foreseeable consequence of
> the mass layoffs and/or plant closings ordered by Defendant on or about May 11,
> 2012, and who are affected employees, within the meaning of 29 U.S.C. §
> 2101(a)(5), the New York Labor Law § 860 *et seq*., and California Labor Code §§
> 1400 *et seq.* (the "WARN Acts" ), and (ii) who have not filed a timely request to
> opt-out of the class.

The proposed class definition should be approved.

6

**II.**    **The Proposed Class Satisfies the Requirements of Rule 23.**

Class certification requires that each of the four prerequisites for class certification set

forth in Federal Rule of Civil Procedure 23, namely, Rule 23(a)(1), (2), (3) and (4), be satisfied

and that, in addition, at least one of the subparts of Rule 23(b) -- here 23(b)(3) -- be satisfied.  As

shown below, the prerequisites for class certification are clearly present in this action.

**A.**    **The Proposed Class Meets the Requirements of Rule 23(a).**

Fed. Civ. P. 23(a) provides as follows:

> Prerequisites to a Class Action. One or more members of a class
> may sue or be sued as Representative parties on behalf of all only
> if (1) the class is so numerous that joinder of all members is
> impracticable, (2) there are questions of law or fact common to the
> class, (3) the claims or defenses of the Representative parties are
> typical of the claims or defenses of the class, and (4) the
> Representative parties will fairly and adequately protect the
> interest of the class.

1.    The Numerosity Requirement is Satisfied.

Federal Rule of Civil Procedure 23(a)(1), requires that the class sought to be certified be

"so numerous that joinder of all members is impracticable." *Cashman v. Dolce*

*International/Hartford*, 225 F.R.D. at 91 (finding numerosity where the proposed class consisted

of 117 former employees).  *See also, 1 Newberg on Class Actions*, § 3:4 at 230 (4th Ed. 2002) (It

is important to remember that "[i]mpracticable does not mean impossible."); *Guippone v. BHS &*

*B Holdings LLC,* No. 09 Civ. 1029(CM), 2011 WL 1345041, at *4 (S.D.N.Y. Mar. 30,

2011)(same), (citing *Grimmer v. Lord, Day & Lord,* 937 F.Supp. 255 (S.D.N.Y.1996)).

No specific number is needed to maintain a class action, but Courts in the Second Circuit

presume that joinder is impracticable where the prospective class consists of 40 members or

more. *Robidoux v. Celani*, 987 F.2d 931, 935-36 (2d Cir. 1993); *Guippone,* 2011 WL 1345041,

at *4; *Cortigiano v. Oceanview Manor Home for Adults,* 227 F.R.D. 194, 204 (E.D.N.Y.2005);

*In re Partsearch Technologies, Inc.*, 453 B.R. 84, 93-94 (Bankr. S.D.N.Y. 2011)(holding 192

WARN class members sufficiently large to make joinder impracticable.).

Classes consisting of forty or more persons "should have a reasonable chance of success

on the basis of number alone." *Iglesias-Mendoza v. La Belle Farm, Inc.,* 239 F.R.D. 363,

(S.D.N.Y. 2007); *1 Newberg*, *supra* § 3:5 at 248.  Indeed, a WARN class is likely to satisfy Rule

23(a)(1), given the nature of the Act. *Cashman v. Dolce International/Hartford*, 225 F.R.D. at

91, *citing Finnan v. L.F. Rothschild & Co.*, 726, F. Supp at  465 ("By its terms, WARN is

applicable only in the context of employer action which affects a large number of employees.").

*See also, Novella v. Westchester County*, 443 F.Supp. 2d 540, 546 (S.D.N.Y. 2006) (proposed

class of 24 members satisfied numerosity); *In re Kaiser Group Int'l*, 278 B.R. 58, 64 (Bankr. D.

Del. 2002) (discussing the law of "numerosity" and finding that a class of approximately 47

members was sufficiently numerous to justify certification).

