# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DEWEY & LEBOEUF LLP,<br><br>                 Debtor,<br><br>VITTORIA CONN on behalf of herself and all others similarly situated,<br><br>                 Plaintiff,<br>v.<br><br>DEWEY & LEBOEUF LLP.<br><br>                 Defendant. | Case No. 12-12321-MG<br>Chapter 11<br><br><br><br>Adv. Pro. No. 12-01672 (MG) |

**DECLARATION OF VITTORIA CONN IN SUPPORT OF PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF**

I, Vittoria Conn, declare as follows under penalty of perjury:

    1.    I am a former employee of Defendant and the named Plaintiff in the above captioned class action suit for damages against Defendant to recover 60 days' pay and benefits under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, New York Worker Adjustment and Retraining Notification Act ("NY WARN Act"), New York Labor Law ("NYLL") § 860 *et seq.*, and the California Labor Code § 1400 *et seq.* ("CAL WARN Act") (collectively with federal and New York statutes, the "WARN Acts").

    2.    I submit this declaration in support of Plaintiff's Motion for Class Certification and Related Relief in the above action.

    3.    I was employed by Defendant from approximately December 13, 1999 to

May 11, 2012.

4. At the time of my termination I worked at Defendant's facility located at 1301 Avenue of the America, New York, New York (the "New York Facility") as a document specialist, and was earning an annual salary of approximately $57,100.00 as a full time employee.

5. On or about May 11, 2012, Defendant terminated my employment and the employment of the other similarly situated former employees.

6. I did not receive 60 days' written notice pursuant to the WARN Act, or 90 days' written notice pursuant to the NY WARN Act, nor, to the best of my knowledge, did any of the other former employees of Defendant who were terminated on or about that date. I believe that my WARN rights, as well as the WARN rights of the other employees of Defendant whose employment was terminated beginning on or about May 11, 2012, were violated.

7. At the time I was terminated, approximately 350 employees at the New York Facility were also terminated. Although I do not know the precise number of employees terminated at the New York Facility, I believe such information is contained in Defendant's records.

8. I have not received, nor, to the best of my knowledge, have any of the other former employees of Defendant received any payments under the WARN Acts.

9. Following my termination, I retained the legal services of Outten & Golden LLP as my counsel to assert WARN claims on my behalf as well as a class claim on behalf of the other employees of Defendant who were terminated as part of, or as the foreseeable result of, the plant closings that Defendant ordered and carried out beginning on or about May 11, 2012.

10. Because the circumstances of my termination are the same as those of the other former employees of Defendant who were terminated beginning on or about May 11, 2012, the factual and legal issues bearing on my WARN claim and the WARN claims of the other class members (except for damages) are the same.

11. I am eager and willing to prosecute this action on behalf of the other former employees of Defendant who were terminated beginning on or about May 11, 2012. I have actively assisted and will continue to actively assist my counsel in the prosecution of this action. I have no conflict of interest with other class members.

12. My claim against Defendant under the WARN Acts for 60 days' pay equals $9,386.30, not including benefits. The small size of my claim, my financial situation and the costs of attorneys' fees left me unable to pursue this claim as a sole litigant. I believe that the other former employees of the Defendant who were terminated beginning on or about May 11, 2012 are similarly situated and unable to pursue their rights under the WARN Acts except through a class action. To my knowledge, there is no other litigation which involves the WARN rights of the former employees of the Defendant.

13. Outten & Golden LLP has been vigorously prosecuting this action. I believe the firm is well-qualified to serve as class counsel.

14. In view of the foregoing, I request that Plaintiff's Motion for Class Certification and Related Relief be granted.

15. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on November ___, 2012

_____
Vittoria Conn

3