# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DEWEY & LEBOEUF LLP,<br><br>                    Debtor,<br><br>VITTORIA CONN on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br>v.<br><br>DEWEY & LEBOEUF LLP.<br><br>                  Defendant. | Case No. 12-12321-MG<br>Chapter 11<br><br><br>Adv. Pro. No. 12-01672 (MG) |

**DECLARATION IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF**

René S. Roupinian hereby declares the following under penalty of perjury:

      1.      I am a partner of Outten & Golden LLP, the law firm that represents the Plaintiff in the above-captioned action, a former employee of Defendant Dewey & LeBoeuf LLP ("Defendant") who was terminated without cause from her employment at Defendant's headquarters facility at 1301 Avenue of the Americas, New York, New York (the "New York Facility").

      2.      This declaration is submitted in support of the Plaintiff's Motion for an order (a) certifying a class, pursuant to the Federal Rules of Civil Procedure 23, comprised of former employees of the Defendant who (i) worked at or reported to Defendant's New York, California and Washington DC facilities (collectively the "Facilities") and were terminated without cause on or about May 11, 2012 or within 30 days of that date, as the reasonably

foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about May 11, 2012, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), the New York Labor Law, § 860 *et seq.*, and the California Labor Code §§ 1400 *et seq.* (collectively the "WARN Acts" ), and (ii) who have not filed a timely request to opt-out of the class, (b) appointing Outten & Golden LLP as Class Counsel, (c) appointing Plaintiff Vittoria Conn as Class Representative, (d) approving the form and manner of Notice to the Class of this class action, and (e) granting such other and further relief as this Court may deem proper.

## BACKGROUND

3.Defendant was a global law firm with offices located among other places, in New York, California and Washington DC.

4.Until its bankruptcy filing in this Court on May 28, 2012, Defendant's corporate headquarters was located at 1301 Avenue of the Americas, New York, New York.

5.Plaintiff worked at the corporate headquarters until her termination on May 11, 2012.

6.Within 30 days of that date, Defendant also terminated about 550 employees at its Facilities who would come within the proposed class definition.

## THE COMPLAINT

7.On May 29, 2012, Plaintiff filed her Complaint (the "Complaint") in this Court.

8.The Complaint alleges a Rule 23 class claim arising from Defendant's violation of the WARN Act**.** (Complaint ¶ 13). The Complaint alleges that Defendant employed more than 100 employees who worked at least 4,000 hours per week; and that

Defendant effected "mass layoffs" or "plant closings" at Defendant's facilities that resulted in the loss of employment for at least 50 employees (25 under New York's WARN Act) and at least 33% of the employees at Defendant's Facilities, excluding part-time employees, as defined by the WARN Act. (Complaint ¶¶ 24, 27-29).

9.  The Complaint further alleges that Plaintiff and the other similarly situated former employees were terminated on or about May 11, 2012 and thereafter, worked at Defendant's New York, California and Washington, DC Facilities and were discharged without cause; that all of these former employees, as well as other employees who suffered a loss of employment as the reasonably foreseeable consequence of the mass layoffs or plant closing are "affected employees," as defined by 29 U.S.C. §2101(a)(5) (the "WARN Act"); that these former employees did not receive from Defendant 60 days' advance written notice as required by the WARN Act; and that Defendant failed to pay them wages and fringe benefits, as required by the WARN Act (Complaint ¶¶ 10, 14, 31-33, 35).

10. The Complaint further alleges a violation of the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") § 860 *et seq.*, for Defendant's employees who worked at Facilities in New York and who were terminated within 30 days of February 11, 2012 and did not receive 90 days' written notice of their terminations. (*See* Complaint ¶¶ 22-31).

11. The Complaint further alleges a violation of the California Labor Code § 1401 ("CAL WARN Act") for Defendant's employees who worked at Defendant's Los Angeles, California Facility and were terminated without cause on or about May 11, 2012, and within thirty (30) days of that date and thereafter (the "CAL WARN Class"). (*See* Complaint ¶¶ 22-31).

12. The Complaint further alleges that the questions of law and fact common

3

to the class members predominate over any questions affecting only individual members; that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; particularly in the context of WARN Act litigation, where an individual Plaintiff and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. (Complaint ¶¶ 20-21).

