# Exhibit D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

EOS AIRLINES, INC.,                                             Chapter 11
                                                                Case No. 08-22581 (ASH)
        Debtor.

----------------------------------------------------------X
PETER MOCHNAL,

        Plaintiff,

        v.                                              ADV. PRO. 08-08279 (ASH)

EOS AIRLINES, INC.,

        Defendant.
----------------------------------------------------------X

**ORDER GRANTING JOINT MOTION FOR AN ORDER (I) CERTIFYING WARN ACT CLASS; (II) APPOINTING CLASS REPRESENTATIVE AND CLASS COUNSEL; (III) PRELIMINARILY APPROVING SETTLEMENT AGREEMENT RESOLVING WARN ACT CLAIMS; (IV) APPROVING THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF THE PROPOSED SETTLEMENT; AND (V) SCHEDULING A FINAL FAIRNESS HEARING FOR APPROVAL OF THE SETTLEMENT**

Upon the *Joint Motion for (A) an Order (I) Certifying WARN Act Class; (II) Appointing Class Representative and Class Counsel; (III) Preliminarily Approving Settlement Agreement Resolving WARN Act Claims; (IV) Approving the Form and Manner of Notice to Class Members of Proposed Settlement; and (V) Scheduling a Final Fairness Hearing for Approval of the Settlement; and (B) An Order Finally Approving the Settlement Including Class Counsel's Request for Fees and Costs Following the Fairness Hearing* (the "Motion") submitted by the Plaintiff,[1] the Debtor and the Committee; and the Court having considered the Motion, the arguments of counsel and

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the Motion.

any opposition thereto; and the Court having found that proper notice of the Motion has been given and that no other future notice is required, except as set forth herein; and that the relief requested in the Motion is appropriate to resolve the significant and complex issues raised by this litigation and to avoid the burden, uncertainty, delay, expense and distraction of litigation;

IT IS HEREBY ORDERED THAT:

1. The Class is certified and shall be comprised of: (a) all former United States-based employees of the Debtor terminated on, or during the thirty (30) days prior to, April 26, 2008, *excluding* all former employees that voluntarily terminated their employment and all former employees terminated for cause; (b) all former United States-based employees of the Debtor terminated after April 26, 2008 *excluding* all former employees that executed a General Release (each a "Release" and together the "Releases") in favor of the Debtor in connection with the receipt of payments under the Debtor's non-insider incentive program approved by the Bankruptcy Court on May 13, 2008 [Doc. 71].

2. Plaintiff is appointed as Class Representative pursuant to Federal Rule of Civil Procedure ("Civil Rule") 23, as implemented through Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7023.

3. Outten & Golden, LLP, is appointed Class Counsel pursuant to Civil Rule 23(c)(1)(B).

4. The Settlement, as described in the Agreement, is preliminarily approved, subject to final approval at the Fairness Hearing.

5. The Notice of Proposed Settlement of Class Action and Fairness Hearing

to the Class Members (the "Class Notice"), substantially in the form annexed to the Motion as Exhibit B, is hereby approved.

6. On or before September 5, 2008, Class Counsel shall cause copies of the Class Notice to be served by United States Mail to the Class Members at their last known home address.

7. On or before 10 days after the mailing of the Class Notice, Class Counsel will file and serve a statement under oath constituting proof of such mailing.

8. Notice in compliance with this Order is hereby found to be the best notice practicable under the circumstances and constitutes due and sufficient notice to all potential Class Members in full compliance with the notice requirements of Civil Rule 23.

9. On or prior to the Fairness Hearing, Class Counsel shall file a certification to this Court, and provide notice of same to counsel for the Debtor and the Committee, regarding the number and percentage of potential Class Members that have opted out of the Settlement.

10. The Fairness Hearing to consider whether the proposed Settlement is fair, reasonable and adequate to the Class under Civil Rule 23 and in the best interests of the Debtor's estate, pursuant to Bankruptcy Rule 9019, and to consider the award of attorneys' fees to Class Counsel, is hereby scheduled for **September 25, 2008 at 10:30 a.m.** before this Court.

11. The requirement pursuant to Local Bankruptcy Rule 9013-1(b) for the filing of a memorandum of law in support of the Motion is hereby deemed satisfied or waived.

3

12. This Court shall retain jurisdiction over all matters arising pursuant to or related to the relief granted by this Order.

Dated: September 4, 2008
      White Plains, New York        /s/ Adlai S. Hardin, Jr.
                                       United States Bankruptcy Judge