Jack A. Raisner, Esq.
René S. Roupinian, Esq.
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10465
(212)245-1000
jar@outtengolden.com
rsr@outtengolden.com

*Attorneys for Plaintiff and the putative Class*

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DEWEY & LEBOEUF LLP,<br><br>        Debtor,<br><br>VITTORIA CONN on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>DEWEY & LEBOEUF LLP.<br><br>        Defendant. | Case No. 12-12321-MG<br>Chapter 11<br><br><br>Adv. Pro. No. 12-01672 (MG) |

## PLAINTIFF'S OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL HISTORY................................................................................................... 2

THE LEGAL STANDARD ..................................................................................................... 3

   I.  PLAINTIFF'S COMPLAINT SATISFIES THE PLEADING REQUIREMENTS OF THE
     FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6). ....................................................... 3

   II.  WARN ADVERSARY PROCEEDINGS ARE PROPER AND PREFERABLE TO  THE
      BANKRUPTCY CLAIMS PROCESS. .............................................................................. 4

     A.  WARN Class Actions are Appropriately Brought under Rule 7001(7) Because They
        Are Equitable in Nature. ................................................................................................ 4

   II.  THIS DISTRICT HAS LONG RECOGNIZED THE AVAILABILITY OF RULE 23
      CLASS ACTIONS AND REGULARLY APPLIES RULE 23 TO WARN CLAIMS. .... 13

     A.  Application of Rule 23 to this Case Would Create a Narrow Holding ......................... 18

   III.THE LIQUIDATING FIDUCIARY DEFENSE IS A NON-DETERMINATIVE
     ISSUE, AS DEWEY RECOGNIZES, NOTWITHSTANDING ITS
     INAPPLICABLITY HERE. ............................................................................................. 20

CONCLUSION.................................................................................................................... 21

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Albemarle Paper Co. v. Moody,*
 422 U.S. 405 (Sup. 1975) ......................................................................................7

*Bailey v. Jamesway Corp,*
 Nos. 95 B 44821(JLG), 96/8389A., 1997 WL 327105 (Bankr. S.D.N.Y.) ........................1, 16

*Bledsoe v. Emery Worldwide Airlines, Inc.,*
 635 F.3d 836 (6th Cir. 2011), *reh'g denied* (Mar. 9, 2011), *cert. denied*, 132 S. Ct.
 114 (2011) ..............................................................................................................6

*Bologna v. NMU Pension Trust & Welfare Plan,*
 654 F. Supp. 637 (S.D.N.Y. 1987)........................................................................9

*Curry v. Caritas Health Care Inc*.,
 No. 09-40901 (Bankr. E.D.N.Y.) ...........................................................................8

*Dade Cty. Sch. Dist.v. Johns-Manville Corp.*,
 53 B.R. 346 (Bankr. S.D.N.Y. 1985).................................................................5, 8

*DBL Liquidating Trust v. P.T. Tirtamas Majutama,*
 148 B.R. 993 (S.D.N.Y. 1992)...............................................................................8

*Dominic v. Consolidated Edison Co.,*
 822 F.2d 1249, 1257–58 (2d Cir. 1987).................................................................6

*Earl H.. Galitz P.a. v. Edghill (In re Edghill),*
 113 B.R. 783 (Bankr. S.D. Fla. 1990) ...................................................................8

*Guippone v. BH S&B Holdings LLC*,
 No. 09-1029, 2011 WL 1345041 (S.D.N.Y. Mar. 30, 2011)..................................8

*Healy/Mellon-Stuart co. v. Coastal Grp., Inc. (In re Coastal Group., Inc.),*
 100 B.R. 177 (Bankr. D. Del. 1989) ......................................................................9

*Iannacone v. Fortunoff Holdings Inc.,*
 No. 09-22581 (Bankr. S.D.N.Y.) ...........................................................................8

*In re American Reserve Corp.,*
 840 F.2d 487, 493 (7th Cir. 1988) .......................................................................17

*In re Bally Total Fitness of Greater N.Y., Inc.,*
 402 B.R. 616 (Bankr. S.D.N.Y. 2009) *aff'd*, 411 B.R. 142 (S.D.N.Y. 2009) ..................13, 16

*In re BGI, Inc. f/k/a/ Borders Group, Inc.*,
    465 B.R. 365 (Bankr. S.D.N.Y. 2012) ....................................................................8

*In re Bicoastal Corp.*,
    133 B.R. 252 (Bankr. M.D. Fla. 1991) ...................................................................15

*In re Blockbuster Inc.*,
    441 B.R 239 (Bankr. S.D.N.Y. 2011) .....................................................................18

*In re Chateaugay Corp.*,
    104 B.R. 626 (S.D.N.Y. 1989) ....................................................................... passim

*In re Coleandra*,
    17 B.R. 568 (Bankr. D. Md. 1982) .........................................................................10

*In re Ephedra Prods. Liabl. Litig.*,
    329 B.R. 1 (S.D.N.Y. 2005) .................................................................8, 13, 18, 19

*In re Harry C. Partridge, Jr. & Sons, Inc.*,
    43 B.R. 669 (Bankr. S.D.N.Y. 1984) .....................................................................10

*In re Jamesway Corp*,
    No. 95 B 44821, 1997 WL 327105 (Bankr. S.D.N.Y. June 12, 1997) ............ passim

*In re Johns-Mansville Corp.*,
    53 BR. 346 (Bankr. S.D.N.Y 1985) .........................................................................5

*In re. Lehman Bros.*,
    Adv. Case No. 08-1633, 2011 WL 722582 (Bankr. S.D.N.Y. Feb. 27, 2011) ..................8, 10

*In re MF Global Holdings Ltd.*,
    481 B.R. 268 (Bankr. S.D.N.Y. 2012) ....................................................................20

*In re Mortgage & Realty Trust*,
    125 B.R. 575 (Bankr.C.D.Cal.1991) .......................................................................15

*In re Musicland Holding Corp.*,
    362 B.R. 644 (Bankr. S.D.N.Y. 2007) ................................................................ passim

*In re Partsearch Technologies, Inc.*,
    453 B.R. 84 (Bankr. S.D.N.Y. 2011) .......................................................................8

*In re Protected Vehicles, Inc.*,
    392 B.R. 633 (Bankr. D.S.C. 2008) .......................................................................6, 7

