UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK          FOR PUBLICATION
----------------------------------------------------------------x
In re:                                          :
                                                :
DEWEY & LEBOEUF LLP, et al.                     :  Chapter 11
                                                :  Case No. 12-12321 (MG)
                                                :
                    Debtor.                     :
----------------------------------------------------------------x
VITTORIA CONN,                                  :
on behalf of herself and all others similarly   :
situated                                        :                                   :
                                                :
                    Plaintiff,                  :
                                                :  Adv. Proc. No. 12-01672 (MG)
            v.                                  :
                                                :
DEWEY & LEBOEUF LLP,                            :
                                                :
                    Defendant.                  :
----------------------------------------------------------------x

# MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S MOTION TO DISMISS THE ADVERSARY PROCEEDING

*A P P E A R A N C E S:*

OUTTEN & GOLDEN LLP
*Attorneys for Plaintiff and the Putative Class*
3 Park Avenue, 29th Floor
New York, New York 10016
By:    Jack A. Raisner, Esq.
       Rene S. Roupinian, Esq.

TOGUT, SEGAL & SEGAL LLP
*Attorneys for Debtor and Debtor-in-Possession*
One Penn Plaza, Suite 3335
New York, New York 10119
By:    Frank A. Oswald, Esq.
       Jonathan P. Ibsen, Esq.
       Lara R. Sheikh, Esq.

1

GOULSTON & STORRS, P.C.
*Attorneys for Debtor and Debtor-in-Possession*
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
By:   Joshua Davis, Esq.
       Elizabeth Levine, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

      Pending before the Court is the Motion to Dismiss filed by Dewey & LeBoeuf LLP ("Dewey" or "Debtor"). ("Motion," ECF Doc. # 10.) This putative class action adversary proceeding was filed by Vittoria Conn ("Conn" or the "Plaintiff") on behalf of herself and all others similarly situated. The Plaintiff seeks relief for alleged violations of the WARN Acts (as defined below) and a determination that the alleged class claims are entitled to administrative expense or wage priority status. *See* Complaint (ECF Doc. # 1.) The Debtor argues that the Plaintiff should pursue her claims through the claims allowance process rather than through an adversary proceeding, and that the Plaintiff should not be permitted to assert her claims on a class basis. Debtor also argues that no violation of the WARN Acts occurred based on the so-called liquidating fiduciary principle. The Plaintiff filed an opposition to the Debtor's Motion (the "Opposition," ECF Doc. # 13) and the Debtor filed a reply (the "Reply," ECF Doc. # 16). JPMorgan Chase Bank, N.A., as administrative and collateral agent for the Debtor's first lien lenders, filed a joinder of the Debtor's Motion (ECF Doc. # 17). The Court held a hearing on the Motion on January 24, 2013.

      As explained below, the Court concludes that Plaintiff's Complaint properly asserts causes of action under the WARN Acts and that such claims seek primarily equitable relief that may be asserted in an adversary proceeding in this chapter 11 case. While the Debtor may ultimately prevail on the liquidating fiduciary affirmative defense, or some other defense, the

2

defenses are not established as a matter of law from the four corners of the Complaint. Therefore, the Motion is DENIED.

In addition, with respect to Plaintiff's request that her claims be entitled to administrative expense or wage priority status, such requested relief may not be determined in an adversary proceeding, but only by motion in the main bankruptcy case.

## I.    BACKGROUND

Before its bankruptcy filing on May 29, 2011, Dewey was a prestigious New York City-based law firm that traced its roots to the 2007 merger of Dewey Ballantine LLP and LeBoeuf, Lamb, Green & MacCrae LLP. In recent years, more than 1,400 lawyers worked at the firm in numerous domestic and foreign offices. Dewey's collapse has made front-page news in legal and general publications over the past year; there is no need here to recount the firm's unfortunate demise.

On or around May 7, 2012, Conn was terminated from her employment at Dewey's New York office, where she was a document specialist. On May 10, 2012, Conn filed a class action complaint against Dewey in the U.S. District Court for the Southern District of New York on behalf of herself and others similarly situated for alleged violations of WARN Acts. *Conn v. Dewey & LeBoeuf LLP,* Case No. 12-CV-3732 (S.D.N.Y.) (the "District Court Action"). On May 28, 2012 (the "Petition Date"), Dewey filed a petition for chapter 11 relief with this Court. On the Petition Date, the District Court Action was stayed pursuant to section 362(a) of the Bankruptcy Code.

