**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re: DEWEY & LEBOEUF LLP              :        Chapter 11
                                        :        Case No. 12-12321 (MG)
                                        :
                  Debtor                :
-----------------------------------------------------------------x
VITTORIA CONN on behalf of herself      :
and all others similarly situated,      :
                                        :
                                        :
                  Plaintiff,            :        Adv. Proc. No. 12-01672 (MG)
                                        :
       - against –                      :
                                        :        CASE MANAGEMENT &
DEWEY & LEBOEUF LLP                     :        SCHEDULING ORDER # 1
                                        :
                  Defendant.            :
                                        :
-----------------------------------------------------------------x

      This Amended Case Management and Scheduling Order is entered by the Court, following a Scheduling Conference and Pre-Motion Conference held on December 16, 2013, in accordance with Fed. R. Civ. P. 16(b) and 26(f).

      1.    Plaintiff served Defendant with written discovery on March 12, 2013. Although Defendant objected to such written discovery as premature under the applicable Rules, it has produced certain documents informally.

      2.    Plaintiff informed the Court on December 16, 2013, that she is prepared to file her Motion for Partial Summary Judgment.

      3.    The Parties have engaged in pre-discovery settlement discussions followed by formal mediation. To date, the parties have not reached a consensual resolution of this matter.

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 60 days from the date of this Order.

5. Initial disclosure pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of this Order.

6. Defendant shall serve responses to Plaintiff's First Set of Interrogatories and First Request for Production of Documents, served March 12, 2013 within thirty (30) days from entry of this Order. Defendant shall begin a rolling production of responsive documents at that time and substantially complete that production within sixty (60) days from entry of this Order. The failure to complete production within the timeframe stated shall justify good cause for the extension of fact discovery.

7. All <u>fact</u> discovery shall be completed no later than 180 days from the date of this Order.

8. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure ("Civil Rules"), Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York ("Local Bankruptcy Rules").

9. **<u>Expert discovery</u>**

a. All <u>expert</u> discovery shall be completed no later than sixty (60) days after the date in paragraph 7, <u>i.e.</u>, the completion of all fact discovery.

b. No later than thirty (30) days <u>prior to</u> the date in paragraph 7, <u>i.e.</u>, the completion of all fact discovery, (i) the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and

2

depositions, provided that plaintiff(s)' expert report(s) shall be due before those of defendant(s)' expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(a).

    10.    **Motions**

    a.    All motions and applications shall be governed by the Civil Rules, Bankruptcy Rules and Local Bankruptcy Rules, including pre-motion conference requirements. Pursuant to the authority provided by Fed. R. Civ. P. 16(b)(2), a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto (*see* Local Bankruptcy Rule 7056-1) is made in writing within fourteen (14) days after the close of fact discovery (*see* paragraph 7 hereof).

    b.    Motion papers shall be filed promptly after service. All motions, and courtesy copies of motions, shall include a table of contents listing all affidavits and exhibits. Affidavits and exhibits shall be clearly identified by tabs on both the original and courtesy copies. Exhibits shall be marked sequentially such that no exhibit number or letter repeats, regardless of the affidavit to which it is attached. Exhibits for plaintiffs should be marked by numbers; exhibits for defendants should be marked by letters.

    c.    Two courtesy copies of all motions papers shall be delivered to chambers as soon as practicable after filing.

    d.    Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. All memoranda shall be double-spaced, 12-point font, with 1" margins. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities.

e. Prior to filing a motion, counsel for the moving party shall contact my Courtroom Deputy, Deanna Anderson, to obtain a hearing date for the motion.

11. With respect to Plaintiff's Motion which was the subject of the Pre-Motion Conference held on December 16, 2013, the briefing schedule shall be as follows:

a. Plaintiff shall file her Motion for Summary Judgment (the "Motion") upon entry of this Order;

b. Defendant's response thereto shall be filed within thirty (30) days of service of the Motion; and

c. Plaintiff's reply shall be filed within fifteen (15) days of service of the response.

12. Counsel shall submit a proposed Joint Pretrial Conference Order within thirty (30) days after the close of fact and expert discovery (whichever is later). The proposed Joint Pretrial Conference Order shall be prepared using the form of order that will be provided to counsel by my Courtroom Deputy or law clerks.

13. In the event of any discovery dispute in this action, counsel shall first meet and confer in an effort to resolve the dispute. If counsel are unable to resolve the dispute, counsel for any party seeking assistance from the Court shall, before filing any discovery motion, arrange a conference call with the Court with all counsel involved in the dispute. The Court will endeavor to resolve the dispute without the filing of any discovery motions.

14. The next Case Management Conference will be scheduled after the Court hears argument on the summary judgment motion.

15. This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.

Dated: January 23, 2014
New York, New York

>     **/s/Martin Glenn**
> MARTIN GLENN
> United States Bankruptcy Judge