# **Exhibit A**

Settlement Agreement

SETTLEMENT AND RELEASE AGREEMENT

between

VITTORIA CONN, ON BEHALF OF HERSELF AND AS A CLASS

REPRESENTATIVE ON BEHALF OF THE OTHER CLASS MEMBERS,

and

DEWEY & LEBOEUF LIQUIDATION TRUST,

as successor in interest to DEWEY & LEBOEUF LLP

Dated as of May 28, 2014

<u>SETTLEMENT AND RELEASE AGREEMENT</u>

This Settlement and Release Agreement, dated as of May __, 2014, is entered into by and among the Dewey & LeBoeuf Liquidation Trust (the "Liquidation Trust") as successor in interest to Dewey & LeBoeuf LLP (the "Debtor") and Alan M. Jacobs, in his capacity as the Liquidating Trustee of the Liquidation Trust (the "Liquidating Trustee") and their successors, predecessors and assigns, on the one hand, and Vittoria Conn, on behalf of herself and on behalf of all similarly-situated Class Members, on the other.

<u>RECITALS</u>

WHEREAS, the Debtor operated facilities in New York City, NY and Washington, D.C. (the "Facilities");

WHEREAS, on or around May 15, 2012 through June 14, 2012, the Debtor terminated certain employees who worked at or reported to the Facilities, including the Class Members;

WHEREAS, the Debtor contends that, on or about May 4, 2012, May 10, 2012 and May 11, 2012 it delivered WARN Notices to employees who worked at or reported to the Facilities that constituted proper and sufficient notice in accordance with the WARN Acts of any plant closing or mass layoff affecting such persons to the extent the WARN Acts were applicable;

WHEREAS, on May 28, 2012, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Lead Case No. 12-12321-MG;

WHEREAS, on or about May 29, 2012, the Class Representative filed the WARN Action against the Debtor, on behalf of herself and the Class Members, seeking to recover sixty (60)

days' wages and benefits for employees who worked at the Facilities and who were allegedly terminated by the Debtor without being provided proper notice as required by the WARN Acts;

WHEREAS, the Class Representative also originally brought her claims on behalf of employees of Debtor's Los Angeles, CA Facility, but the Parties agree that the Debtor's termination of certain employees who worked at or reported to the Los Angeles, CA Facility did not violate the WARN Acts;

WHEREAS, the Debtor contends, among other things, that: (i) to the extent the WARN Acts were implicated, it qualifies as a "faltering company" pursuant to section 639.9(a) of the WARN Act regulations and section 921-6.2 of the NY WARN Act regulations; and (ii) the terminations were the result of "unforeseeable business circumstances" pursuant to section 639.9(b) of the WARN Act regulations and section 921-6.3 of the NY WARN Act regulations;

WHEREAS, on December 14, 2012, the Debtor filed its Motion to Dismiss Plaintiff's Adversary Proceeding Complaint [Adv. Docket No. 10];

WHEREAS, on February 11, 2013, Debtor's Motion to Dismiss Plaintiff's Complaint was denied. [*See,* Order Denying Motion to Dismiss, Docket No. 24];

WHEREAS, on or about March 8, 2013 the Court entered an order certifying the Class [Docket No. 25];

WHEREAS, on or about April 8, 2013, Class Counsel filed the *Affidavit of Mailing of Notice of Class Action* [Docket No. 28], attesting that the Class Members were served with a *Notice of Class Action* (the "Notice of Class Action") that provided procedures for Class Members to opt-out of the Class;

WHEREAS, on or about May 23, 2013, Class Counsel filed the Declaration of René S. Roupinian Concerning Putative Class Members Who Have Opted-Out of the Class [Docket No.