WARN Act class action litigation typically involves claims brought by the former

employees of an employer who number far less than the estimated 550 former employees which

make up the proposed class here. Moreover, where, as here, the members of the proposed class

have limited financial resources and the size of their individual claims make individual suits

financially unfeasible, the numerosity requirement is satisfied. *See Cashman v. Dolce*

*International/Hartford*, 225 F.R.D. at 91 (*see* Plaintiff's Declaration, attached hereto as Exhibit

A).  Accordingly, Plaintiff has satisfied the numerosity requirement of Fed. R. Civ. P. 23(a)(1).

> 2.    <u>Questions of Law and Fact Are Common to All Members of the Proposed Class</u>
> <u>and the Claims of the Class Representative are Typical of the Class.</u>

The second and third prerequisite of class certification is that "there be questions of law

or fact common to the class" and that the "claims or defenses of the representative parties are

typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(2), (3).  "The commonality

and typicality requirements are fairly easily met in an action brought under the WARN Act."
*Cashman*, 225 F.R.D.at 92.

The commonality factor is satisfied if there is "at least one issue common to the class",
and the typicality factor is usually satisfied when "the representative plaintiffs are subject to the
same policies as the putative class members." *Cashman*, 225 F.R.D. at 91. Typicality is satisfied
when each class member's claim arises from the same course of events, and each class member
makes similar legal arguments to prove the defendant's liability. *Id*., *citing Presser v. Key Food
Stores Co-op., Inc.,* 218 F.R.D. 53, 58 (E.D.N.Y.2003) (finding that a WARN Act plaintiff met
the commonality and typicality requirements); *Roquet v. Anderson,* No. 02 C 2689, 2003 WL
21994019, at *2 (N.D.Ill. Aug.18, 2003) (same); *Moreno v. DFG Foods, LLC,* No. 02 C 4019,
2003 WL 21183903, at *7–9 (N.D. Ill. May 21, 2003) (same).

Here, Plaintiff claims that she and the other Class Members were terminated as part of a
common plan stemming from Defendant's decision to carry layoffs and/or plant closings at
Defendant's Facilities.  Additionally, the factual and legal questions stem from a common core
of facts regarding Defendant's actions and a common core of legal issues regarding every Class
Member's rights, as follows: (a) Defendant employed more than 100 employees; (b) all the Class
Members are protected by the WARN Act, New York WARN Act, or the California WARN
Act; (c) the Class Members were employees of Defendant and worked at or reported to its New
York, California and Washington DC Facilities; (d) Defendant discharged the Class Members on
May 11, 2012 or within 30 days of that date, and thereafter in connection with the mass layoffs
or plant closing; (e) the Class Members were "affected employees," as they lost their
employment as a result of the mass layoffs or plant closing; (f) Defendant terminated the
employment of the Class Members without cause; (g) Defendant terminated the employment of

9

the Class Members without giving them at least 60 days' prior written notice as required by the

WARN Act and CAL WARN, or 90 days' prior written notice as required by the NY WARN

Act; (h) Defendant failed to pay the Class Members 60 days' wages and benefits.

In terms of typicality, Plaintiff suffered the same type of injury as the rest of the Class

and there are no conflicts of interest between the proposed representative of the Class and the

other Class Members (*See* Plaintiff's Declaration, attached hereto as Exhibit A). Defendant's

failure to comply with the requirements of the WARN Act represents a single course of conduct

resulting in injury to all Class Members, including Plaintiff.  Neither Plaintiff nor other Class

Members received at least 60 days' notice or 60 days' wages and benefits, pursuant to the

requirements of the WARN Acts. (*See* Plaintiff's Declaration, attached hereto as Exhibit A).

As in *Cashman*, the class of former employees of Defendants have precisely the same

legal claims as Plaintiff, with the only difference affecting possible damages.[3] *Id*. at 92.

Accordingly, the commonality and typicality requirements of Rule 23 are satisfied here.