        13.     The Complaint further alleges that the proposed class meets the requirements of Federal Rule of Civil Procedure 23 and that there are common questions of law and fact that are applicable to all members of the Class; that the Class is so numerous as to render joinder of all members impracticable; that Plaintiff's claims are typical of the claims of the other Class Members; that Plaintiff will fairly and adequately protect and represent the interests of the Class; that Plaintiff has the time and the resources to prosecute this action; and that she has retained counsel who have extensive experience in matters involving federal employment class actions and the WARN Act. (Complaint ¶¶ 14, 17-19).

        14.     The Complaint further alleges that the questions of law and fact common to the class members predominate over any questions affecting only individual members; that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; particularly in the context of WARN Act litigation, where an individual Plaintiff and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant. (Complaint ¶¶ 20-21).

## **THE PROPOSED CLASS**

        15.     The proposed Class consists of the Plaintiff and an estimated 550 other former employees of Defendant who were terminated without cause on May 11, 2012, or within 30

4

days of May 11, 2012, as part of, in anticipation of, or as the reasonably foreseeable consequence of the mass layoffs and/or plant closings at the Defendant's Facilities, and who have not filed a timely request to opt-out of the class. The proposed Class definition is as follows:

> Persons (i) who worked at or reported to Defendant's New York, California and Washington DC Facilities and were terminated without cause on or about May 11, 2012 or within 30 days of that date, as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about May 11, 2012, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), the New York Labor Law § 860 *et seq.*, and the California Labor Code §§ 1400 *et seq.* (collectively the "WARN Acts" ), and (ii) who have not filed a timely request to opt-out of the class.

12.     As is more fully discussed in the accompanying brief, the proposed class satisfies all the requirements of Fed.R.Civ. P. 23(a) and 23(b)(3) for class certification: the proposed Class is numerous; questions of law and fact are common to all members of the class; the Plaintiff's claim is typical of the claims of the Class; the Plaintiff will fairly and adequately protect the interests of the Class; the questions of law and fact common to the class members predominate over any questions affecting individual members; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## THE SUITABILITY OF THE PLAINTIFF TO ACT AS CLASS REPRESENTATIVE

13.     As shown by the accompanying Declaration of Vittoria Conn, the Plaintiff was employed by Defendant and was terminated without cause during the relevant period. Plaintiff has no conflict of interest with other class members and has and will diligently prosecute this action and represent the interests of the Class.

## THE DILIGENT PROSECUTION OF THE ACTION

14. Plaintiff, both through her counsel and otherwise, has diligently prosecuted this action. Following their retention, counsel promptly investigated the facts, researched the law and otherwise evaluated the potential WARN claim of the Plaintiff and the other employees terminated by Defendant. Having concluded that a WARN violation had occurred, counsel then prepared and served the Complaint asserting a class claim under the WARN Act against Defendant. Proposed class counsel prepared and filed the instant motion. Plaintiff's counsel has actively litigated this case and will continue to do so.

## THE SUITABILITY
## OF PLAINTIFF'S COUNSEL TO ACT AS CLASS COUNSEL

### WARN Practice Group, Outten & Golden LLP

15. Jack A. Raisner and I are Co-Chairs of the WARN Act Practice Group of Outten & Golden LLP ("O&G"), the nation's largest law firm devoted solely to the rights of employees.[1] We are plaintiffs' counsel in over 55 WARN certified or putative class actions currently in litigation or settlement, including: *Jackson v. Qimonda* NA, 09-50192 (Bankr. D. Del. 2009)(settled on behalf of a certified class of over 1,200 employees for up to $35 million); *Thielmann, et al., v. MF Global Holdings Ltd., et al.,* 11-02880 (Bankr. S.D.N.Y. 2011) (appointed interim class counsel of a putative class of approximately 1000 employees); *Willock v. Pemco World Air Services, Inc.*, 12-50799-MFW (Bankr. D. Del. 2012) (filed an adversary complaint on behalf of a putative class of approximately 500 terminated employees); *Curry v. Caritas Health Care Inc.*, 09-40901 (Bankr. E.D.N.Y. 2009)(settled on behalf of a certified

---

[1] O&G is a 30-attorney firm based in New York City. It focuses on representing plaintiffs with a wide variety of employment claims, including claims of individual and class-wide violations of wage and hour laws, WARN Act violations, discrimination and harassment based on sex, race, disability, or age, as well as retaliation, whistleblower, and contract claims.