*In re. Protected Vehicles, Inc.*,
    397 B.R. 346 (Bankr. D. S.C. 2008) ......................................................................12

*In re Sacred Heart Hosp. of Norristown,*
   177 B.R. 16 (Bankr. E.D. Pa.1995) ............................................................14, 16, 17

*In re Sanchez,*
   365 B.R. 414 (Bankr. S.D.N.Y. 2007) ........................................................................9

*In re Taylor Bean & Whitaker Mortgage Corp.,*
   No. 09- 07047, 2010 WL 4025873 (Bankr. M.D. Fla. Sept. 27, 2010) ...................12

*In re Tweeter Opco,*
   452 B.R. 150 (Bankr. D. Del. 2011) ..........................................................................9

*In re United Healthcare System, Inc.,*
   200 F.3d 170 (3d Cir. 1999).....................................................................................20

*In re Woodward & Lothrop Holdings, Inc.,*
   205 B.R. 365 (Bankr. S.D.N.Y. 1997)...............................................................11, 15

*Johnson v. First NLC Financial Services, LLC,*
   410 B.R. 726, 730 (Bankr. S.D. Fla. 2008) .............................................................12

*Law v. American Capital,*
   No. 05-0836, 2007 WL 221671 (M.D.Tenn. Jan. 26, 2007) ...................................21

*Matzen v. Corwood Laboratories, Inc.,*
   No. 10-08003 (Bankr. E.D. N.Y.)...............................................................................8

*Miller v. Alston & Bird, LLP,*
   No. 10-50621 KJC (Bankr. D. Del.) ...........................................................................9

*Mochnal v. Eos Airlines, Inc.,*
   No. 08-08279 (Bankr. S.D.N.Y) .................................................................................8

*Nelson v. Formed Fiber Technologies, LLC,*
   2:10-CV-473, 2012 WL 118490, *4-5 (D. Me. Jan. 13, 2012) report and
   recommendation adopted, 2:10-CV-473, 2012 WL 1253050 (D. Me. Apr. 13, 2012) .............5

*Parker v. Time Warner Entm't Co., L.P.,*
   331 F.3d 13 (2d Cir. 2003).................................................................................4, 14

*Robinson v. Metro–North Commuter R.R. Co.,*
   267 F.3d 147 (2d Cir. 2001).......................................................................................5

*Schwartz v. Gregori,*
   45 F.3d 1017, 1022–23 (6th Cir.1995) ......................................................................6

iv

*Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*,
    130 S. Ct. 1431 (2010) .........................................................................16

*Swabsin v. Lehman Bros. Holdings, Inc.*,
    No. 09-01482 (Bankr. S.D.N.Y.) .....................................................9, 10

STATUTES

11 U.S.C. § 501 .........................................................................................5

11 U.S.C. § 503(a) ...................................................................................10

11 U.S.C. § 507(a)(4) ..............................................................................10

29 U.S.C. § 2104(a)(4) ..............................................................................7

ERISA .....................................................................................................6, 7

WARN Act ........................................................................................ passim

OTHER AUTHORITIES

Douglas G. Baird, Edward R. Morrison, *Adversary Proceedings in Bankruptcy: A
    Sideshow*, 79 Am. Bankr. L.J. 951, 955 (2005) .......................................19

Fed. R. Bankr. P. 3001 ...............................................................................5

Fed. R. Bankr. P. 7001 ....................................................................... passim

Fed. R. Bankr. P. 7012 ...........................................................................3, 4

Fed. R. Bankr. P. 7023 ....................................................................... passim

Fed. R. Bankr. P. 9014 .......................................................................15, 16

Fed. R. Civ. P. 12(b)(6) .........................................................................3, 14

Fed. R. Civ. P. 23 ............................................................................... passim

Plaintiff Vittoria Conn ("Plaintiff" or "Conn") hereby submits the following in opposition to the Motion to Dismiss filed by Defendant Dewey & LeBoeuf LLP ("Defendant" or "Dewey").

## PRELIMINARY STATEMENT

In its untimely motion to dismiss Dewey misstates the law when arguing that WARN class action adversary proceedings are impermissible in this district. Mot. to Dismiss ("MTD") at ¶¶ 4-5.[1]

Dewey ignores the current practice of the courts in the Second Circuit to both permit WARN adversary proceedings and, when appropriate, to certify them as class actions. It also overlooks courts' explanations for preferring WARN class adversary proceedings over the claims process and why they fall within Federal Rule of Bankruptcy Procedure 7001 ("Rule 7001"). Instead, Dewey relies exclusively on non-WARN Act cases and case management arguments that have no place in a motion to dismiss.

Dewey next asks this court to commit reversible error by deciding the merits of class certification in a motion to dismiss. It points to no procedural rule or case precedent that would permit the Court to decide this issue now. Should this Court seek to consider Plaintiff's motion for class certification, it will find that Dewey relies on the pre-1989 era notion that all participants must file individual proofs of claim – what were termed "spurious" class actions. That rule, enunciated by the court in *Bailey v. Jamesway Corp.,*[2] was applied only once, in *Jamesway*, and has been effectively disaffirmed. Regardless, this court can grant Plaintiff's

---

[1] Per the stipulation of the parties dated September 28. 2012, Dewey agreed to answer or respond to Plaintiff's Complaint by October 19, 2012. The stipulation was so ordered by the court on October 2, 2012. ECF No. 6. Dewey failed to seek an extension and instead filed an out of time motion in response to the filing of Plaintiff's motion for class certification. Given Dewey has failed to comply with this Court's order, Plaintiff requests that its motion to dismiss be denied.

[2] *In re Jamesway Corp*, No. 95 B 44821, 1997 WL 327105 (Bankr. S.D.N.Y. June 12, 1997).

motion for certification without overruling *Jamesway* because, here, the WARN bar date has not yet passed. The indisputable fact is that no putative class member in this case has failed to file a proof of claim before the bar date. The *Jamesway* rule on which Dewey relies is irrelevant here.

This Court should allow the adversary proceeding to proceed to the class certification stage. Doing so would simply reflect the current state of the law in this Circuit and country, and require a ruling so narrow in scope it would not disturb a single decision of the courts of this Circuit.