On May 29, 2012, one day after the Petition Date, Conn filed this adversary proceeding, asserting substantially the same claims she had alleged in the District Court Action. The Complaint seeks relief on behalf of Conn and approximately 550 other similarly situated former

employees who worked for the Debtor and who were allegedly terminated without cause, as part of, or as the result of, mass layoffs or plant closings ordered by the Debtor on or about May 11, 2012, and within thirty days of that date.  The Complaint alleges that Dewey's employees were terminated without cause and (1) were not provided 60 days' advance written notice of their terminations by the Debtor, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et seq.; (2) were not provided 90 days' advance written notice of their terminations by Defendant, as required by the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") and New York Labor Law ("NYLL") § 860 et seq.; and (3) were not provided 60 days' advance written notice of their terminations by the Debtor, as required by the California Labor Code § 1400 et seq. ("CAL WARN Act," collectively with federal and New York statutes, the "WARN Acts").[1]

Plaintiff and all similarly situated employees seek to recover from the Debtor 60 days' wages and benefits, pursuant to 29 U.S.C. § 2104, NYLL § 860-(G)(2) and the California Labor Code.  The Complaint alleges that the relief awarded to the discharged employees is entitled to partial administrative expense status pursuant to section 503(b)(1)(A) of the Bankruptcy Code and partial, or alternatively, full priority status, under section 507(a)(4) and (5), up to the $11,725.00 priority cap, with the balance, if any, being a general unsecured claim.

The Debtor and Plaintiff stipulated, and the Court approved, extensions of time for the Debtor to respond to the Complaint, first until August 9, 2012, and then until October 2, 2012.  In a stipulation and order entered on October 2, 2012, the Debtor's time to respond to the Complaint was extended again until October 19, 2012.  (ECF Doc. # 6.)  This stipulation and order also provided that "The bar date for WARN claims shall be extended to the earlier of forty

---

[1]    The CAL WARN Act claim was not alleged in the District Court Action.

4

five (45) days from the service of the Answer or entry of an order adjudicating Debtor's motion to dismiss Plaintiff's Complaint." *Id.* ¶ 2.

The Debtor did not timely respond to the Complaint on or before October 19, 2012. On December 7, 2012, the Plaintiff filed a motion for class certification. (ECF Doc. ## 7, 8.) On December 14, 2013, the Debtor filed its untimely motion to dismiss. (ECF Doc. # 10.) Both the motion to dismiss and the motion for class certification were originally scheduled to be heard together on January 24, 2013, but the class certification motion was adjourned until March 28, 2013. While the briefs on the motion to dismiss also address issues concerning class certification, the Court will defer decision on the certification issues until the March 28 hearing.

A.    **The Motion to Dismiss**

Only one of the Debtor's arguments in support of dismissal addresses whether the Complaint sufficiently alleges a claim on which relief can be granted—and as explained below, that argument raises what properly must be asserted as an affirmative defense that cannot be resolved on the motion to dismiss.

The thrust of the Motion is that WARN Act claims arising from prepetition discharge of employees may *only* be asserted through proofs of claim (and, then, only as individual proofs of claim and not as a class proof of claim) that must be resolved as part of the claims allowance process in the event that the Debtor files objections to the claims. According to the Debtor, under FED. R. BANKR. P. 7001, such prepetition WARN Act claims may not proceed by adversary proceeding and, therefore, the Complaint must be dismissed.

The Debtor also argues that no basis exists for allowing the Plaintiff to pursue her claims on a class basis. The Debtor argues that the traditional benefits of class litigation outside the bankruptcy process are already inherent in the structure of a bankruptcy case. For example,

5

bankruptcy procedure already provides notice to potential claimants, consolidating claims in a single forum and allowing for the efficient litigation of common issues.

Lastly, the Debtor argues that no substantive violation of the WARN Acts occurred. Case law establishes that a defendant may only be liable under the WARN Acts if it is an "employer" operating a "business enterprise"; the Debtor argues that it no longer fit those requirements when it dismissed the employees and, therefore, it cannot be liable under the WARN Acts. This defense is often referred to as the "liquidating fiduciary principle."