29], which declares that four Class Members opted-out of the Class pursuant to the Notice of Class Action;

WHEREAS, on January 24, 2014, the Class filed their *Motion to Strike Affirmative Defenses, or, Alternatively, for Partial Summary Judgment.* [Docket No. 39];

WHEREAS, on April 10, 2014, the Court entered its decision granting Plaintiff's Motion to Strike Affirmative Defenses. [Docket No. 47];

WHEREAS, the Parties entered into good faith, arm's-length mediation regarding a resolution of the WARN Action;

WHEREAS, there exists significant, complex legal and factual issues regarding the application of the WARN Acts to the facts and circumstances at issue and the viability of the WARN Action, including, without limitation:

- whether the WARN Notices provided proper and sufficient notice to the Class Members in accordance with the WARN Acts;

- whether the Debtor was entitled to give fewer than ninety (90) days' notice because of unforeseeable business circumstances;

- whether the Debtor was entitled to give fewer than ninety (90) days' notice because the Debtor was a faltering company;

- whether the Debtor has other defenses to the application of the WARN Acts;

WHEREAS, the Plaintiff has the burden of proof on some issues, and the Defendant has the burden on others, and the trial of this matter likely would be lengthy and complex, adding to cost and potential delay;

WHEREAS, due to the complex nature of the issues involved, the Parties recognize that the outcome of the WARN Action is uncertain;

WHEREAS, to avoid extensive, costly and uncertain litigation, the Parties desire to enter into a final settlement and release of all demands, Claims, damages and causes of action, present and future, arising out of or relating in any way to the WARN Action; and

WHEREAS, the Parties have agreed to settle all Claims relating to or arising out of the WARN Action in accordance with the terms of this Settlement, subject to Bankruptcy Court approval.

NOW, THEREFORE, as material consideration and inducements to the execution of this Settlement and Release Agreement, and in consideration of the mutual promises and agreements set forth in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and intended to be binding, the Parties hereby agree as follows:

1.      Definitions of Terms in the Settlement and Release Agreement.

In addition to terms defined elsewhere in this Settlement and Release Agreement, and as used in this Settlement and Release Agreement, the terms below shall have the following meanings.

(a)      "1099 Forms" means IRS Forms 1099-MISC, "Miscellaneous Income."

(b)      "Claim" or "Claims" shall have the meaning ascribed to such term in section 101(5) of the Bankruptcy Code.

(c)      "Class Counsel" means the law firm of Outten & Golden LLP.

(d)      "Class Counsel's Fees" means the reasonable attorneys' fees and reimbursement of expenses payable to Class Counsel, subject to the approval of the Bankruptcy Court.

(e)      "Class Members" or the "Class" means all similarly-situated class members, together with the Class Representative, who are former employees of the Debtor who were

terminated without cause as part of, or as the result of, mass layoffs or plant closings ordered by the Debtor on or about May 15, 2012 and within thirty (30) days of that date at the Facilities located in New York City, NY and Washington, D.C., and who were not provided at least sixty (60) days' advance written notice of their terminations by the Debtor, and who have not filed a timely request to opt-out of the class.

(f)     "Class Notices" are the notices which Class Counsel shall send to all Class Members containing information about the WARN Action, the Settlement and Release Agreement, and their ability to and procedures to object to the Settlement.

(g)     "Class Representative" or "Plaintiff" means Vittoria Conn.

(h)     "Debtor" or "Defendant" means collectively, Dewey & LeBoeuf LLP and its predecessors (including the Liquidation Trust) and assigns.

(i)     "Fairness Hearing" means the hearing at which the Bankruptcy Court considers final approval of the Settlement.

(j)     "FICA" means the Federal Insurance Contributions Act and, without limiting the foregoing includes both old-age, survivors and disability insurance subject to IRC Section 3101(a) and hospital insurance subject to IRC Section 3101(b).

(k)     "Final Approval Date" means the date the order approving the Settlement becomes final and non-appealable.

(l)     "Initial Hearing" means the initial hearing to be requested by Class Counsel and to be held at the next omnibus hearing date scheduled in the bankruptcy case after execution of this Settlement or as soon thereafter that the Bankruptcy Court is available, to consider the Parties' proposed Settlement.

(m)     "IRC" means the Internal Revenue Code of 1986, as amended, as the same may be amended from time to time.