3.    Plaintiff Will Fairly and Adequately Protect the Interests of the Class.

Federal Rule of Civil Procedure 23(a)(4) provides that a class action is maintainable only

if "the Representative parties will fairly and adequately protect the interests of the class."  This

element requires a two-step analysis. First, the court must determine whether the named class

representatives have interests that "are free from conflicts of interest with the class they seek to

---

[3] The fact that class members suffered different damages is no bar to class certification. Where each member had different degrees of injury or even where defenses might exist only as to particular individuals, commonality has been found for class certification. See 1 *Newberg*, supra. Class action suits under the WARN Act almost always involve a class comprised of persons who held different positions, were paid different amounts and may have been terminated on different dates. *See*, *e.g.*, *Cashman v. Dolce International/Hartford*, 225 F.R.D. at 92, *Carpenters Dist. Council v. Dillard Dep't Stores*, 15 F.3d 1275 (5th Cir. 1994), *cert. denied*, 513 U.S. 1126 (1995); *Frymire v. Ampex Corp.*, 858 F. Supp. 1081 (D. Colo. 1994), *aff'd in part, rev'd in part*, 61 F.3d 757 (10th Cir. 1995), *cert. dismissed*, 517 U.S. 1182 (1996); *United Steelworkers v. North Star Steel Co.*, 809 F. Supp. 5 (M.D. Pa. 1992), *aff'd in part, vacated in part and remanded*, 5 F.3d 39 (3d Cir. 1993), *cert. denied*, 510 U.S. 1114 (1994); *Washington v. Aircap Indus., Inc.*, 831 F.Supp. 1292 (D.S.C. 1993).

represent. *Amchem Prods v. Windsor*, 521 U.S. 591, 625 (1997). Second, the court must find

that the class would be represented by qualified counsel. *Bourlas v. Davis Law Associates,* 237

F.R.D. 345, 352 (E.D.N.Y. 2006); *Marisol A. ex.rel. v. Guliani*, 126 F.3d 372, 378 (2d Cir.

1997); *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir. 1992); *Eisen v.

Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968), *cert. denied*, 417 U.S. 156 (1974).

The first element of Rule 23(a)(4) is met in this case because, as set forth above, no

divergence exists between the interests of the proposed Class Representative and the interests of

the Class as a whole; (*See also*, Plaintiff's Declaration, attached hereto as Exhibit A).

The second element of Rule 23(a)(4) is met because Plaintiff's counsel is "qualified,

experienced and generally able to conduct the proposed litigation." Putative Class Counsel, Jack

A. Raisner and René S. Roupinian of Outten & Golden LLP have "substantial experience in

prosecuting large scale class and collective actions on behalf of employees and, specifically,

WARN Act class actions such as this one." *Guippone v. BH S & B Holdings, LLC*, 09 CIV.

01029 CM, 2011 WL 5148650 (S.D.N.Y. Oct. 28, 2011).

Plaintiff's Counsel's background can be summarized as follows:

- Jack A. Raisner is a partner in the New York-based firm of Outten & Golden LLP, a member of the firm's Class Action Practice Group and co-chair of the firm's WARN Act Class Action Practice Group and has extensive experience litigating Plaintiff employment rights matters, with a focus on the prosecution of class action and impact litigation of WARN and wage and hour claims.

- René S. Roupinian is a partner of Outten & Golden LLP, co-chair of the firm's WARN Act Class Action Practice Group and a member of its Class Action Practice Group, and has represented tens of thousands of former employees in more than 100 WARN Act cases. (*See* Roupinian Declaration, attached hereto as Exhibit B).

11

Accordingly, the four prerequisites of Rule 23(a) for Class certification are met in this action.

      **B.**      **The Proposed Class Meets the Requirements of Rule 23(B)(3).**

Class Certification is proper under Rule 23(b)(3) where "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and … a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Ramos v. SimplexGrinnell LP,* 796 F.Supp.2d 346, 359 (E.D.N.Y. 2011). As a general matter, the "Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Wal-Mart Stores, Inc., v. Visa USA Inc. (In re Visa Check/MasterMoney Antitrust Litig.),* 280 F.3d 124, 136 (2d Cir. 2001).

Considerations of judicial economy and efficiency are of high importance and, where, as here, determination of the common, predominant issues shared by the Class Members will dispose of the matter, class certification should be ordered. *In re Sumitomo Copper Litig.,* 194 F.R.D. 480 (S.D.N.Y.2000); *In re PE Corp. Securities Litig.*, 228 F.R.D. 102, 110 (D. Conn. 2005) (efficiency and superiority requirement of Rule 23(b)(3) is satisfied where there is only one principal in the case).  A class action is the superior method of resolving this dispute because many of the claims are quite small, making individual lawsuits impracticable. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985); *Eisen v. Carlisle & Jacquelin*, 391 F.2d at 566-567.