class of 800 employees for $2.65 million); *Guippone v. BH S&B Holdings LLC* 09 CIV. 1029 CM, 2011 (S.D.N.Y. 2011); *Callahan v. Taylor Bean & Whitaker Mortgage Corp.,* 09-00439 (Bankr. M.D. Fl. 2009) (settled on behalf of a certified class of 3,000 for $15 million); *Rasheed v. American Home Mortgage Corp.*, Case No. 07-51688 (Bankr. D. Del. 2007) (settled on behalf of a certified class of 2,300 for $6.5 million); *Mochnal v. Eos Airlines, Inc*., Case No. 08-08279 (Bankr. S.D.N.Y. 2008)(settled on behalf of a certified class of over 300 for approximately $1.7 million); *Mekonnen v. HomeBanc Mortgage Corporation*, Case No. 07-51695 (Bankr. D. Del. 2007) (certified class of over 400); *Updike v. Kitty Hawk Cargo, Inc.*, Case No. 07-04179 (Bankr. N.D. Tex. 2007) (settled on behalf of a certified class of 392 for $1.2 million); *Aguiar v. Quaker Fabric Corporation*, Case No. 07-51716 (Bankr. D. Del. 2007) (settled on behalf of a certified class of 900 for $1 million); *Jones v. Alliance Bancorp,* Case No. 07-51799 (Bankr. D. Del. 2007)(settled on behalf of a certified class of 196 for $1 million); *Binford v. First Magnus Capital, Inc.*, Case No. 08-01494 (Bankr. D. Ariz. 2008)(settled on behalf of a class of approximately 1,400 for $3.725 million); *Bridges v. ContinentalAFA Dispensing Co.,* Case No. 08-45921 (Bankr. E.D. Mo. 2008) (settled on behalf of a class of about 500 for $1.5 million); *Bressmer v. Delta Financial Corporation,* Case No. 07-51808 (Bankr. D. Del. 2007)(settled on behalf of a class of 632 for $2.525 million); *Johnson v. First NLC Financial Services, LLC,* Case No. 08-01130 (Bankr. S.D. Fla. 2008)(settled on behalf of a class of about 200 for $400,000); *Czyzewski v. Jevic Transportation, Inc.,* Case No. 08-50662 (Bankr. D. Del. 2008)(certified class of approximately 1,800 employees); *Austen v. Archway Cookies,* Case No. 08-12323 (Bankr. D. Del. 2008)(settled on behalf of a certified class of about 600 employees for $4 million); *Clayton v. Continental Promotion Group Inc*., Bankr. Case No. 08-18112 (Bankr. M.D. Fla. 2008)(certified class of approximately 175 employees); *Mofield v.*

*FNX Mining Company USA Inc.*, Case No. 08-00105 (M.D. Tenn. 2008) (settled on behalf of a class of about 230 for $975,000); *Bent v. ABMD, Limited,* 09-3367 (Bankr. S.D. Ohio 2009)(settled on behalf of a certified class of 250 for $303,000)*; Varela v. Eclipse Aviation Corporation*, 08-13031 (Bankr. D. Del. 2009); *Iannacone v. Fortunoff Holdings Inc.,* 09-22581 (Bankr. S.D.N.Y. 2009)(settled on behalf of a class of 360 against the trustee for up to $1.33 million); *Ross v Mid-States Express, Inc*., 09-10818 (Bankr. N.D. Ill. 2009); *Sullivan v. GRA Liguidation, Inc.,* 09-51620 (Bankr. D. Del. 2009); *Decuir v. WL Homes LLC*, 09-52270 (Bankr. D. Del. 2009) (certified class of approximately 85 employees); *Matzen v. Corwood Laboratories, Inc.,* 10-08003 (Bankr. E.D. N.Y. 2010) (settled on behalf of a certified class of 163 employees for $500,000); *Decker v. Data Listing Services, LLC,* Case No. 11-06373 (Dist. W.D.N.Y 2011) (certified class of approximately 130 employees); *Watson v. TSC Global, LLC,* 12-50119 (Bankr. D. Del. 2012)(filed an adversary complaint on behalf of a class of approximately 500); *Sanchez v. AFA Foods, Inc*., 12-50710 (Bankr. D. Del 2012) (class of approximately 350); *Kotulak v. Peregrine Financial Group,* Inc., 12-01088 (Bankr. N.D. Ill 2012); *Dill v. SFI Holding, LLC*, 12-00525 (Dist. S.D.OH 2012) (filed suit on behalf of a putative class of approximately 200 employees); *Ward v. CQMS Razer (USA), LLC,* 12-01003 (Bankr. W.D. La 2012) (settled on behalf of a certified class of 165 employees for $650,000); *Hodges v. Emivest Aerospace Corp*., 10-55506-MFW (Bankr. D. Del. 2010) filed an adversary complaint on behalf of a putative class of about 90); *Jones v. CB Holding Corp.,* 10-55437-MFW (Bankr. D. Del. 2010)(filed an adversary complaint on behalf of a putative class of about 400); *Kohlstadt v. Solyndra LLC* Adv. Pro. 11-53155-MFW (Bankr. D. Del. 2011)(settled on behalf of a certified class of about 1000 employees for $3.5 million); and *Belote v. Rivet Software Inc*., 12-2792 (Dist. Colo 2012)(filed suit on behalf of a putative class of

8

approximately125 employees).