## PROCEDURAL HISTORY

Defendant was a global law firm with offices located among other places, in New York, California and Washington DC. Until its bankruptcy filing on May 28, 2012, Defendant maintained its corporate headquarters at 1301 Avenue of the Americas, New York, New York (the "New York Facility"). Defendant operated additional facilities located in California and Washington DC (collectively the "Facilities"). *See* Complaint, ¶ 9. Conn, and the other similarly situated former employees worked at or reported to Defendant's Facilities until their terminations on or about May 11, 2012. (Complaint, ¶¶ 6, 8).

Plaintiff alleges that Defendant ordered the terminations that took place on or about May 11, 2012. (Complaint, ¶ 1, 13, 18, 28).

On May 28, 2012, Defendant filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Bankruptcy Code. (Complaint, ¶ 14). Within 30 days of that date, Defendant terminated the employment of Plaintiff and an estimated 550 other similarly situated employees who would come within the class definition. (Complaint, ¶ 26(d)). On May 29, 2012, Plaintiff filed a Class Action Adversary Proceeding Complaint (the "Complaint"). The Complaint alleges a Rule 23 class claim arising from Defendant's

violation of the federal, California and New York WARN Acts**.**  (Complaint ¶¶ 15, 25, 35).

Pursuant to the parties' most recent stipulation, Defendant had until October 19, 2012 to either move or answer Plaintiff's Complaint.   Plaintiff filed her Motion for Class Certification and Related Relief on December 7, 2012.  Defendant filed the instant motion on December 14, 2012.

### THE LEGAL STANDARD

## I.  PLAINTIFF'S COMPLAINT SATISFIES THE PLEADING REQUIREMENTS OF THE FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).

Although Dewey brings this motion under Federal Rule of Bankruptcy Procedure 7012(b)(6) ("Rule 7012(b)(6)"), it does not move against the substance of the adversary proceeding complaint ("Complaint").   It does not deny Plaintiff's Complaint contains a short and plain statement of the facts sufficient to give Dewey notice of the relief to which Plaintiff claims she and the putative class are entitled.[3]  Dewey's cavil is procedural: first, the adversary is improper because Rule 7001 does not encompass WARN claims; and second, the class action claim is impermissible in bankruptcy court.

Dewey does not provide any authority for raising such procedural arguments in a Rule 7012(b)(6) motion.  Logically, this Court would have the power to dismiss an adversary proceeding that does not comport with Rule 7001.  But even the plenary authority of the court to manage its docket is not absolute, and Dewey cites no source of authority at all.   Moreover, Dewey presents alternative arguments for dismissal that, by definition, assume the WARN adversary is properly grounded in Rule 7001.  Dewey argues that the adversary proceeding seeks to "circumvent the claims process" and push Plaintiff ahead of other creditors.  MTD at ¶ 4.

---

[3] Dewey adds to its brief a preview its purported "liquidating fiduciary defense." It specifically recognizes its argument is "non-determinative".  MTD at ¶ 5. Plaintiff responds to it here, in the hope it will deter the estate from attempting to stretch this defense beyond its recognized limits.

3

Clearly, such a failure, even if it were true, would "state a claim upon which relief can be granted."  There is no authority that permits the draconian sanction of dismissal of a WARN action that states a claim and is grounded in Rule 7001, simply because it could also be brought under the claims procedure.

The second reason Dewey gives for dismissing the adversary proceeding is that the Federal Rule of Civil Procedure 23 ("Rule 23") class claim is uncertifiable.  It claims that "under well-established standards in this district, there is no basis to allow the Plaintiff to pursue her claims on a class basis or to represent the interests of other creditors before this Court."  MTD at ¶ 5.  This argument comes with no citation to any authority or precedent.  In this district "proofs of claim may be filed as of right."  *In re Chateaugay Corp.*, 104 B.R. 626, 634 (S.D.N.Y. 1989).  Dewey's motion to dismiss cuts against that principle.  Dewey's contentions go to the merits of class action certification.  Such contentions belong not in a motion under Rule 7012(b) but, if anywhere, in Dewey's opposition to Plaintiff's motion for class certification (scheduled to be heard on February 21, 2013).  It is improper for a court to deny class certification without having had the "benefit of [Plaintiff's] motion to certify and the evidence relevant to that motion," indeed it is reversible error.  *See Parker v. Time Warner Entm't Co., L.P.*, 331 F.3d 13, 22 (2d Cir. 2003).  In sum, Dewey has not provided this Court with a valid basis to dismiss the Complaint.  Its motion seeks dismissal by fiat.

## II.    WARN ADVERSARY PROCEEDINGS ARE PROPER AND PREFERABLE TO THE BANKRUPTCY CLAIMS PROCESS

### A.  WARN Class Actions Are Appropriately Brought under Rule 7001(7) because They Are Equitable in Nature

Dewey argues the Complaint must be dismissed in favor of a proof of claim because the asserted prepetition WARN violation does not appear on the "exclusive list of claims" contained

in Rule 7001 and "shirk[s]" it by "seeking damages."  MTD at ¶¶ 26, 25, 37.   Alternatively,

Dewey argues that Plaintiff's adversary proceeding flouts procedural requirements (MTD at ¶

30) by trying to force its way to the head of line.  MTD at ¶ 37.  Dewey claims the adversary is

inherently "unfair" to other creditors who must wait for the claims objection to adjudicate their

claims.  MTD at ¶ 34.  Dewey has not cited a single decision or source of authority to support

any of these arguments with respect to WARN adversary proceedings.  As Dewey must concede,

if Plaintiff's WARN adversary proceeding is grounded in Rule 7001, then all its arguments

evaporate, for Rule 7001 is as much a part of the Bankruptcy Code as is claims procedure.  11

U.S.C. § 501; Fed. R. Bankr. P. 3001.  Dewey relies on the pre-*Chateaugay* decision,  *In re*

*Johns-Mansville Corp.*, 53 BR. 346, 347 (Bankr. S.D.N.Y 1985) *disapproved of by In re*

*Chateaugay Corp.*, 104 B.R. 626 (S.D.N.Y. 1989), where the court held that a class action proof

of claim could not represent 37,500 school districts who had not filed proofs of claim, and

rejected the notion that the requirement of filing a proof of claim could not be avoided by

couching the damages claim as one for "injunctive relief" under Rule 7001.  MTD at ¶¶ 27, 31.

No case holds that filing an adversary *within* the scope of Rule 7001, "flouts" procedure simply

because the claims process may also be available.