### B. The Plaintiff's Opposition

The Plaintiff makes several arguments in opposition. First, Plaintiff observes that the Debtor does not deny that the Complaint contains a short and plain statement of facts setting forth a claim for relief, making a motion to dismiss under FED. R. CIV. P. 12(b)(6) inappropriate. Second, Plaintiff contends that case law recognizes that relief for WARN Act claims is "back pay," which is an equitable remedy, and WARN Act claims may therefore be brought in an adversary proceeding pursuant to Rule 7001(7). FED. R. BANKR. P. 7001(7) ("The following are adversary proceedings: . . . (7) a proceeding to obtain an injunction *or other equitable relief . . .* .") (emphasis added). Third, Plaintiff argues that case law recognizes the availability of class actions in bankruptcy proceedings, and that FED. R. BANKR. P. 7023 has been applied to WARN Act claims. *See* Opposition at 13-14.

## II.    DISCUSSION

### A.    The Complaint Complies with FED. R. CIV. P. 12(b)(6)

#### *1.    Motion to Dismiss Standard*

To survive a motion to dismiss pursuant to Rule 12(b)(6), made applicable here by FED. R. BANK. P. 7012, "a complaint must set out only enough facts to state a claim for relief that is

plausible on its face." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (citation and internal quotation marks omitted). Plausibility "is not akin to a probability requirement," but rather requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation and internal quotation marks omitted).

Courts use a two-prong approach when considering a motion to dismiss. *McHale v. Citibank, N.A. (In re the 1031 Tax Group, LLC)*, 420 B.R. 178, 189–90 (Bankr. S.D.N.Y. 2009).[2] First, the court must accept all factual allegations in the complaint as true, discounting legal conclusions clothed in factual garb. *See, e.g., Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (stating that a court must "assum[e] all well-pleaded, nonconclusory factual allegations in the complaint to be true") (citing *Iqbal*, 129 S.Ct. at 1949–50).[3] Second, the court must determine if these well-pleaded factual allegations state a "plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950 (citation omitted).

Courts do not make plausibility determinations in a vacuum; it is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

---

[2]    *See also Weston v. Optima Commc'ns Sys., Inc.*, No. 09 Civ. 3732 (DC), 2009 WL 3200653, at *2 (S.D.N.Y. Oct. 7, 2009) (Chin, J.) (acknowledging a "two-pronged" approach to deciding motions to dismiss); *S. Ill. Laborers' and Employers Health and Welfare Fund v. Pfizer, Inc.*, No. 08 CV 5175 (KMW), 2009 WL 3151807, at *3 (S.D.N.Y. Sept. 30, 2009) (same); *Inst. for Dev. of Earth Awareness v. People for the Ethical Treatment of Animals*, No. 08 Civ. 6195 (PKC), 2009 WL 2850230, at *3 (S.D.N.Y. Aug. 28, 2009) (same).

[3]    *See also Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2d Cir. 2009) (stating that the court must "accept as true all of the factual allegations set out in the plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally") (quoting *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001)); *Boykin v. KeyCorp*, 521 F.3d 202, 204 (2d Cir. 2008) ("In reviewing a motion to dismiss, we accept the allegations in the complaint as true") (citation omitted); *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) ("Although we construe the pleadings liberally, bald assertions and conclusions of law will not suffice.") (internal quotation marks omitted).

(citation omitted). A claim is plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citation omitted). A complaint that only pleads facts that are "merely consistent with a defendant's liability" does not meet the plausibility requirement. *Id*. (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007) (internal quotation marks omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "The pleadings must create the possibility of a right to relief that is more than speculative." *Spool*, 520 F.3d at 183 (citation omitted).

Courts deciding motions to dismiss must draw all reasonable inferences in favor of the nonmoving party and must limit their review to facts and allegations contained in (1) the complaint, (2) documents either incorporated into the complaint by reference or attached as exhibits, and (3) matters of which the court may take judicial notice. *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.,* 369 F.3d 212, 217 (2d Cir. 2004) (citation omitted); *Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir. 1993).

The Debtor does not deny that the Complaint satisfies the pleading requirements of Rule 8(a). Plaintiff's Complaint contains a short and plain statement of the facts sufficient to give the Debtor notice of the relief Plaintiff claims she and the putative class are entitled to receive. And, notwithstanding the Debtor's liquidating fiduciary argument, the Complaint states a plausible claim for relief: it asserts that the Debtor terminated Plaintiff and other employees in the month before the bankruptcy filing, and it alleges that Debtor failed to comply with the WARN Acts' notice requirements. At this stage, at least, the Debtor does not dispute the mass layoffs or the

8

failure to satisfy the full notice periods required under the WARN Acts unless otherwise excused.