(n)     "Motion" means the joint motion the Parties shall file within ten days of execution of this Settlement, seeking the Bankruptcy Court's approval of the Settlement.

(o)     "Notice of Objection" means an objection made by a Class Member to this Settlement by sending written notice of such objection within thirty (30) days after the Class Notice is mailed to Class Members.

(p)     "Opt-Outs" mean Class Members who timely elected to opt-out of the Class.

(q)     "Parties" means both the Debtor and the Class Members, and "Party" refers to either the Debtor or the Class Members.

(r)     "Petition Date" means May 28, 2012.

(s)     "Released Claims" means those claims released as set forth in Section 8 of this Settlement Agreement.

(t)     "Releasing Parties" means all Class Members who have not opted-out of the Class or Settlement and their respective predecessors, heirs, successors and assigns.

(u)     "Residual Funds" means any Settlement Funds remaining for any reason, including Settlement checks which are not deposited, endorsed or negotiated within sixty (60) days of their dates of issuance.

(v)     "Settlement Agreement" or "Settlement" means this Settlement and Release Agreement.

(w)     "Settlement Fund" means the settlement amount to be paid by the Liquidation Trust and distributed to Class Members and Class Counsel in accordance with the terms of this Settlement Agreement.

(x)   "Service Payment" means a payment of fifteen thousand ($15,000) to the Class Representative for her service in the matter, which shall be paid from the Settlement Fund.

(y)   "W-2 Form" means IRS Form W-2, "Wage and Tax Statement."

(z)   "W-4 Form" means IRS Form W-4, "Employee's Withholding Allowance Certificate."

(aa)   "W-9 Form" means IRS Form W-9, "Request for Taxpayer Identification Number and Certification."

(bb)   "WARN Action" means the adversary proceeding commenced on May 29, 2012 by the Class Representative against the Debtor, entitled Vittoria Conn, on behalf of herself and all others similarly situated v. Dewey & LeBoeuf LLP, pending in the Bankruptcy Court, Adv. Proc. No. 12-12321.

(cc)   "WARN Acts" means, collectively, Worker Adjustment and Retraining Notification Act (the "WARN Act"), 29 U.S.C. § 2101, et seq., the New York Worker Adjustment and Retraining Act (the "NY WARN Act"), and the New York Labor Law § 860, et seq. (the "NYLL"), and any other corresponding law(s), to the extent applicable, which govern layoffs for plant closings.

(dd)   "WARN Notices" means the notices the Debtor contends were delivered to employees on or about May 4, May 10 and May 11, 2012, pursuant to the WARN Acts.

2. Hearings. The Parties shall file the Motion within ten days of execution of the Settlement Agreement. The Motion shall request an Initial Hearing at which time the Parties shall seek entry of an order from the Bankruptcy Court preliminarily approving the Settlement, and approving the form and manner of notice to the Class Members of the Settlement, including, among other things, their right to object to the Settlement in person or appear by counsel. The

Parties shall also request a date for a Fairness Hearing. The Parties agree and shall request that the Bankruptcy Court's issuance of a final order approving the settlement shall not be deemed effective sooner than 90 days from the filing of the Settlement Agreement. The Liquidating Trustee shall be responsible for sending any notices required under 28 U.S.C. § 1715(a)-(d), provided that Class Counsel shall, at or before the time the Motion is filed, provide to the Liquidating Trustee the information described in 28 U.S.C. §1715(b)(7)(A). At the Fairness Hearing, the Bankruptcy Court will consider the final approval of the Settlement, including the award of Class Counsel's Fees.

3.    The Settlement Fund. The Settlement Fund shall consist of four million five hundred thousand dollars ($4,500,000.00), to be paid to Class Counsel by the Liquidating Trustee pursuant to the terms of this Settlement Agreement within fifteen (15) calendar days after the Final Approval Date.