In *In re Partsearch Technologies, Inc.,* 453 B.R. 84, 96 (Bankr. S.D.N.Y. 2011), the court certified a WARN class for settlement purposes finding, *inter alia*, predominance and commonality, stating,

>  The Settlement Class is suited to proceed as a class under Rule 23(b)(3). For the reasons previously discussed, questions of law or fact common to the Settlement Class predominate over questions affecting only individual members. The action involves 192 claimants who are asserting claims based on common facts and under the same legal theory. *See Taylor Bean & Whitaker,* 2010 WL 4025873, at

*8 ("[T]he Court finds that the predominant issue in this case clearly is whether [the debtor's] actions violated the WARN Act."). The Debtor even concedes in the Settlement that all of the Class Members were subject to the same circumstances surrounding their termination. (Settlement ¶ 2.) The Settlement Class is also superior to other methods of resolving the controversy because individually adjudicating each of these substantially similar claims would be impracticable and consume significant judicial resources. *See In re Amaranth Natural Gas Commodities Litig.,* 269 F.R.D. 366, 386 (S.D.N.Y.2010). Moreover, proceeding individually would likely be impractical for individual members because each holds a relatively small claim. In such circumstances, as with those before the Court, "the class action device is frequently superior to individual actions." *Seijas v. Republic of Argentina,* 606 F.3d 53, 58 (2d Cir.2010).

In addition to the above criteria, Fed. R. Civ. P. 23(b)(3) sets forth four factors to guide the court's determination as to whether a class action is superior and whether issues of fact and law common to class members predominate over individual matters.  They are:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

*Id.*; See *In re Partsearch Technologies, Inc.*, 453 B.R. at 97 (Bankr. S.D.N.Y. 2011)(finding "[t]he factors enumerated in Rule 23(b)(3)(A)-(D) also support certification.").

Here, similar to the WARN suit in *In re Partsearch*, neither Plaintiff nor any of the other class members have an interest in individually controlling the prosecution of separate actions. (*See* Plaintiff's Declaration). To Plaintiff's knowledge, no other litigation by former employees concerning this controversy has been commenced.  (*See* Plaintiff's Declaration).  Concentrating the WARN litigation in a class action will avoid multiple suits.  Finally, the difficulties in managing this litigation as a class action are few:  the Class Members can be easily identified; the potential liability of Defendants can be readily calculated; and there is only one combined course of conduct -- that of Defendants -- to examine and adjudicate. (*See* Plaintiff's

13

Declaration).  For the foregoing reasons, the Court should find that Plaintiff has satisfied the

criteria of Fed. R. Civ. P. 23(b)(3).

### III.    CLASS CLAIMS ARE PROPER IN BANKRUPTCY COURT EVEN WHEN THE PUTATIVE CLASS MEMBERS DID NOT FILE INDIVIDUAL CLAIMS.

Federal Rule of Bankruptcy Procedure 7023 unequivocally provides that class

actions shall be allowed in adversary proceedings: "Fed. R. Civ. P. 23 applies in adversary

proceedings." As required by Rule 7023, the courts have consistently recognized that Rule

23 class actions are allowed in adversary proceedings. *See, e.g., In re Quantegy, Inc.,* 343

B.R. 689, 693 (M.D. Ala. 2006)(certifying a WARN class where the motion for class

certification was filed after the bar date), *citing In re Charter Company*, 876 F.2d 866 (11th Cir.

1989); *In re Whitaker*, 882 F.2d 791, 793 n.1 (3d Cir. 1989); *In re Zenith Laboratories*, 104

B.R. 659, 664 (D.N.J. 1989); *In re Grosso*, 9 B.R. 815 (S.D.N.Y. Bankr. 1981). Here, since

Plaintiff brought an adversary proceeding that asserts a Rule 23 class claim, that claim must

be allowed, providing the requirements of Rule 23 for class certification are met.