**Jack A. Raisner**

16.     Jack A. Raisner is a partner at O&G and a member of its Class Action Practice Group and Co-Chair of its WARN Act Class Action Practice Group.  Mr. Raisner represents employees in wage and hour, discrimination and WARN class actions.  He has successfully concluded and is currently prosecuting numerous WARN Act class action claims. He has prosecuted as lead counsel numerous wage and hour class action cases to successful conclusions, including *Dorfman v. United Parcel Service,* No. 06 CV 00703 (E.D.N.Y.); *Levy v. Verizon Information Services,* 06-CV-1583 (NG)(SMG); *Hernandez v. The Home Depot Inc.*, No. CV-05 3433 (E.D.N.Y.); *Day v. Control Associates,* No. 04 CV-07125 (S.D.N.Y); *Clark v. JP Morgan Chase & Co*. No. 04601519 (NY Sup. Ct., NY Cty); *Fouyolle v. JP Morgan Chase & Co.*, No. 04-2219 (S.D. Tex.); *Wilson Cole v. Global Financial Services of Nevada*, 05 Civ. 10011 (S.D.N.Y); *Lamons v. Target Corporation*, CV 04-0260 (E.D.N.Y); *Westerfield v. Washingtion Mutual Bank*, 06 Civ. 2817 (E.D.N.Y.); *Fei v. WestLB*, 07 Civ. 8785 (S.D.N.Y.); *Smith v. Citigroup*, 07 Civ. 1791(E.D.N.Y.); *English v. Ecolab, Inc.*, 06 Civ. 5672 (S.D.N.Y.); and *Boal v. Premium Capital Funding LLC d/b/a Topdot Mortgage*, CV 07-698 (E.D.N.Y.).

17.     Mr. Raisner is a tenured full Professor of Law, Tobin College of Business, St. John's University.  He is the author of *Pregnancy Discrimination and Parental Leave* (Aspen 2000), update editor of the two-volume treatise, *Representing Plaintiffs in Title VII Actions* (Aspen 2006), and numerous articles and legal texts encompassing an extensive range of issues. He is a contributing author of chapters in leading legal treatises, including *Employee Rights Litigation, Disability Discrimination in the Workplace, New York Employment Law, Employment Litigation in New York, West's General Practice in New York*, and

9

*International Labor and Employment Laws*. He is a member of the National Employment Lawyers Association (NELA) and has spoken on attorney ethics at its national conferences on wage and hour litigation. He is a member of the American Bar Association, Section of Labor and Employment Law, Fair Labor Standards subcommittee where, since 2006, he has delivered the annual conference presentation concerning attorneys' ethics in wage and hour class actions. His articles have appeared in various legal journals and publications, including the New York Law Journal and the New York State Bar Association Labor and Employment Newsletter. Mr. Raisner received his B.S. degree from Boston University in 1978 and his J.D. from Benjamin N. Cardozo School of Law in 1983. He is admitted to the New York bar.

18. In May 2008, Mr. Raisner submitted testimony from the litigator's perspective on the need for WARN Act reform at the invitation of Senator Edward Kennedy, Chairman of the Senate Health Education Labor and Pensions (HELP) Committee of the U.S. Senate upon the occasion of the Committee's hearing on the 20th Anniversary of the WARN Act, at which Outten & Golden's client, Joe Aguiar, testified regarding his class action against Quaker Fabrics, which resulted in a $1 million settlement in the U.S. Bankruptcy Court, District of Delaware.