Somehow, Dewey overlooks the body of law which firmly establishes that WARN

adversary proceedings do fall within Rule 7001.  Rule 7001(7) defines adversary proceedings

that may be brought to include actions for "other equitable relief" and does not distinguish

between actions that arise pre- or post-petition.  WARN Act actions have been determined to be

equitable for the purposes of Rule 7001(7) by the courts that have considered the issue.  At least,

four reasons have been given.

5

First, WARN Act back pay (of up to 60 days' wages) is granted not as damages but rather as equitable restitutionary relief. What WARN plaintiffs are "seeking is not compensation for the damages flowing from their discharge, but a reimbursement of those salaries and benefits, calculated on a per diem basis, which were due to them on the date they were laid off." *In re Protected Vehicles, Inc.*, 392 B.R. 633, 638 (Bankr. D.S.C. 2008). Courts recognize that WARN plaintiffs seek "wrongfully withheld funds—here back pay and benefits that should have been paid . . . ." *Bledsoe v. Emery Worldwide Airlines, Inc.*, 635 F.3d 836, 843 (6th Cir. 2011), *reh'g denied* (Mar. 9, 2011), *cert. denied*, 132 S. Ct. 114 (2011), *citing Schwartz v. Gregori,* 45 F.3d 1017, 1022–23 (6th Cir.1995) (finding back pay awarded for retaliatory discharge in violation of ERISA constituted restitution and was, therefore, an equitable remedy available under ERISA); *see also Nelson v. Formed Fiber Technologies, LLC*, 2:10-CV-473, 2012 WL 118490, *4-5 (D. Me. Jan. 13, 2012) *report and recommendation adopted*, 2:10-CV-473, 2012 WL 1253050 (D. Me. Apr. 13, 2012). While the Second Circuit has not opined on WARN back pay, it holds that back pay under other employment statutes, such as Title VII of the Civil Rights Act, is equitable relief. *See Robinson v. Metro–North Commuter R.R. Co.,* 267 F.3d 147, 160 (2d Cir. 2001) (holding that plaintiffs are entitled to seek equitable relief in the form of back pay in addition to compensatory damages – which are not equitable); *Dominic v. Consolidated Edison* Co., 822 F.2d 1249, 1257–58 (2d Cir. 1987) (holding that Title VII back pay is considered to be an equitable award determined by the judge).

Second, relief is equitable when it is "incidental to or intertwined with injunctive relief." *Bledsoe v. Emery Worldwide Airlines, Inc*., 635 F.3d at 843. "An award of back pay under the WARN Act is equitable relief because such an award is intertwined with the equitable relief of ERISA benefits." *In re Protected Vehicles, Inc.*, 392 B.R. at 636-37 (quoting *Loehrer v.*

6

*McDonnell Douglas Corp.,* No. 91–1747, 1992 U.S. Dist. LEXIS 22555 *8 (E.D.Mo. Oct. 5, 1992) (holding that a WARN Act cause of action is an equitable cause of action).  Plaintiff's complaint, likewise, seeks ERISA benefits.

Third, WARN grants the bankruptcy court discretion to reduce the amount of liability based on a showing of "good faith":

> If an employer which has violated this chapter *proves to the satisfaction of the court* that the act or omission that violated this chapter was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of this chapter *the court may, in its discretion, reduce the amount of the liability or penalty* provided for in this section.

29 U.S.C. § 2104(a)(4) (emphasis added).

This "good faith" provision places the entire damage award—the liability for back pay and benefits—within the court's discretion.  *In re Protected Vehicles, Inc.,* 392 B.R. at 636-37. The fact that the debtor in possession may ask the court to reduce a WARN Act award for equitable reasons, proves that the monetary awards under WARN are equitable in nature and brings WARN relief within the scope of Rule 7001(7).  *Id.* at 642; *see* also *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 441 (1975) (Rehnquist, J., concurring) ("To the extent . . . that the District Court retains substantial discretion as to whether or not to award backpay notwithstanding a finding of unlawful discrimination, the nature of the jurisdiction which the court exercises is equitable…").  Finally, in *In re Protected Vehicles, Inc*., the Court, in reviewing all the cases and history of equitable remedies, found that class actions themselves have their roots grounded firmly in equity.  *In re Protected Vehicles, Inc.,* 392 B.R. at 640.

The current practice of the bankruptcy courts for the Southern District of New York, is to permit WARN adversary proceedings to proceed.  The courts have often certified them as class actions, which required a finding that the class claim met the "superiority" test of Rule

7023(b)(3).  In the Eastern and Western Districts of New York, class certification was granted at the outset of litigation.  *See Curry v. Caritas Health Care Inc*., No. 09-40901 (Bankr. E.D.N.Y.); *see also Matzen v. Corwood Laboratories, Inc.,* No. 10-08003 (Bankr. E.D. N.Y.).

In the Southern District, all of the orders certifying adversary proceeding class actions were granted at the settlement stage: *Mochnal v. Eos Airlines, Inc*., No. 08-08279 (Bankr. S.D.N.Y); *Iannacone v. Fortunoff Holdings Inc.,* No. 09-22581 (Bankr. S.D.N.Y.)(Chapter 7); *Guippone v. BH S&B Holdings LLC*, No. 09-1029, 2011 WL 1345041 (S.D.N.Y. Mar. 30, 2011) (Chapter 7, settled after the reference was removed); *In re Partsearch Technologies, Inc.*, 453 B.R. 84, 93-94 (Bankr. S.D.N.Y. 2011); *In re BGI, Inc. f/k/a/ Borders Group, Inc*, 465 B.R. 365 (Bankr. S.D.N.Y. 2012).   Had the adversary proceeding been impermissible as a means to frame a WARN class claim, presumably no court would have found it "superior" to other means of redress.