### 2. *The Liquidating Fiduciary Principle*

The Debtor argues that if the Complaint was properly brought as an adversary proceeding, the Complaint should nevertheless be dismissed because Dewey did not meet the definition of "employer" under the WARN Acts at the time of dismissal. While asserting the argument, the Debtor acknowledges that this issue is "not determinative on a motion to dismiss." Motion ¶ 5.

The Federal WARN Act is codified at 29 U.S.C. §§ 2101–2109. In general terms, it requires "employers" (defined below) with more than 100 employees to provide sixty calendar days' advance notice of "plant closing" or "mass layoffs" (both terms are defined in section 2101(a)). There are three exceptions to the full sixty-day requirement, but employers must still provide notice as soon as practicable. The exceptions are: (1) when an employer is actively seeking capital or business and reasonably believes that advance notice would preclude its ability to garner capital or business (known as the "faltering company" exception); (2) unforeseeable business circumstances; and (3) natural disasters. 29 U.S.C. § 2102(b). When section 2102 is violated, the employer is liable for relief, including employee back pay and benefits under an employee benefit plan. 29 U.S.C. § 2104. While the first two of these WARN Act exceptions might be applicable here, "these defenses are fact intensive and are thus not conducive to the motion to dismiss stage." *Thielmann v. MF Global Holdings Ltd. (In re MF Global Holdings Ltd.)*, 481 B.R. 268, 278 (Bankr. S.D.N.Y. 2012).

The Debtor argues, though, that it was not an "employer," as defined by the WARN Act, at the time of termination. The WARN Act defines "employer" as "any business enterprise that

9

employs (A) 100 or more employees, excluding part-time employees; or (B) 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of hours of overtime)[.]" 29 U.S.C. § 2101(a)(1). A liquidating fiduciary principle has developed, pursuant to which a liquidating fiduciary in a bankruptcy case does not fit the definition of an employer for purposes of the WARN Act. *See, e.g., Official Comm. of Unsecured Creditors of United Healthcare Sys., Inc. v. United Healthcare Sys., Inc. (In re United Healthcare Sys., Inc.),* 200 F.3d 170, 177-79 (3d Cir. 1999); *Chauffeurs, Sales Drivers, Warehousemen Helpers Union Local 572 v. Weslock Corp.*, 66 F.3d 241, 244 (9th Cir. 1995) (stating that "WARN's obligations . . . can apply . . . only where the [secured] creditor operates the debtor's asset as a 'business enterprise' in the 'normal commercial sense'"); *Walsh v. Diamond (In re Century City Doctors Hospital, LLC)*, BAP No. CC–09–1235–MkJaD, 2010 WL 6452903, at *6–7 (B.A.P. 9th Cir. 2010) (affirming motion to dismiss WARN Act claim against liquidating fiduciary); *MF Global*, 481 B.R. at 280-82; *Barnett v. Jamesway Corp. (In re Jamesway Corp.),* 235 B.R. 329, 343 (Bankr.S.D.N.Y.1999) *("Jamesway II*"); *Barnett v. Jamesway Corp. (In re Jamesway Corp.)*, 1997 WL 327105, *12 (Bankr. S.D.N.Y. 1997) ("*Jamesway I*") (stating that "liquidating fiduciaries need not provide notice to terminated employees under the WARN Act"). The Debtor argues that it was no longer operating in an ordinary business sense when it laid off its employees. Such issues of fact cannot be resolved on a motion to dismiss.

Plaintiff's counsel argues that the liquidating fiduciary principle generally applies to claims for terminations that occurred *after* the petition date, not before, as occurred here. But not all cases applying the principle involve post-petition terminations, and the petition date is not determinative of the outcome in all cases. For example, in *United Healthcare*, where the terminations occurred before the petition date but after the debtor had clearly demonstrated its

10

intent to liquidate, the court applied the principle, but only based on a factual record, not on a motion to dismiss. 200 F.3d at 175. And, in *MF Global*, this Court dismissed a WARN complaint against the SIPA Trustee based on the liquidating fiduciary principle because, as a matter of law, the SIPA Trustee could only liquidate the debtor at the time the lay-off notices were given. But this Court declined to dismiss the complaint based on the liquidating fiduciary principle against the parent company which was the debtor in a separate chapter 11 case that was not controlled by the SIPA Trustee, because factual issues existed whether the chapter 11 debtors were liquidating at the time of the lay-offs.[4] 481 B.R. at 283. As the Court explained:

> Dismissing a case based on the "liquidating fiduciary" principle requires the court to conclude as a matter of law that a debtor was liquidating when the layoffs occurred. That result is only possible here for MFGI, because the SIPA Trustee was appointed and could do nothing other than liquidate the business. Disputed issues of fact appear to exist with respect to the chapter 11 Debtors.