4.    Responsibilities of Class Counsel. Class Counsel shall bear all responsibilities related to the administration of the Settlement including mailing of the Class Notices and the appointment and retention of Settlement Services, Inc. as "Settlement Administrator" to distribute the Settlement Fund to the Class Members as set forth herein and further manage all applicable tax withholdings and reporting. The Settlement Administrator shall be responsible for issuing payment to class members and handling all other aspects of the administration of the WARN Settlement, including, but not limited to:

(i)    the formation of a Qualified Settlement Fund as authorized by Treasury Regulation 1.486B-1(c) to accept, distribute, and otherwise administer the WARN Settlement;

(ii)   the determination, subject to Class Counsel's review and approval, of the payroll tax and withholding amounts for each of the individual payments to each class member;

(iii)  the preparation and mailing of settlement checks to each Class Member;

(iv)  the withholding, paying, and reporting, as appropriate, of all payroll taxes, and
preparing and mailing of all W-2s and/or 1099s, and

(v)  the processing of returned notices or settlement checks as undeliverable, including re-
mailing to forwarding addresses and tracing of current addresses;

Class Counsel shall calculate the amount of distribution to be issued to each Class Member in

accordance with the terms of this Settlement Agreement and, within three (3) business days of

the Final Approval Date, shall provide the Settlement Administrator with a list of the names,

addresses, and distribution amount for all payments due under this Settlement Agreement,

including the amount due to each Class Member. As set forth in Section 6 below, the Settlement

Administrator shall determine the amount due to each Class Member less all applicable taxes and

withholdings.  The address of Class Counsel will be used as the return address for the Class

Notices and Class Counsel will respond to any inquiries from Class Members arising from or

relating to this Settlement. Additionally, Class Counsel shall use their best reasonable efforts to

contact all Class Members who opted-out of the Class to determine whether they may wish to

reconsider their participation in the Settlement.  In the event that Class Counsel is unable to

obtain from the Debtor's books and records the social security or taxpayer identification number

for each Class Member, from a validly executed and then effective Form W-4, Class Counsel

shall make their reasonable best efforts to obtain such an executed Form W-4 for each such Class

Member. The Settlement Administrator shall not be obligated to issue a distribution check to a

Class Member for which it does not have such a taxpayer identification number, however, it may

do so by withholding taxes at the maximum rate for Class Members for whom it was unable to

obtain Form W-4 information.

5.    Class Counsel's Fees. Subject to the approval of the Bankruptcy Court, Class

Counsel shall receive reasonable attorneys' fees in the amount of one third (1/3) of the

Settlement Fund (not including the Service Payment to the Class Representative set forth below) and reimbursement of actual expenses incurred, as payment in full for their professional fees and expenses in connection with this matter to be paid from the Settlement Fund on the later of twenty (20) business days after the Final Approval Date or submission by Class Counsel of a valid and effective Form W-9 to the Liquidation Trust.

      6.     The Allocation of the Settlement Fund and Disbursement of the Settlement Fund Payments to Class Members.

    (a)    Allocation of the Settlement Fund. The net amount of the Settlement Fund (after being first reduced to account for allowed Class Counsel's Fees and expenses) shall be allocated by Class Counsel. Class Counsel shall be responsible for defining the population of employees entitled to receive payments from the Settlement Fund and for calculating payments to individual Class Members. Subject to Section 6(f) below, the Settlement Administrator shall distribute the amounts due to each Class Member net of taxes.

    (b)    Returned Settlement Checks. In the event that a Settlement Fund disbursement is returned as undeliverable, Class Counsel (or the Settlement Administrator) shall promptly re-mail the returned Settlement check to the corrected address of the intended Class Member recipient as may be determined by Class Counsel through a search of a national database or as may otherwise be obtained by Class Counsel. If a corrected address cannot be obtained for the intended Class Member recipient after sixty (60) days, such unclaimed distribution will be deemed to be Residual Funds.