In *In re Taylor Bean & Whitaker Mortgage Corp.*, the debtor opposed class

certification of a WARN suit and moved to dismiss the plaintiffs' adversary in favor of the

claims administration process.  In denying the motion and granting class certification, the

*Taylor Bean & Whitaker* Court noted,

> [T]he Court finds that a class action adversary proceeding to resolve these claims
> is appropriate and preferable to the claims procedure. Even if the Court dismissed
> the adversary proceeding, Plaintiffs filed a class proof of claim in this case on
> June 15, 2010, which the Court would have to address, as recognized by the
> Eleventh Circuit in *In re Charter Co.,* 876 F.2d 866, 873 (11th Cir.1989). TBW
> has expressed opposition to the WARN Act claims and likely will defend against
> them whether in the claims process or through this adversary proceeding. Given
> the size of the class involved, the Court finds that resolving the WARN Act
> claims collectively through a class action adversary proceeding will be more
> efficient than handling them in a piece-meal fashion through the claims process.

14

*In re Taylor Bean & Whitaker Mortgage Corp.*, 3:09-BK-07047-JAF, 2010 WL 4025873 (Bankr.

M.D. Fla. Sept. 27, 2010).   Plaintiff asserts this Court should reach the same conclusion.

There is ample precedent for class actions in bankruptcy courts in the specific context of

WARN Act litigation.  Consider, for instance, *In re Spring Ford Industries, Inc.*, 2004 WL

231010 (Bankr. E.D. Pa. Jan. 20, 2004).  The Court noted and followed "the overwhelming

majority view that [class] claims are permissible in a bankruptcy case."  *Id.*, at *2.  Recognizing

its discretion as to whether to allow the matter to proceed on behalf of the proposed class (*Id.*, at

*4), the Court in *Spring Ford* allowed the class claim to proceed.  *Id.*, at *10.

Indeed, another court reached the identical conclusion outside the WARN Act context,

and found the class action mechanism to be appropriate.  In *Kaiser*, the court explicitly rejected

the view expressed by some bankruptcy courts that class claims be limited to those filing proofs

of claim. *See e.g.*, *In re Sacred Heart Hospital of Norristown*, 177 B.R. 16 (Bankr. E.D. Pa.

1995). The Delaware bankruptcy court in *Kaiser* found that there was nothing unfair about

allowing a class to proceed where all class members had not filed individual proofs of claim. The

Court explained in *Kaiser*:

> The Defendants also argue that we should consider whether it is appropriate to
> give class members an opportunity to participate in the class if they did not file
> proofs of claim before the bar date. The Defendants argue this gives class
> members an extension of the time within which to file a claim. *See, e.g.*, *Sacred
> Heart*, 177 B.R. at 22. The Claimant, however, did file the class proof of claim
> before the bar date. If the class claim is certified, then the claims of all the
> members of the class are incorporated in the proof of claim that was timely filed.
> This is inherent in class actions. For example, the filing of a class action tolls the
> statute of limitations otherwise applicable to all class members in their individual
> capacities. *See, e.g., Bailey v. Sullivan*, 885 F.2d 52, 65 (3d Cir. 1989). The
> Defendants are not prejudiced by this, since the Defendants had notice of the
> existence of the class claim before the bar date.

*In re Kaiser Group Int'l*, 278 B.R. at 63-64.

In other words, the class action adversary proceeding here did what proofs of claim are supposed to do: it gave notice of the claim. Defendants (and other creditors) thereby got notice of this potential liability. Allowing that potential liability to be litigated in full did not create any unfair surprise, since the class proof of claim gave explicit notice of it. Moreover, as the court recognized in the just-quoted passage of *Kaiser*, the law in fact *protects* the right of absent class members to rely on the filing of a class action on their behalf. That is, "the filing of a class action tolls the statute of limitations otherwise applicable to all class members in their individual capacities." *Id*. The very same principles, as applied to the bankruptcy context, show that a member of a putative class is well entitled to rely on the filing of a class claim to protect his or her rights, and that such a member should not have to file an individual claim as well.