**René S. Roupinian**

19. I am a partner at O&G and co-chair of the firm's WARN Act Class Action Practice Group and actively litigate cases on behalf of employees under the WARN Act. Since 2002 I have devoted 100% of my practice to the litigation of WARN cases. I have served as counsel in more than 100 WARN class actions, representing tens of thousands of employees. Those cases, in addition to the ones mentioned in paragraph 15 above, include: *Law v. American Capital Strategies Ltd.*, Case No. 05-00836 (M.D. Tenn. 2005); *Bandel v. L.F. Brands*

*Marketing, Inc.*, Case No. 04-CV-01672 (S.D.N.Y. 2004); *Walsh v. Consolidated Freightways Corporation*, Case No. 03-01074 MG (Bankr. C.D. Cal. 2003); *Gardner v. Pillowtex Corporation*, Case No. 03-60213 (Bankr. D. Del. 2003); *Baker v. National Machinery Company*, Case No. 02-07444 (N.D. Ohio 2002); *Ruggier* v. *Teligent, Inc.,* 03-04871 (S.D.N.Y. 2003); *Trout v. Transcom USA, Inc.*, 03-00537 (S.D. Ind. 2003); *Barajas v. Gonzalez Inc.*, Case No. 02-15508 (Bankr. D. Ariz. 2002); *Scott v. Greenwood Mills. Inc.*, Case No. 02-00221 (D.S.C. 2002); *D'Andreis v. Thomaston Mills, Inc.*, Case No. 01-05142 (Bankr. M.D. Ga. 2001); *Ballentine v. Triad International Maintenance Corporation*, Case No. 01-10357 (E.D. Mich. 2001); *Andrews v. Pliant Systems Inc.*, Case No. 01-00065 (Bankr. E.D.N.C. 2001); and *Michael Cain v. Inacom Corp.*, 00-01724 (Bankr. D. Del. 2000).

21. I have been invited to speak on WARN by the American Bar Association, the New York State Bar Association, the National Employment Lawyers Association, the Midwest Regional Bankruptcy Seminar and other organizations, and most recently presented for the American Bar Association's program *The Last Resort: What Labor & Employment Lawyers Need to Know About Bankruptcy*. I have been quoted on WARN law rights and the firm's cases have been cited in such publications as the Wall Street Journal, the New York Times, American Lawyer, Associated Press, USA Today, Forbes, Newsday, Times-Gazette, The Herald News, and others. I am an active member in several bar associations, including the New York City Bar, the National Employment Lawyers Association (NELA), and the Armenian-American Bar Association.

22. In May 2008, I together with Jack A. Raisner and the firm's client, Joe Aguiar, submitted testimony to the Senate Health Education Labor and Pensions (HELP) Committee of the U.S. Senate upon invitation from the Committee's Chair, Senator Edward

Kennedy, on the occasion of the 20th Anniversary of the WARN Act. My testimony highlighted from a litigator's perspective, the deficiencies in the Act and its need for reform.

23. I received my BA from the University of Michigan in 1989, and my JD in 1994 from Michigan State University College of Law. Prior to 2002, I was a partner in a Detroit law firm where I litigated individual employment claims and class actions on behalf of homeowners, consumers and taxpayers. I have argued before the Michigan Court of Appeals and the Michigan Supreme Court and am a member of the bars of both New York and Michigan.

24. I submit that Plaintiff's counsel is well-suited to serve as class counsel, we have no conflict of interest, and, as shown above, have diligently prosecuted this action and should be appointed Class Counsel.

### THE FORM AND MANNER OF NOTICE TO THE CLASS

25. As shown by the accompanying brief, the Proposed Notice to the class satisfies the requirements for such a notice. The Notice fairly apprizes the class members of the nature of the action, of their right to opt-out of the class, and of the effect of their failure to opt-out, namely, that they will be bound by the outcome of the litigation (attached to MOL as Exhibit F).

26. The motion seeks approval of service of the Proposed Notice by First Class Mail sent to the address of each class member shown in the records of the Defendant. As discussed in the accompanying brief, service in this manner is proper.

### CONCLUSION

27. In view of the foregoing, the annexed exhibits, the accompanying Motion and the accompanying declaration of Plaintiff Vittoria Conn in support of her motion, this Court should enter the attached Order certifying a class of persons (i) who worked at or reported to

Defendant's New York, California and Washington DC facilities and were terminated without cause on or about May 11, 2012 or within 30 days of that date, as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about May 11, 2012, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) and the New York Labor Law, § 860 *et seq*., and the California Labor Code §§ 1400 *et seq.* (collectively the "WARN Acts" ), and (ii) who have not filed a timely request to opt-out of the class, (b) appointing Outten & Golden LLP as Class Counsel, (c) appointing Plaintiff Vittoria Conn as Class Representative, (d) approving the form and manner of Notice to the Class of this class action, and (e) granting such other and further relief as this Court may deem proper.

Dated: December 7, 2012

                                                     /s/ René S. Roupinian
                                                     RENÉ S. ROUPINIAN