The cases on which Dewey relies for its proposition that WARN proceedings are pre-petition claims that cannot be brought under Rule 7001(7) involved contract damages or other damages-type relief grounded in law and, therefore, do not bear on Plaintiff's ability to proceed in equity.  *See Dade Cty. Sch. Dist.v. Johns-Manville Corp.*, 53 B.R. 346 (Bankr. S.D.N.Y. 1985) (action for asbestos related property damage); *see also DBL Liquidating Trust v. P.T. Tirtamas Majutama (In re. Drexel Burnham Lambert Grp., Inc.),* 148 B.R. 993, 998 (S.D.N.Y. 1992) (claim for damages resulting from a breach of contract); *see also In re Ephedra Prods. Liabl. Litig.*, 329 B.R. 1 (S.D.N.Y. 2005) (class action on behalf of purchasers of herbal dietary supplements seeking compensatory and punitive damages); *see also* the *Evergreen* matter, *In re. Lehman Bros.*, Adv. Case No. 08-1633, 2011 WL 722582 at *1 (Bankr. S.D.N.Y. Feb. 27, 2011) (breach of contract action for return of shares of common stock); *Earl H.. Galitz P.a. v. Edghill*

8

*(In re Edghill),* 113 B.R. 783, 784 (Bankr. S.D. Fla. 1990) ("Because the creditor's cause of action is predicated on a pre-petition contract claim, this Court finds that the creditor is precluded from recovering damages via this adversary proceeding"); *Healy/Mellon-Stuart co. v. Coastal Grp., Inc. (In re Coastal Group., Inc.)*, 100 B.R. 177, 178 (Bankr. D. Del. 1989) (adversary proceeding for prepetition breach of contract claim). These cases did not involve a claim grounded in equity, therefore they are inapposite.

Dewey's motion relies almost entirely on the bench ruling of Judge Peck in *Swabsin v. Lehman Bros. Holdings, Inc.*, No. 08-13555, Adv. Proc. No. 09-01482 (Bankr. S.D.N.Y. May 13, 2010). It is non-precedential because the Court did not issue a written opinion and even bench rulings of the Second Circuit are not to be used as precedent. *See, In re Sanchez*, 365 B.R. 414, 421, n.7 (Bankr. S.D.N.Y. 2007) ("I have considered the brief transcript and the final Order (both unpublished) in *In re Contreras* (Bankr. S.D.N.Y.2006) furnished by plaintiff's counsel. The one sentence oral ruling in that case does not recite any of the facts, or the arguments of the parties, or the authorities or analysis relied upon by the Court, and therefore is not useful as precedent in this Adversary Proceeding."); *In re Tweeter Opco,* 452 B.R. 150, 156, n.3 (Bankr. D. Del. 2011) ("Mitsubishi cites in support of its motion the transcript from *Miller v. Alston & Bird LLP . . .* [t]he Court emphasizes that such oral rulings are not precedential and will be disregarded in the Court's decision-making process"); *Bologna v. NMU Pension Trust & Welfare Plan,* 654 F. Supp. 637, 640-41 (S.D.N.Y. 1987) ("Judge Lowe's decision was affirmed by the court of appeals. However, the ruling of the court of appeals was delivered orally in open court. There was no written opinion. Such a ruling is not citable as precedent.") (citations omitted).

Additionally, the *Swabsin* matter is not good precedent here because it was a non-WARN adversary proceeding. The *Swabsin* plaintiff sought to recover on a claim for breach of a

severance agreement which was scheduled as a general unsecured claim.  The adversary sought a

declaratory judgment, pursuant to Rule 7001(2), (9) to upgrade the treatment of the claim to 11

U.S.C. § 503(a) administrative, or 11 U.S.C § 507(a)(4) priority status.  *See In re Harry C.*

*Partridge, Jr. & Sons, Inc*., 43 B.R. 669, 672 (Bankr. S.D.N.Y. 1984).  Judge Peck did not

address whether or not the *Swabsin* adversary fell within the scope of Rule 7001(2) or (9).

Additionally, the merits issue was not decided in Judge Peck's ruling but resolved later by the

parties.

Dewey relies almost entirely on Judge Peck's reasoning in the *Swabsin* transcript but that

reasoning is relevant only if it is assumed that WARN violations are the same as contract or tort

actions that must be brought as a proof of claim.  MTD at ¶¶ 27-32, 35.  Even if it were so, Judge

Peck's reasoning was *sui generis*.  The Court stated that Lehman claims could rise to "more than

a trillion dollars."  It said that a "carefully conceived claims process" had been established in the

form of "a series of procedural orders that have been specially crafted to the needs of this case."

MTD, Ex. A, Hr'g Tr.at 67:10-68:1, 70:6-19.  In that context, the Court questioned why it should

be faced with the adversary as a matter of case administration.  *Id.* at 73:5-10   Dewey does not

assert that this is a "trillion" dollar case, with specially crafted procedural orders.[4]

Importantly, any "line jumping" is illusory.  There is no line that gets WARN claimants

anything faster.  Earlier determinations do not get claimants paid any faster than other creditors.

Litigating issues prematurely is *undesirable* for plaintiff WARN lawyers because if the estate

becomes insolvent they will never be paid for their outlay of time and expenses.  However, the

courts in this District make clear that a Rule 7023 motion should be filed as soon as practicable.

---

[4] Relying on *In re Coleandra*, 17 B.R. 568 (Bankr. D. Md. 1982), Dewey argues that a  claim for administrative
expense cannot be brought in the context of an adversary proceeding but this is also inapposite.  See MTD at ¶ 35.
*Colandrea* involved avoidance of a fraudulent conveyance in connection with a transfer of a mortgage interest - an
action not rooted in equity.   The Court's denial of administrative priority status for the judgment creditors' attorney
fees has no bearing on the instant case.

*See In re Musicland Holding Corp.,* 362 B.R. 644, 654 (Bankr. S.D.N.Y. 2007) (citing relevant cases). The propitious time for filing a motion for class certification is before a bar date is established. *Id.* The Court in *In re Woodward & Lothrop Holdings, Inc.*, observed, "as the case moves toward its conclusion, it is more likely that a delay in resolving the certification issue will interfere with the administration of the estate. If the claimant waits until a post confirmation claim objection to first bring the issue to a head, serious prejudice may result to the other creditors and the estate." 205 B.R. 365, 370 (Bankr. S.D.N.Y. 1997). Accordingly, class certification determinations *should* occur while creditors await the claims objection phase, but the adversary does not increase the waiting time for those creditors. Adversaries do not force any creditor to wait – the "line" is illusory.

What *would* cause creditors to wait to be paid is if WARN *were* not litigated ahead of the claims resolution phase. Leaving a major administrative or priority claim until the end to be litigated could easily delay distributions in a chapter 7 or 11 case. The complexity of WARN claims may require protracted litigation. The adversary proceeding's docket and procedure provide an orderly means to manage the WARN litigation from the start of the case. If WARN were brought as a class proof of claim, additional motions just to replicate the ready-made adversary vehicle would have to be litigated adding cost, time and expense.