*MF Global,* 481 B.R. at 282. *See also Jamesway I,* 1997 WL 327105, and *Jamesway II,* 235 B.R. 329 (employees were terminated post-petition; both decisions arose on a summary judgment motion and both motions were denied because of factual issues).

No case law supports granting a motion to dismiss based on the liquidating fiduciary principle where the terminations occurred prepetition and there is a factual dispute whether the debtor was operating as a going concern at the time of terminations. Subject to consideration whether the Complaint must be dismissed because an adversary proceeding is improper under FED. R. BANKR. P. 7001, the Complaint will not be dismissed for failure to state a claim for relief.

---

[4] The complaint was dismissed without prejudice with leave to amend for other reasons.

11

### B. The Action Was Properly Brought as an Adversary Proceeding

Bankruptcy Rule 7001 lists ten separate categories of proceedings specifically denominated as adversary proceedings. Rule 7001(7) provides that a proceeding "to obtain an injunction or other equitable relief" is an adversary proceeding. The filing of a proof of claim ordinarily does not commence an adversary proceeding, even if priority is also claimed. *See* COLLIER ON BANKRUPTCY ¶ 7001.01 (16th ed. 2012). Therefore, the focus here must be whether Plaintiff's Complaint seeks equitable relief.

Case law supports the Plaintiff's argument that WARN Act claims seek equitable relief. Successful WARN Act plaintiffs recover back pay as equitable restitutionary relief as opposed to damages—WARN Act plaintiffs are not seeking "compensation for the damages flowing from their discharge, but a reimbursement of those salaries and benefits, calculated on a per diem basis, which were due to them on the date they were laid off." *Burgio v. Protected Vehicles, Inc.* (*In re Protected Vehicles, Inc.*), 392 B.R. 633, 638 (Bankr. D.S.C. 2008) (holding that an adversary proceeding is proper under Rule 7001(7) because WARN Act claims are equitable in nature). *See also Bledsoe v. Emery Worldwide Airlines, Inc.*, 635 F.3d 836, 843 (6th Cir. 2011) (recognizing that WARN plaintiffs seek "wrongfully withheld funds—here back pay and benefits that should have been paid"); *Schwartz v. Gregori*, 45 F.3d 1017, 1022–23 (6th Cir. 1995) (finding back pay awarded for retaliatory discharge in violation of ERISA constituted restitution and was, therefore, an equitable remedy available under ERISA); *Nelson v. Formed Fiber Technologies, LLC*, 2:10-CV-473, 2012 WL 118490, *4–5 (D. Me. Jan. 13, 2012), report and recommendation adopted, 2:10-CV-473, 2012 WL 1253050 (D. Me. Apr. 13, 2012).

Relief granted by a court for violation of the WARN Acts is also equitable because the court retains the discretion to reduce the amount of the relief awarded based on a showing of

good faith by the defendant. *See In re Protected Vehicles, Inc.*, 392 B.R. at 636–37 (also noting that class actions have their roots grounded firmly in equity). As the Sixth Circuit stated in *Bledsoe,* "the WARN Act places the entire amount of the liability in the district court's discretion. This reinforces our view that the WARN Act remedies at issue are equitable in nature." 635 F.3d at 844; *cf. Albemarle Paper Co. v. Moody,* 422 U.S. 405, 443 (1975) (Rehnquist, J., concurring) ("To the extent, then, that the District Court retains substantial discretion as to whether or not to award backpay notwithstanding a finding of unlawful discrimination, the nature of the jurisdiction which the court exercises is equitable . . . .").