    (c)    Treatment of Residual Funds. In the event that there are any Settlement Funds remaining for any reason, including Settlement checks which are not deposited, endorsed or negotiated, within sixty (60) days of their date of issuance, such Residual Funds shall be held for another sixty (60) days (the "Residual Fund Waiting Period") to be used to make distributions to

any individual who is subsequently determined to have been eligible to receive a distribution but was not on the Class Member distribution list. Undistributed funds remaining after the Residual Fund Waiting Period will be donated to The Impact Fund, a non-profit organization dedicated to economic and social justice. No portion of the Residual Funds shall revert to the Liquidation Trust or be retained by Class Counsel, except any overpayments related to employer tax contributions, which shall revert back to the Liquidation Trust.

(d)     Service Payment to the Class Representative. The Liquidating Trustee shall pay Class Counsel the additional amount of fifteen thousand dollars ($15,000.00) which shall be distributed to the Class Representative as a one-time Service Payment, to be paid twenty (20) business days after the Final Approval Date.

(e)     Administration Fee. The Liquidating Trustee also shall pay Class Counsel the amount of twenty thousand dollars ($20,000.00) for purposes of administering the Settlement Fund. In the event that the Settlement Administrator retained by Class Counsel incurs fees and costs in excess of $20,000.00, those excess fees and costs shall be borne exclusively by Class Counsel as a reimbursable expense and any amounts incurred less than $20,000.00 shall be promptly returned to the Liquidation Trust.

(f)     Taxes.

(i)     Payments from the Settlement Fund to Class Members shall be made net of all applicable employment taxes to be withheld from such payments as determined to be due by the Settlement Administrator, including, without limitation, FICA tax and federal, state and local income tax withholding. All applicable amounts (i) withheld from the Class Members, including, without limitation, the employee portion of FICA tax and federal, state and local income tax withholding, and (ii) any and all applicable employer tax contributions, including but

not limited to the Debtor's shares of the FICA tax and any federal and state unemployment tax due, shall be reported to the Internal Revenue Service ("IRS") or other applicable taxing authorities when payment becomes due and owing and reported under the payee's name and social security number on an IRS Form W-2 and any applicable state or local tax form. All applicable employer tax contributions, including but not limited to the Debtor's share of the FICA tax and any federal and state unemployment tax due, shall be paid by the Debtor to the Settlement Administrator in addition to the Settlement Fund, and shall not be paid out of the Settlement Fund. Simultaneous with the administration of the Settlement Fund, the Settlement Administrator shall determine the amount of such necessary employer tax contributions and shall certify to the Liquidating Trustee in writing, with a copy to the Liquidating Trustee's counsel, the amount attributable to each Class Member and the computation thereof, in sufficient detail to permit the Liquidating Trustee to determine with reasonable accuracy the aggregate amount of such taxes for which the Liquidation Trust is responsible, and such further information as is reasonably necessary for the Liquidating Trustee to verify the amounts thereof. The Liquidation Trust agrees to remit the amount of employer tax contributions to the Settlement Administrator, which is responsible for paying said amounts to the appropriate taxing authorities as set forth herein. Verification of payment of such taxes to the appropriate taxing authorities shall be provided to Class Counsel and to counsel for the Liquidation Trust in accordance with the provisions of 6(f)(v) hereof.

(ii)    Payments of Class Counsel's Fees shall be made to Class Counsel without withholding and reported to the IRS and the payee under the payee's name and taxpayer identification number, which such payee shall provide for this purpose, on an IRS Form 1099.

(iii)   The Service Payment to the Class Representative shall be made by the Settlement Administrator without withholding and reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099.

(iv)   The payment of the Administration Fee to Class Counsel or directly to Settlement Services, Inc., the Settlement Administrator, at Class Counsel's direction, shall be made without withholding and reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099.

(v)   The Settlement Administrator shall prepare, file and provide copies (within fifteen (15) days of filing) of all of the foregoing to Class Counsel and Counsel for the Liquidating Trustee together with proof of payment of all necessary taxes, and prepare and shall file all returns, reports, information references, other reporting and other documents with, and remit all necessary taxes to, the tax authorities in connection with the payments to be made under this settlement so as to ensure compliance with all federal and state tax laws and related reporting requirements.