*In re First Alliance Mortgage Corp.*, 269 B.R. 428, 444 (D. C.D. Cal. 2001), provides additional support for the propriety of WARN claims filed by the Plaintiffs on behalf of similarly situated putative class members. The *First Alliance* Court held that the filing of a class action in bankruptcy, by an individual on behalf of similarly situated individuals, serves as a timely filed claim on behalf of all other class members. *Id*. at 445, n 16.

Finally, five Circuit Courts have held that the Bankruptcy Code allows a plaintiff to file a class claim on behalf of others who do not file claims themselves. *Reid v. White Motor Corp.*, 886 F.2d 1462, 1469 (6th Cir. 1989)(noting that the "more equitable resolution" is to permit class claims in bankruptcy proceedings*); Gentry v. Siegel*, 668 F.3d 83, 91 (4th Cir. 2012)(bankruptcy rules permit filing class proofs of claim); *Birting Fisheries, Inc. v. Lane*, 92 F.3d 939, 940 (9th Cir. 1996) ("*[W]e conclude that the bankruptcy code should be construed to allow class claims*," noting that *"[t]hree circuits have previously considered this question and all have construed the code as we do*.") (*emphasis added*), *citing Reid*; *In re Charter Co.*, 876 F.2d 866 (11th Cir. 1989);

16

and *American Reserve Corp.*, 840 F.2d 487, 493 (7th Cir. 1988); *see also In re First Alliance Mortgage Corp.*, 269 B.R. 428, 444 (C. D. Cal. 2001). The First Circuit's Bankruptcy Appellate Panel is in accord (*In re Trebol Motors Distributor Corp.*, 220 B.R. 500 (B.A.P. 1st Cir. 1998)) as are district courts in the Third and Tenth Circuits. *In re Zenith Laboratories, Inc.* at 662; *In re Amdura Corporation*, 170 B.R. 445, 450 (D. Col. 1994)(holding that class claims are permissible in bankruptcy court and remanding to the bankruptcy court to decide whether the elements of Bankruptcy Rule 7023 were met); *In re Kaiser Group International, Inc.*, 278 B.R. at 62 ("The vast majority of courts conclude that class proofs of claim are permissible in a bankruptcy proceeding.")(citations omitted); *In re United Companies Financial Corporation*, 277 B.R. 596, 600 (Bankr. D.Del. 2002) (same); *In re First Interregional Equity Corp.*, 227 B.R. 358 (Bankr. D. N.J. 1998) (same). The courts in the Southern District of New York have followed the principle that a creditor may file a proof of claim not only for himself but also on behalf of all other creditors similarly situated. *In re Ephedra Products Liab. Litig.*, 329 B.R. 1, 4 (S.D.N.Y. 2005)(collecting cases).

The explicit holding of all of these courts -- that a Rule 23 class claim is allowed in bankruptcy -- is also compelled by the policies underlying bankruptcy law. It is well established that "[t]he principal function of Bankruptcy Law is to determine and implement in a single collective proceeding the entitlements of all concerned." *American Reserve*, 840 F.2d at 489. It is equally clear that the "Congressional goal" underlying the present Bankruptcy Code was to provide "that all legal obligations of the Defendants, no matter how remote or contingent, will be able to be dealt with in bankruptcy court so as to permit the broadest possible relief in the bankruptcy court." *Charter*, 876 F.2d at 870. Imposing limitations on the right to file a class claim would undermine these policies. Recognizing the underlying policy reasons for granting

17

class certification to holders of small claims, such as holders of WARN claims, the *Taylor Bean & Whitaker* Court held,

> The Court also believes that an adversary proceeding is necessary to protect the employees' rights, given the relatively small nature of their individual claims and the concern as expressed by the Eleventh Circuit in *In re Charter Co.,* 876 F.2d at 877, that persons holding small claims may not prosecute their claims absent class procedures.

*Id.*, at *4.

Accordingly, the law is clear that Rule 23 class certification applies to adversary proceedings and that a class should be allowed when the requirements of Rule 23 are met. Since the requirements of Rule 23 have all been met and, absent class certification the employees who comprise the putative class would not prosecute their claims, class certification should be granted.