Dewey's argument that the filing of the WARN adversary is "unfair" to other creditors is backwards. MTD at ¶ 34. It would be unfair to the other creditors to keep the WARN claim hidden among the hundreds, if not thousands, of other claims to be sprung when claims objections are issued and many creditors are hoping soon to be paid. The better practice is for the filed adversary proceeding to put all concerned parties on notice that a priority (or sometimes

11

administrative claim) must be figured into the case, and that a possible multi-year litigation must

be resolved.

For these reasons, courts prefer the WARN adversary proceeding over the claims process.

As the Court in *Johnson v. First NLC Financial Services, LLC.* recognized, an adversary

proceeding requires the Debtor to state any objections to claims that it may have more promptly

than would be required in the normal claims objection process:

> In addition, the class certification issues can be brought before the Court now,
> without the necessity of waiting for an objection to be filed.  Thus, if the class is
> certified, the Court finds that as between an adversary proceeding and the claims
> process, an adversary proceeding has the potential to provide a less protracted and
> more efficient litigation framework.

410 B.R. 726, 730 (Bankr. S.D. Fla. 2008).  Other Courts that have considered the adversary

proceedings process in this context are in agreement that WARN adversary proceedings are not

inferior or duplicative of the bankruptcy claims process.  *See In re Taylor Bean & Whitaker*

*Mortgage Corp.,* No. 09- 07047, 2010 WL 4025873 at *8 (Bankr. M.D. Fla. Sept. 27, 2010); *see*

*also In re. Protected Vehicles, Inc.*, 397 B.R. at 346.

Here, using the adversary proceeding, the parties have been discussing the resolution of

the WARN claims.  They have agreed to extend certain litigation deadlines, including the date

for Dewey to answer the Complaint.  The parties have been moving at a rational pace in stride

with the estate.  While the Trustee was engaged in the important work of forging the partner

contribution plan ("PCP"), the Conn adversary was quiescent and readily agreed to Dewey's

requests for extensions to answer the complaint.  As the Trustee prepared its proposed plan,

Conn and Dewey began active discussions to resolve the WARN adversary, including the

informal production by the Trustee of putative class member information.  When it became clear

that Dewey was going to seek plan confirmation soon, Conn counsel sought to begin the

certification process in conjunction with the parties' discussions so that time would not be lost if

an amicable resolution could be had.  Dewey, long after its time to respond to the Complaint had

expired, filed this motion to dismiss, with no objection from Conn.  Plaintiff has not sought to

press to use the adversary to do anything more than keep the class action claim moving

unobtrusively forward, taking up the least amount of time and resources of the estate or the court

as possible.  Dewey knows that Plaintiff is not using the adversary for procedural jockeying.

WARN claimants are always former employees, who with their relatively small WARN

claim (as compared to other priority creditors) can "level the playing field" only by having

experienced WARN counsel file an early adversary proceeding class complaint and seek

certification on a class basis.  WARN counsel can then maintain a watchful eye and be a

collaborative presence with all the participants in the case.  There is no question that WARN

adversary proceeding facilitates the orderly disposition of the WARN class claim issues on a

timely basis consistent with the goals of the Bankruptcy Code, the WARN Act, Rule 7023, and

due process.

## II.   THIS DISTRICT HAS LONG RECOGNIZED THE AVAILABILITY OF RULE 23 CLASS ACTIONS AND REGULARLY APPLIES RULE 23 TO WARN CLAIMS.

Dewey insists that this Court strike Plaintiff's class claims because "Plaintiff can produce

no authority permitting her to proceed in a representative capacity or to assert claims on behalf of

others."  MTD at ¶ 41.  Dewey is incorrect, there is plenty of precedent.   As mentioned, class

action filings are permitted "as of right" in this district's bankruptcy court.  *In re Ephedra

Products Liab. Litig.,* 329 B.R. 1, 5 (S.D.N.Y. 2005)(finding the "line of S.D.N.Y. cases

persuasive and adopts their view of the law.") (citing *In re Chateaugay Corp.*, 104 B.R. at 634

(class action filings are made as "of right.").  Although bankruptcy courts have held that the right

is "not absolute under the Bankruptcy Code," what they may mean is that the right to proceed as

a class is not absolute. *See In re Bally Total Fitness of Greater N.Y., Inc.,* 402 B.R. 616, 619

(Bankr. S.D.N.Y. 2009) *aff'd*, 411 B.R. 142 (S.D.N.Y. 2009) ("while class proofs of claim in

bankruptcy are not prohibited, the right to file one is not absolute.") (citing *In re Musicland*

*Holding Corp.* 362 B.R. 644, 650 (Bankr. S.D.N.Y. 2007); *In re Sacred Heart Hosp. of*

*Norristown,* 177 B.R. 16, 22 (Bankr. E.D. Pa.1995) (noting that the class action device may be

utilized in appropriate contexts, but should be used sparingly).  No bankruptcy court in this

Circuit has simply struck the filing of a claim because, on its face, it seeks to represent a class, at

least not in 20 years, which is precisely what Dewey asks this Court to do here.

What is missing is any precedent that permits the dismissal of a class action at the motion

to dismiss stage.  All Dewey can cite to are cases in which courts *denied* class certification, but

upon a motion for class certification, or at a later stage when no motion for certification had been

made.  Therefore, all of these cases are inapposite and this motion to dismiss is baseless.  *See*

*Parker*, 331 F.3d 13 16(finding deficiencies in class action allegations are to be reviewed under

motions brought under Rule 23(b) not Rule 12(b)).

But even if this Court were to accept the invitation to consider whether a class action can

be certified in this case, none of the cases Dewey cites provide any bases to deny certification

here.  All but one are inapplicable because they arise from a proof of claim.  The one arising

from an adversary, *Jamesway*, has since never been applied to another adversary proceeding in

this district.  Even in the proof of claim context, *Jamesway* has never been deemed the sole basis

on which to deny certification, as Dewey asserts here.  *See In re Jamesway Corp*, 1997 WL

327105.