While the Second Circuit has not specifically addressed the issue raised here, it has held that back pay under other employment statutes, such as Title VII of the Civil Rights Act, constitutes equitable relief. *See Robinson v. Metro–North Commuter R.R. Co.,* 267 F.3d 147, 160 (2d Cir. 2001) (holding that plaintiffs are entitled to seek equitable relief in the form of back pay in addition to compensatory damages, which are not equitable); *Dominic v. Consolidated Edison Co.,* 822 F.2d 1249, 1257–58 (2d Cir. 1987) (holding that Title VII back pay is considered to be an equitable award determined by the judge). Several courts in this District, including this Court, have permitted WARN Act adversary proceedings to proceed,[5] often as certified class actions.[6] *See Pinsker v. Borders Group, Inc. (In re BGI, Inc. f/k/a/ Borders Group, Inc.)*, 465 B.R. 365 (Bankr. S.D.N.Y. 2012) (approving settlement of class action

---

[5] Recently, in *Langley v. Howrey LLP*, the court dismissed a WARN Act adversary proceeding filed by former employees of the debtor-law firm. Adv. Pro. No. 11-03065 (Bankr. N.D. Cal. 2011) (ECF Doc. # 32.) However, as explained in a letter submitted to this Court on behalf of Conn (ECF Doc. # 20), the plaintiffs voluntarily agreed to dismiss the case and proceed with a class proof of claim in exchange for a stipulation to class certification with guarantees that the class claim be treated as an adversary for all purposes.

[6] In the Southern District, orders certifying adversary proceeding class actions have been granted at the settlement stage, but in the Eastern District, class certification was granted at the outset of litigation. *See Curry v. Caritas Health Care Inc.*, No. 09-40901 (Bankr. E.D.N.Y.); *Matzen v. Corwood Laboratories, Inc.,* No. 10-08003 (Bankr. E.D.N.Y.).

adversary proceeding); *Wenzel v. Partsearch Technologies, Inc.* (*In re Partsearch Technologies, Inc.*), 453 B.R. 84, 93–94 (Bankr. S.D.N.Y. 2011) (approving settlement of class action adversary proceeding); *Mochnal v. Eos Airlines, Inc.,* Adv. Proc. No. 08-08279 (Bankr. S.D.N.Y 2008) (ECF Doc. # 17) (approving settlement of WARN Act class action adversary proceeding); *Guippone v. BH S&B Holdings LLC,* Adv. Proc. No. 09-01029, 2011 WL 1345041 (S.D.N.Y. Mar. 30, 2011) (adversary proceeding settled after the reference from the bankruptcy court was withdrawn).

None of the cases on which the Debtor relies in support of its argument that prepetition claims cannot be brought under Rule 7001(7) actually involved WARN Act claims. Rather, they involved claims for contract damages or other damages-type relief grounded in law; they do not bear on Plaintiff's ability to prosecute an adversary proceeding principally seeking equitable relief.

Specifically, the Debtor primarily relies on the transcript of a bench ruling in *Swabsin v. Lehman Bros. Holdings, Inc.,* Adv. Pro. No. 09-01482-JMP (Bankr. S.D.N.Y. May 13, 2012) (the "Lehman Transcript," ECF Doc. # 13). In *Swabsin*, former Lehman employees commenced a class action adversary proceeding seeking administrative and/or priority claims regarding the debtor's breach of prepetition severance contracts. In ruling from the bench, the court granted the debtor's motion to dismiss the complaint, holding that Rule 7001 is not a substitute for filing a proof of claim, nor may it used to adjudicate the priority of a proof of claim. The court stated: "Why would it ever be appropriate for one lawyer to purport to represent any subclass of claimants through an adversary proceeding when there already exists a set of procedures designed to deal with claim allowance." *Id.* at 70:15–19. But the claims asserted in the adversary proceeding sought damages for breach of contract, not equitable relief as is the case

14

here. Thus, there is nothing inconsistent between the ruling in *Swabsin* and the result reached here.

Other cases cited by the Debtor for the proposition that claims arising from prepetition conduct must be asserted by way of the claims allowance process are also inapplicable here because they do not involve claims for equitable relief. *See Evergreen v. Lehman Bros., Inc,* 2011 WL 722582, *7–8 (Bankr. S.D.N.Y. 2011) (dismissing a claim for breach of contract because the claim should have been asserted "in accordance with the claims allowance process, and not be means of an adversary proceeding"); *DBL Liquidating Trust v. P.T. Tirtamas Majutama (In re Drexel Burnham Lambert Grp., Inc.),* 148 B.R. 993, 998 (S.D.N.Y. 1992) ("A claim for damages arising from pre-petition conduct is not one of [the] categories [enumerated in Bankruptcy Rule 7001]."); *Earl H. Galitz P.A. v. Edghill (In re Edghill)*, 113 B.R. 783, 784 (Bankr. S.D. Fla. 1990) (holding that a creditor is precluded from recovering damages in an adversary proceeding because the cause of action arose from prepetition conduct); *Healy/Mellon-Stuart Co. v. Coastal Grp., Inc. (In re Coastal Grp., Inc.),* 100 B.R. 177, 178 (Bankr. D. Del. 1989) (refusing to grant relief from the automatic stay to the plaintiff to pursue an adversary proceeding against the debtor for a prepetition claim*); see also Colandrea v. Union Home Loan Corp. (In re Colandrea),* 17 B.R. 568, 583 (Bankr. D. Md. 1982) (refusing to determine whether a party was entitled to an administrative expense claim in an adversary proceeding without first providing creditors and parties in interest with "notice and a hearing").