(vi)   For the avoidance of doubt, the Liquidation Trust shall not be responsible for (1) any payroll taxes or any federal, state or local income tax imposed on employees (which taxes shall be properly withheld and remitted to the applicable taxing authorities as required herein), (2) any employer tax payments, including but not limited to the Debtor's share of the FICA tax and any federal and state unemployment tax (except to the extent that such taxes shall not have been paid over to the Settlement Administrator by the Liquidating Trustee in accordance herewith), (3) any taxes imposed with respect to the payment of attorneys' fees to Class Counsel under this Agreement, (4) any taxes imposed with respect to the payment of the Service Payment to the Class Representative, (5) any taxes imposed with respect to the payment

of the Administration Fee, or (6) any and all tax imposed on the income and earnings of the
Qualified Settlement Fund.

(vii) The Debtor, the Liquidation Trust, and the Liquidating Trustee will bear no
responsibility for the payment of taxes as set forth in Sub-Section (vi) above and Class Counsel
shall hold the Debtor, the Liquidation Trust, and the Liquidating Trustee harmless from and
against any and all taxes, interest, penalties, attorneys' fees and other costs imposed on the
Debtor, the Liquidation Trust or the Liquidating Trustee as a result of the Settlement
Administrators' failure to timely compute, prepare and file tax returns and pay taxes pursuant to
this Section.

7.    Release By Settlement Class.

(a) Release. As of the Final Approval Date, except for any Class Members who timely
opted-out of the Class, all Class Members do hereby fully and forever release and discharge the
Debtor, the Debtor's estate, the Liquidation Trust, the Liquidating Trustee, the Liquidation Trust
Oversight Committee and their current and former shareholders and investors, subsidiary and
affiliated entities, any potential "single employer" under the WARN Acts, and their respective
officers, directors, shareholders, agents, employees, partners, members, accountants, attorneys,
representatives and other agents, and all of their respective predecessors, successors and assigns
(collectively, the "Released Parties"), of and from any and all Claims, demands, debts, liabilities,
obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of
whatever kind or nature, at law, in equity or otherwise, whether known or unknown, anticipated,
suspected or disclosed, which the Releasing Parties may now have or hereafter may have against
the Released Parties, arising out of the termination of the Class Members' employment by the
Debtor which relate to or are based on (i) any Claims asserted or that could have been asserted in

the WARN Action; and (ii) any alleged violation of the WARN Acts, or any other federal, state, or municipal law or legal claim based on similar factual allegations. The Claims released hereunder are referred to herein as the "Released Claims." The Released Parties expressly reserve the right to object to, offset or oppose any and all Claims, obligations, or causes of action of any type, except those Claims expressly allowed in this Settlement Agreement. Upon the distribution of the Settlement Fund in accordance with this Settlement Agreement, the Class Members agree that any Claims that have been scheduled on behalf of, or filed by, the Class Representative or the Class Members in the Debtor's bankruptcy case, on account of any alleged violation of the WARN Acts or any other federal, state, or municipal law or legal claim based on similar factual allegations, including, without limitation, the individual WARN claims are disallowed in their entirety and shall be deemed expunged from the Debtor's schedules or claims register, as applicable.

(b)     <u>Individually Filed Proofs of Claim</u>. Any proof of claim filed by a Class Member pertaining to his or her employment with the Debtor on account of any alleged violation of the WARN Acts or any other federal, state, or municipal law or legal claim based on similar factual allegations shall be deemed disallowed and expunged as of the Final Approval Date pursuant to the terms of this Settlement.

(c)     <u>Reservation of Rights</u>. The Debtor, its Estate, the Liquidating Trustee and any successors or assigns, and each of their respective subsidiaries, affiliates, and any of the present or former officers, directors, employees, agents, attorneys, consultants, stockholders or members thereof, including the Liquidation Trust, as successor to the Debtor, expressly reserves the right to object to, offset or oppose any and all Claims, obligations, or causes of action of any type not released pursuant to this Settlement Agreement.