## IV.    THIS COURT SHOULD APPOINT THE UNDERSIGNED CLASS COUNSEL.

As shown in the Roupinian Declaration, Plaintiff's counsel is qualified and has been actively and diligently prosecuting this action. Further, as stated in the Roupinian Declaration, Plaintiff is being represented by attorneys who are highly experienced in class action litigation and experienced in prosecuting claims under the WARN Act, having been appointed Class Counsel in over 100 WARN class actions (*See* Roupinian Declaration).

## V.    APPOINTMENT OF THE CLASS REPRESENTATIVE.

Plaintiff's counsel requests Vittoria Conn be appointed the Class Representative. The Plaintiff has been diligent in pursuing the Class claim and has worked with counsel in initiating and prosecuting the action. She has no conflict of interest with other Class Members; and has and will fairly and adequately represent the interests of the Class (*See* Plaintiff's Declaration).

For these reasons, Plaintiff's counsel asks that Plaintiff Vittoria Conn be appointed Class Representative.

**VI.**    **THE FORM AND MANNER OF SERVICE OF NOTICE.**

Plaintiff further submits that service of the proposed Notice of Class Action by First Class Mail, postage prepaid, to each member of the Class at the member's last known address as shown in the Defendant's records, is the best notice practicable under all the circumstances (attached hereto as Exhibit F).

Fed. R. Civ. P. 23(c)(2)(B) mandates that for any class certified under Rule 23(b)(3), the Court must determine the best notice practicable under the circumstances, including individual notice to potential class members and that the notice must concisely and clearly state in plain, easily understood language:

- the nature of the action,
- the definition of the class certified,
- the class claims, issues or defenses,
- that a class member may enter an appearance through counsel if the member so desired,
- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
- the binding effect of a class judgment on class members under Rule 23(c)(3).

Rule 23(c)(2)(B).  *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1983); *Zimmer Paper Prods., Inc. v. Berger & Montague, P.C.*, 750 F.2d 86, 90 (3d Cir. 1985).

Although no rigid standards govern the contents of notice to Class Members, the notice must "fairly apprise the prospective members of the Class of the [proceedings] and of the options that are open to them in connection with [the] proceedings." *Weinberger v. Kendrick*, 698 F.2d at 70; *Grunin v. International House of Pancakes*, 513 F.2d 114, 122 (8th Cir.), *cert. denied*, 423 U.S. 864, 96 S. Ct. 124 (1975), *quoting, Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 378 (E.D. Pa. 1970), *aff'd sub nom, Ace Heating &*

19

*Plumbing Co. v. Crane Co*., 453 F.2d 30 (3rd Cir.1971).  Individual mailings to each Class

Member's last known address is appropriate. *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F.

Supp. 2d 140, 153 (D. Conn. 2005); *Weinberger v. Kendrick*, 698 F.2d at 71; *Steiner v. Equimark

Corp*., 96 F.R.D. 603, 614 (W.D. Pa. 1983); *Trist v. First Federal Saving & Loan Association*,

89 F.R.D. 1, 2 (E.D. Pa.1980).

Here, the contents of the proposed Notice are sufficient. The Notice summarizes the

nature of the pending WARN Act litigation and apprises the proposed Class, among other

things, of the Class definition, of the claims, issues and defenses, that complete information

regarding the action is available upon request from Class Counsel, that any Class Member may

opt-out of the Class, that if they do not opt-out, they will be bound by any judgment or

settlement in the litigation and that if they do not opt-out, they may appear by their own counsel.

In short, the proposed Notice satisfies all the requirements of Rule 23(c)(2)(B).

The names and addresses of all the putative Class Members are contained in

Defendants' records.  Once that information is provided to Plaintiff, Plaintiff's counsel will mail

the Notice of Class Action by first class mail, postage prepaid to the last known address of each

of the putative Class Members allowing at least 30 days from the date of the mailing for each

Class Member to object to Class certification or to opt-out of the Class.  Plainly, this is the best

practicable notice under the circumstances.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court enter the

proposed Order, attached hereto as Exhibit G, granting Plaintiff's Motion in all respects.

Dated: December 7, 2012

By:     /s/ René S. Roupinian

20

Jack A. Raisner
René S. Roupinian
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

*Attorneys for Plaintiff and the Putative Class*