14

Denial of certification, in all the cases Dewey cites, arose from proofs of claim, while certification here arises from an adversary proceeding. The key difference is that the certification of an adversary complaint is determined according to Rule 7023's requirements alone, while proofs of claim involve the preliminary determination, under Rule 9014, as to whether Rule 7023 should apply at all.  *In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. 365, 369 (Bankr. S.D.N.Y. 1997) ("Rule 7023 of the Federal Rules of Bankruptcy Procedure . . . makes Rule 23 applicable to adversary proceedings.").  Rule 23 does not automatically apply to proofs of claim. Once they become "contested matters," the question of whether Rule 23 should apply arises under Rule 9014.

> Federal Bankruptcy Rule 9014, which governs contested matters, expressly incorporates many of the individual rules comprising Part VII of the Federal Bankruptcy Rules, but omits Rule 7023. Nevertheless, the bankruptcy court may direct the application of any other rule in Part VII at "any stage in a particular matter." For a class action claim to proceed, (1) the bankruptcy court must direct Rule 23 to apply, *see In re Bicoastal Corp.,* 133 B.R. 252, 255 (Bankr.M.D.Fla.1991) ( Federal Bankruptcy Rule 7023 will not be applicable unless a timely motion to make it applicable is filed), (2) the claim must satisfy the requirements of Rule 23, *In re Mortgage & Realty Trust,* 125 B.R. 575, 580 (Bankr.C.D.Cal.1991), and (3) the benefits that generally support class certification in civil litigation must be realizable in the bankruptcy case.

*In re Woodward & Lothrop Holdings, Inc.,* 205 B.R. 365, 369 (Bankr. S.D.N.Y. 1997)

Thus, under 9014, the criteria for allowing a class action to go forward include considerations beyond whether the class action satisfies the requirements of Rule 23.  They fall under the heading of "bankruptcy considerations," and many were listed by the *Musicland* Court. *See In re Musicland Holding Corp.*, 362 B.R. at 654 ("several factors inform the Court's decision whether to extend the application of Rule 23 to a proof of claim.").   These

countervailing "bankruptcy considerations" must be divorced from the straightforward application of Rule 23, which Congress extended directly to adversary proceedings.[5]

*Jamesway* was wrongly decided because the claim was brought as an adversary proceeding. The *Jamesway* court, however, assumed that an adversary complaint should be treated as an "informal proof of claim," and applied the cases dealing with contested matters. *In re Jamesway*, 1997 WL 327105 at *13. It relied on the reasoning from *In re Sacred Heart*, 177 B.R. 16 (Bankr. E.D. Pa 1995), where the Court, under Rule 9014, conducted an analysis of whether to apply Rule 7023 to a contested proof of claim. The *Jamesway* Court adopted *Sacred Heart*'s ruling and denied certification finding that motion "fail[ed] because it is outweighed by the countervailing bankruptcy considerations embodied in the Bar Date and the function it serves in any bankruptcy case." *Jamesway*, 1997 WL 327105 at *7. The *Jamesway* court, therefore, exercised discretion it did not have when it applied pure bankruptcy considerations to deny class certification of an adversary proceeding where no such analysis is called for under Rule 23.

Dewey relies exclusively on *Jamesway* bankruptcy considerations for its opposition to class certification here. Dewey argues that:

> under a well-established line of authority in this district, class claims may properly be asserted only: (i) where a class has been certified pre-petition by a non-bankruptcy court and (ii) the purported class members have not received actual or constructive notice of the bar date for filing proofs of claim. *See Bally Total Fitness*, 402 B.R. at 620; *Bailey Jamesway Corp. (In re Jamesway Corp.)*, Case No. 95-44821, 1997 WL 327105, at *5 (Bankr. S.D.N.Y. June 12, 1997).

MTD at ¶ 40.

---

[5] In fact, the Supreme Court has counseled against interjecting such additional factors where the Rules of Federal Civil Procedure do not call for them. Rule 23 "[b]y its terms . . . creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1437 (2010). It does not vest the court with discretion to deny class certification on other grounds. *Id.* ("Rule 23 . . . says that if the prescribed preconditions are satisfied '[a] class action *may be maintained*' (emphasis added)—not '*a class action may be permitted*.' Courts do not maintain actions; litigants do. The discretion suggested by Rule 23's 'may' is discretion residing in the plaintiff.").

The "*Sacred Heart*" rationale adopted by the Court in *Jamesway* turns on concerns of "due process" and "unfairness" for other creditors, but actually punishment for creditors.  The argument is that permitting the class to include whose who did not file a proof of claim allows those creditors a "second bite of the apple" which "impact effectively dilutes the value of claims asserted by timely filers and implicates due process concerns, which also prejudices the interests of other creditors."  *In re Jamesway Corp.*, 1997 WL 327105 at *5.

Dewey first argues there can be no certification here because there was no claim certified prior to bankruptcy, thus, Plaintiff cannot satisfy the first prong of what Dewey considers a two-prong requirement under *Jamesway*. "Accordingly, Plaintiff can produce no authority permitting her to proceed in a representative capacity or to assert claims on behalf of others."  MTD at ¶ 41. Dewey, however, cannot find any case which holds that the lack of pre-petition certification is by itself grounds to deny a class action.  Further, Dewey argues that Plaintiff cannot seek class treatment because the putative class members received a bar notice and did not respond. MTD at ¶ 42.  This is erroneous because it harkens back to the period prior to the landmark case *American Reserve*,[6] where the Seventh Circuit rejected the notion that bankruptcy courts can only entertain class actions in which all the claimants must file individual proofs of claim to participate.  Filing a proof of claim, the Seventh Circuit held, is "the equivalent of intervening in the pending bankruptcy case," and is not required because if it were "there will never be a *Rule 23* class action; there will only be a 'spurious class action'; yet Bankruptcy Rule 7023 says that there are to be Rule 23 class actions in bankruptcy."  *Id.* at 493; *accord In re Chateaugay Corp.,* 104 B.R. at 630 ("If the bankruptcy judge denies the request to certify a class, then each creditor must file an individual proof of claim . . . ") (quoting *Amer. Reserve*, 840 F.2d  at 493).

---

[6] 840 F.2d 487 (7th Cir. 1988).