Only one case cited by the Debtor dismissed a WARN Act adversary proceeding because it sought to recover on a prepetition claim. *See Bridges v. ContinentalAFA Dispensing Co (In re ContinentalAFA Dispensing Co.),* 403 B.R 653, 659 (Bankr. E.D. Mo. 2009). But the court there only held that (1) the plaintiff's WARN Act claims were not entitled to administrative priority

15

because the plaintiff was terminated prepetition and (2) that filing the complaint violated the automatic stay as an attempt to collect a prepetition debt. *Id*. The court never discussed Rule 7001 or whether the remedies available under the WARN Act are equitable in nature. With respect to its ruling on the automatic stay, the court did not provide any analysis. *Bridges* is simply not persuasive precedent that an adversary proceeding seeking equitable relief for WARN Act claims cannot be maintained under Rule 7001.

## C. The Court Will Not Rule on Class Certification at this Stage

Class actions in bankruptcy court are governed by Rule 23 of the Federal Rules of Civil Procedure, made applicable to an adversary proceeding by Rule 7023 of the Bankruptcy Rules. The Plaintiff bears the burden of establishing that the requirements of Rule 23 are satisfied. The time to do so will be at the class certification hearing.

The Debtor assumed in its arguments in support of dismissal and against class treatment that the adversary proceeding must be dismissed and that WARN Act claims can only be pursued as part of the claims allowance process. While a bankruptcy court has the discretion to apply Rule 7023 to a class proof of claim, case law indicates that a court should use caution in doing so. *See In re Musicland Holding Corp.*, 362 B.R. 644, 654-55 (Bankr. S.D.N.Y. 2007).[7] Some of the same considerations that may lead a court to exercise its discretion to decline to apply Rule 7023 in a contested matter involving a class proof of claim may counsel against class

---

[7] The court in *Musicland* explained:

> Several factors inform the Court's decision whether to extend the application of Rule 23 to a proof of claim. These include (1) whether the class was certified pre-petition, (2) whether the members of the putative class received notice of the bar date, and (3) whether class certification will adversely affect the administration of the case. The latter often centers on (a) the timing of the motion for certification, and (b) whether a plan has been negotiated, voted on or confirmed.

*Id.* (citations omitted).

certification of an adversary proceeding, but Rule 7023 does apply to an adversary proceeding. The class certification hearing will be the time to consider those issues.

The Debtor has not cited to any authority suggesting the motion to dismiss stage is the proper point for the Court to consider whether a plaintiff class should be certified in an adversary proceeding. Rule 23(c)(1)(A) provides, "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." FED. R. CIV. P. 23(c)(1)(A). Here, Plaintiff filed a class certification motion on December 7, 2012, and by agreement of the parties the motion is scheduled to be heard on March 28, 2013. The delay, if any, in filing or bringing a hearing on the class certification motion rests with the Debtor as it failed to timely respond to the Complaint by October 19, 2012. The Plaintiff's motion for class certification will be heard by this Court on March 28, 2013, and the Court will wait until that time to consider whether the Plaintiff has satisfied all of the requirements of Rule 23.[8]