8.    The Class Notice.

(a)    Service. Class Counsel shall bear the cost and responsibility of the preparation and service of the Class Notices. Class Counsel's address will be used as the return address for the Class Notices. Class Counsel shall mail the Class Notices by first-class mail to the Class Members by no later than five (5) business days after preliminary approval of this Settlement by the Bankruptcy Court. The Class Notice shall be substantially in the form as may be approved by the Bankruptcy Court. In the event that a Class Notice is returned as undeliverable, Class Counsel shall re-mail the Class Notice to the corrected address, if any, of the intended Class Member recipient as may be determined by Class Counsel through a search of a national database or as may otherwise be obtained by the Parties.

(b)    Contents of the Class Notice. The Class Notice shall contain the following information:

•    that the Settlement shall become effective only if it is finally approved by the Bankruptcy Court;

•    that, if approved, the Settlement shall be effective as to all Class Members who did not opt-out of the Class;

•    that a Class Member has the right to object to this Settlement, either in person or through counsel, and be heard at the Fairness Hearing;

•    that any and all Claims released under the Settlement Agreement shall be waived, and that no person, including each Class Member, shall be entitled to any further distribution thereon; and that upon final approval of the Settlement, any proofs of claim filed by a Class Member on account of any alleged violation of the WARN Acts or any other federal, state, or

municipal law or legal claim based on similar factual allegations who did not opt-out of the Class shall be deemed disallowed and expunged.

9.    <u>Objection to Settlement Procedures</u>. A Class Member may object to the approval of this Settlement by sending a timely written Notice of Objection to Class Counsel and counsel to the Liquidation Trust at the addresses set forth below, and filing such Notice of Objection with the Bankruptcy Court so that it is received by the above counsel within thirty (30) days after the Class Notice is mailed to Class Members. Such objection shall clearly specify the relief sought and the grounds for such relief.  In the event that five percent or more of the Class Members object to this Settlement, the Liquidation Trust may, at its option and in its sole discretion, rescind this Agreement and this Agreement shall become null and void and of no further effect or consequence.

10.    <u>Acceptance and Effectiveness of the Settlement</u>.

(a)    <u>Bankruptcy Court Approval</u>. The effectiveness of this Settlement shall be subject to and contingent upon the entry of an order of the Bankruptcy Court at the Fairness Hearing, reasonably satisfactory to each of the Parties hereto, approving this Settlement and upon such order having become final and non-appealable.

(b)    <u>Effective Date</u>.  The effective date of this Settlement is the Final Approval Date.

(c)    <u>Binding Effect and Non-Assignment</u>.  This Settlement shall be binding upon, and inure to the benefit of the Parties as well as their representatives heirs, executors, administrators, personal representatives, legal representatives, agents, and attorneys.  This Settlement shall not inure to the benefit of any assignees or transferees of the Class Members' claims in this Settlement.  Class Members shall not have the power nor right to assign Settlement payments under this Agreement and any such assignment shall be void.

11.    No Litigation. Except as may be necessary to enforce the terms of this Settlement, the Liquidation Trust, the Class Representative, the Releasing Parties and any other person who accepts payment hereunder, agree that she or he shall not commence or proceed with any action, Claim, suit, proceeding or litigation against any other Party, directly or indirectly, regarding or relating to the matters described in this Settlement Agreement, or take any action inconsistent with the terms of the Settlement.

12.    No Admission of Liability. This Settlement is intended to settle and dispose of the Released Claims of all of Releasing Parties. Nothing herein shall be construed as an admission by the Debtor and/or the Liquidation Trust of any facts or liability of any kind, all of which is expressly denied. The Parties' agreement to enter into this Settlement Agreement shall not be deemed an admission of liability or wrongdoing.

13.    Representations and Warranties. Each Party represents and warrants that upon Bankruptcy Court approval of this Settlement it will have the legal right and authority to enter into this Settlement and the transactions and releases contemplated hereby.

14.    Further Assurances. The Parties shall cooperate fully and shall execute and deliver any and all supplemental papers, documents, instruments and other assurances and shall do any and all acts that may be reasonably necessary or appropriate to give full force and effect to the terms and intent of this Settlement.