Even if the requirement to file a proof of claim were given credence, it is irrelevant here on factual grounds. Although Dewey states that "all putative class members received a notice of disclosure statement, and that bar notice was sent to all creditors[]" (MTD at ¶ 42), it avoids stating that "all class members received a bar date notice." It submits no evidence showing that all class members received a bar date notice. Dewey chose to file its certificate of service of its bar date notice under seal preventing any verification of who received one or not. Even if the general bar notice was sent to all class members, their time to file their proof of claim has not elapsed. The WARN claims bar date, as agreed to by Dewey and so-ordered by this Court is 45 days after this motion to dismiss is decided. Doc. No. 6. No putative class member has failed to file his or her proof of claim for WARN redress by the bar date. Dewey's reliance on *Jamesway*, and its entire argument to dismiss the class action claim, is misguided. Dewey cannot have it both ways: it cannot extend the WARN bar date until after its motion is decided and then move to dismiss on the basis that the WARN bar date has passed.

### A.    Application of Rule 23 to this Case Would Create a Narrow Holding

The certification of the WARN claim in this adversary proceeding would not deviate from or disturb any decision of the District Courts or Bankruptcy Courts of the Southern District of New York, such as *Bally's*, *Musicland, Ephedra*, or *In re Blockbuster Inc.,* 441 B.R 239 (Bankr. S.D.N.Y. 2011) (finding that a competent court had already denied certification, and that claims for improperly charged late fees were best resolved on an individual basis). WARN is the one of the few claims able to stand on the sure-footed leg of equity. Granting certification to a WARN adversary has not opened the flood-gates to other claimants clamoring to file adversary proceedings for claims in bankruptcy. Nor can it, because pure equity claims are so rare. In *Bally's*, the Court expressed concern that allowing a class action stay to be lifted might trigger a

18

"a multitude of similar motions causing further interference with the bankruptcy case" which may have prompted to court to hold, categorically, that "superiority" has no place in bankruptcy. 402 B.R. at 622-23.   These concerns are alleviated by the fact that adversary proceedings are simply not available to the vast majority of potential creditors.   It properly was not available to consumer creditors seeking $4.50 claims in *Ephedra*.   It was not available to employees seeking unpaid overtime as in *Bally's*.

Adversary proceedings are "exceedingly rare" and declining in number.  *See* Douglas G. Baird, Edward R. Morrison, *Adversary Proceedings in Bankruptcy: A Sideshow*, 79 Am. Bankr. L.J. 951, 955 (2005).  According to this survey, "they are altogether absent in the vast majority of corporate Chapter 11s." *Id*. at 968.  Most adversary proceedings in business cases are "concentrated in a handful of cases" usually involving "relatively large businesses in which a creditors' committee is active."  *Id*. at 963.  Congress ensured that adversary proceeding litigation would be rare by limiting it to claims sounding in equity under Part VII.  *See* Fed R. Bankr. P. 7001.  Although courts must apply Rule 23's criteria directly under Part VII, courts may still deny class certification to WARN claims under that criteria where appropriate. Plaintiff trusts that when Rule 23 factors are considered,  this Court may well find that Rule 7023 certification would vindicate the understanding of the District Court that under the Bankruptcy Code:

> all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case.  It permits the broadest possible relief in the bankruptcy court." H.R. Rep. No. 595, 95th Cong., 1st Sess. 309 (1977)).

*In re Chateaugay Corp*., 104 B.R. at 632.

19

To allow the procedural barriers erected in *Jamesway* to thwart certification here, would be to undercut the policy of the announced by the *Chateaugay* court, quoting the words of the Seventh and Eleventh Circuits:

> The bankruptcy statute has the goal of facilitating creditor compensation. It would be incongruous for this bedrock policy to be thwarted by reading a procedural limitation into the Code. Bankruptcy also seeks to achieve equitable distribution of the estate. Persons holding small claims, who absent class procedures might not prosecute them, are no less creditors under the Code than someone with a large, easily filed claim. Applying Rule 23 to filing procedures will bring all claims forward, as contemplated by the Bankruptcy Code.

*In re Chateaugay Corp.*, 104 B.R. at 632 (internal quotation marks and citation omitted).

## III. THE LIQUIDATING FIDUCIARY DEFENSE IS A NON-DETERMINATIVE ISSUE, AS DEWEY RECOGNIZES, NOTWITHSTANDING ITS INAPPLICABLITY HERE.

Dewey not Conn, improperly jumps the gun by previewing its premature liquidating fiduciary argument in its motion's preface, while conceding it is "not determinative."   MTD at ¶ 5.

Both of the cases cited by Dewey, *MF Global Holdings* and *United Healthcare*, counsel against such a liquidating fiduciary argument.  As this Court is aware, both of those were post-petition cases where the adversary proceeding was filed *after* the bankruptcy trustee had already commenced liquidation.  *In re MF Global Holdings Ltd.,* 481 B.R. 268 (Bankr. S.D.N.Y. 2012); *In re United Healthcare System, Inc.*, 200 F.3d 170 (3d Cir. 1999).  Here, the employees were terminated prior to the filing of the bankruptcy petition.  The Conn terminations took place on or around May 7, 2012, while the bankruptcy was not filed until May 28.  Were this Court to expand the liquidating defense to any and all companies that claim that by firing their employees they "ceased operating [their] business as a going concern and [were] simply preparing [themselves] for liquidation"); it would

allow the liquidating fiduciary exception to *swallow the rule*. Such an interpretation of the exception would strip employees of the WARN Act's protection whenever an employer decides to terminate its employees and, before implementing that decision, starts to take preliminary steps towards liquidation, while otherwise continuing to carry on its business. Such an interpretation would *eviscerate the WARN Act* and be an expansion of an exception which is to be construed.

*Law v. American Capital,* No. 05-0836, 2007 WL 221671 at *16 (M.D.Tenn. Jan. 26, 2007)

(emphasis added).

No court has credited a liquidating fiduciary defense where the terminations occurred

prepetition.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's

Motion to Dismiss.

DATED: January 11, 2013                    Respectfully submitted,


                                           By: /s/ Jack A. Raisner
                                           Jack A. Raisner
                                           René S. Roupinian
                                           OUTTEN & GOLDEN LLP
                                           3 Park Avenue, 29th Floor
                                           New York, New York 10016
                                           Telephone:  (212) 245-1000
                                           jar@outtengolden.com
                                           rsr@outtengolden.com

                                           *Attorneys for Plaintiff and the putative class*

21