---

[8] While a ruling on the class certification must await the hearing on the motion, numerous courts have recognized that WARN Act claims lend themselves to class treatment. As the district court stated in *Guippone v. BH S&B Holdings LLC,* 09 CIV. 1029 CM, 2011 WL 1345041, at *2 (S.D.N.Y. Mar. 30, 2011), the WARN Act is "particularly amenable to class litigation." *See also Cashman v. Dolce International/Hartford, Inc.*, 225 F.R.D.73, 90 (D. Conn. 2004) ("By its terms, WARN is applicable only in the context of employer action which affects a large number of employees."); *Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989) (same); *see also Grimmer v. Lord, Day & Lord*, 937 F. Supp. 255 (S.D.N.Y. 1996) ("[T]he WARN Act provisions lend themselves to class action because they provide for limited recovery."); *New Orleans Clerks and Checkers Union Local 1497 v. Ryan-Walsh, Inc.*, 1994 WL 72101 (E.D. La., Mar. 2, 1994) (stating that "the instant proceeding, a WARN action, falls squarely within the criteria for sanctioning a class."). Class treatment of WARN Act claims may be particularly appropriate in the bankruptcy context where equality of distribution is central to the bankruptcy process. WARN Act claims arise when mass lay-offs of employees occur. The individual circumstances of each employee are unlikely to be legally significant and the defenses available to a debtor are likely to apply across the board, including whether a court should exercise discretion to reduce the amount of any award to class members. *See Partsearch Techs.*, 453 B.R. at 95 (concluding that typicality requirement was met because class members were subjected to the same course of events resulting in their termination); *In re Taylor Bean & Whitaker Mortg. Corp.,* No. 3:09–bk–07047–JAF, 2010 WL 4025873, at *6 (Bankr. M.D. Fla. Sept.27, 2010) (finding that typicality requirement was satisfied because the plaintiff "suffered the same type of injury as the rest of the class" and the debtor defendant's "alleged failure to comply with the requirements of the WARN Act represent[ed] a single course of conduct with regard to each potential class member"). In two prior WARN Act adversary proceedings, this Court certified classes for settlement purposes and approved the settlements. *See Borders Grp., Inc.*, 465 B.R. 365; *Partsearch Techs.*, 453 B.R. 84, 93-94.

**D. The Administrative or Priority Status of Plaintiff's Claims Must be Determined in the Main Bankruptcy Case**

Conn asserts that her claims are entitled to partial administrative expense status pursuant to Bankruptcy Code § 503(b)(1)(A) and partial, or alternatively, full priority status, under Bankruptcy Code § 507(a)(4) and (5), up to the $11,725 priority wage cap, with the balance, if any, as a general unsecured claim. However, even when contested, an administrative expense or priority claim is not properly asserted in an adversary proceeding. Such claims are typically brought by motion in the bankruptcy case and relief is granted only after notice and a hearing. *See In re Colandrea*, 17 B.R. at 583; *Pillar Capital Hldgs., LLC v. Williams (In re Living Hope Southwest Med. Servs., LLC),* Nos. 4:06-BK-71484, 4:11-CV-04043, 2012 WL 1078345 (W.D. Ark. Mar. 30, 2012); *see also W.A. Lang Co. v. Anderberg-Lund Printing Co. (In re Anderberg-Lund Printing Co.),* 109 F.3d 1343, 1346 (8th Cir. 1997) (recognizing that administrative claims are properly brought by motion in the bankruptcy case but allowing the court to determine the claim in the adversary proceeding because the debtor against whom the plaintiff brought its claim was a party to the adversary proceeding, it had full notice of plaintiff's claim, and the factual and legal issues presented in the litigation were closely related to the determination of plaintiff's administrative expense claim). The parties in the adversary proceeding are limited to the Plaintiff (and the putative class) and the Debtor. The issue of administrative expense or priority status affects the potential recovery of all unsecured creditors and they may object to any motion to accord such status to any recovery in the adversary proceeding.[9]

---

[9] In connection with this Court's approval of the settlements of the WARN class actions in *Partsearch Technologies* and *Borders Group, Inc.*, the settlement approval motions were filed both in the main cases and in the adversary proceedings assuring proper notice to all creditors of the treatment accorded to the settlement payments made by the debtors. *See Partsearch Techs.*, Case No. 11-10282, ECF Doc. # 163 (main case); Adv. Pro. No. 11-01445, ECF Doc. # 19 (adversary proceeding); and *Borders Grp., Inc.*, 11-10614, ECF Doc. # 2232 (main case); Adv. Pro. No. 11-02586, ECF Doc. # 8 (adversary proceeding). No objections to the settlements were filed in those cases.

### III. CONCLUSION

For the reasons explained above, the Debtor's Motion to dismiss the Complaint is

**DENIED**.

**IT IS SO ORDERED.**

Dated:   February 11, 2013
         New York, New York

                                              ___*Martin Glenn*_____
                                                MARTIN GLENN
                                      United States Bankruptcy Judge