15.    Miscellaneous.

(a)    Continuing Jurisdiction of Bankruptcy Court. The Bankruptcy Court shall have exclusive jurisdiction over this Settlement and any dispute or controversy arising from or related to the interpretation or enforcement of this Settlement.

(b)  <u>Governing Law/Jurisdiction</u>. Except where superseded by applicable federal law, this Settlement shall be governed by the laws of the State of New York.

(c)  <u>Notices</u>. Any notice or other communication required or permitted to be delivered under this Settlement from any Class Member to Class Counsel, the Liquidation Trust, and/or the Bankruptcy Court, shall be (i) in writing, (ii) delivered personally, by courier service or by certified or registered mail, first- class postage prepaid and return receipt requested, (iii) deemed to have been received on the date of delivery, and (iv) addressed as follows (or to such other address as the Party entitled to notice shall hereafter designate by a written notice filed with the Bankruptcy Court):

To the Liquidation Trust, to:

GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA 02110
ATTN: Joshua Davis, Esq.
ATTN: Elizabeth K. Levine, Esq.

BROWN RUDNICK
Seven Times Square
New York, NY 10036
ATTN: Howard S. Steel, Esq.

If to Class Members or Class Counsel, to:

OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor New York, New York 10016
ATTN: René S. Roupinian, Esq.
ATTN: Jack Raisner, Esq.

(d)  <u>Non-Severability</u>. Each of the provisions of this Settlement is a material and integral part hereof. In the event that one or more of the provisions of this Settlement shall become invalid, illegal or unenforceable in any respect, the entire Settlement shall be deemed null and void unless the Parties agree otherwise.

(e)     <u>Amendments</u>. This Settlement may not be modified, amended or supplemented by the Parties except by a written agreement that the Parties have signed with any required approval of the Bankruptcy Court.

(f)     <u>Integration</u>. This Settlement contains the entire agreement among the Parties with respect to the matters covered by this Settlement, and no promise or understanding or representation made by any Party or agent, director, officer, employee or attorney of any Party that is not expressly contained in this Settlement shall be binding or valid.

(g)     <u>Interpretation.</u> This Settlement was the product of joint negotiations between the Parties and any rule of construction requiring that ambiguities are to be resolved against the drafting Party shall not apply in the interpretation of this Settlement.

(h)     <u>No Third-Party Beneficiaries</u>. This Settlement does not constitute a contract for the benefit of any third parties, any prior creditors or claimants of the Parties, or any non-Party, other than Class Members in relation to the provisions of this Settlement.

(i)     <u>Headings</u>. The headings clauses and "WHEREAS" clauses set forth in this Settlement are for convenience only and are not part of the Settlement and do not in any way define, limit, extend, describe or amplify the terms, provisions or scope of this Settlement and shall have no effect on its interpretation. Where appropriate, the use of the singular shall include the plural and the use of the masculine gender shall include the feminine gender as well.

(j)     <u>Signatures</u>. Facsimile or other electronic copies of signatures on this Settlement are acceptable, and a facsimile or other electronic copy of a signature on this Settlement shall be deemed to be an original.

(k)    Counterparts. This Settlement may be executed in one or more counterparts, each of which together or separately shall constitute an original and which, when taken together, shall be considered one and the same binding agreement.

(l)    Cooperation. The Parties agree to reasonably cooperate with one another to effectuate an efficient and equitable implementation of this Settlement.

(l)    Binding Nature of Settlement. This Settlement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors, transferees, assigns, heirs and estates.

IN WITNESS WHEREOF, the Parties have executed and delivered this Settlement as of the date first written above.

OUTTEN & GOLDEN LLP

On behalf of the Class Representative and Class Members

By: _____
Name: Jack Raisner, Esq.
René S. Roupinian, Esq.
Title: Class Counsel

GOULSTON & STORRS, P.C.

On behalf of the Trust and Liquidating Trustee

By: _____
Name: Joshua M. Davis,
Title: Counsel for the Liquidation Trust and Liquidating Trustee