**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
|  |  |
|---|---|
| In re: | Chapter 11 |
| DEWEY & LEBOEUF LLP, | Case No. 12-12321 (MG) |
| Debtor. |  |

-----------------------------------------------------------------X

|  |  |
|---|---|
| VITTORIA CONN, on behalf of herself and all others similarly situated |  |
| Plaintiff, |  |
| v. | Adv. Pro. No. 12-01672(MG) |
| DEWEY & LEBOEUF LLP |  |
| Defendant. |  |

-----------------------------------------------------------------X

**FINAL ORDER: (A) APPROVING THE SETTLEMENT AGREEMENT PURSUANT TO BANKRUPTCY RULE 7023 AFTER THE FAIRNESS HEARING; AND (B) GRANTING RELATED RELIEF**

**UPON** the Order dated June 27, 2014 [Dkt. No. 51] (the "Preliminary Order") preliminarily approving the joint motion of Alan M. Jacobs, solely as the Liquidating Trustee (the "Liquidating Trustee") for and on behalf of the Dewey & LeBoeuf Liquidation Trust (the "Liquidation Trust"), successor in interest to Dewey & LeBoeuf LLP (the "Debtor), and Vittoria Conn (the "Class Representative"), on behalf of herself and as a Class Representative on behalf of the other class members (the "Class Members" or "Class), by and through their respective counsel, for: *Order Granting Joint Motion Pursuant to 11 U.S.C. § 105 and Bankruptcy Rules 7023 and 9019 to: (A) Approve a Settlement Agreement Between the Liquidation Trust and Vittoria Conn, on Behalf of Herself and as a Class Representative on Behalf of the Other Class Members; (B) Approve the Form and Manner of Notice to Class*

*Members of the Settlement; (C) Schedule a Fairness Hearing to Consider Final Approval of the Settlement Agreement; (D) Finally Approve the Settlement Agreement Pursuant to Bankruptcy Rule 7023 After the Fairness Hearing; and (E) Grant Related Relief* (the "Motion"); and upon the Affidavit of Service evidencing proof of service of the notice to class, members of the proposed settlement, which was filed with the Court [Dkt. No. 53]; the Court having reviewed the Motion and being fully advised; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 USC §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 USC § 157(b)(2), (c) notice of the motion and the hearing on the motion was sufficient under the circumstances, (d) terms not otherwise defined herein have the meanings given to them in the Motion and (e ) no objections have been filed in opposition to the Motion [Dkt. No. 54]; the Court having reviewed the Terms of the Settlement Agreement; and the Court having determined that the legal and factual bases set forth in the motion establish just cause for the relief granted herein; the Court having determined that the relief sought in the Motion is in the best interest of Dewey & LeBoeuf's bankruptcy estate and the Liquidation Trust; and after due deliberations and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

    1. The Motion is GRANTED to the extent indicated herein, effective as of September 10, 2014.

    2. All objections to the Motion or the relief requested in the Motion, if any, that have not been withdrawn, waived or settled, and all reservation of rights in such objections, if any, are OVERRULED in all respects on the merits and denied;

3. The WARN Settlement Agreement annexed to the Motion as Exhibit A and the settlement are approved as being fair, reasonable, adequate to the Class Members for the following reasons:

- If the Settlement is not approved, the Class Action litigation will likely be complicated, protracted and expensive, thereby unnecessarily depleting the estate and delaying and diminishing distributions to creditors, including Class Members.
- The Plaintiff, as Class Representative, supports the Settlement no Class Members have objected to the Settlement.
- The Settlement was reached after the essential facts had been thoroughly investigated by Class Counsel through discovery.
- The risks of the Plaintiff being unable to establish liability and damages are significant because of the Affirmative Defenses asserted by the Liquidating Trust.
- The Settlement assures a payment to the Class as part of the Plan.
- The Settlement is well within the range of reasonableness given the uncertainty of the Plaintiff's ability to establish liability and to recover against a bankrupt employer.

4. The Liquidating Trustee is authorized to enter into the Settlement Agreement and implement all actions required of him therein;

5. On the Effective Date the settlement and the Settlement Agreement shall become binding upon the parties and the WARN Settlement Class;

6. Class Counsel is awarded its Class Counsel fees in the amount of $1,500,000.00 and expenses in the amount of $22,770.74 which Class Counsel fees and expenses shall be

paid from the Settlement Fund by the Settlement Administrator at such time as the Settlement Administrator makes its distribution to the WARN Settlement Class;

7. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the conclusions of law constitute findings of fact, they are adopted as such;

8. The entry of this Order is without prejudice to the relief granted in the Preliminary Order and entry of this Order shall not serve to extend or stay the time of filing any appeal regarding any of the relief granted in the Preliminary Order;

9. The Liquidating Trustee is hereby authorized and empowered to take such steps and perform such acts as maybe necessary to implement and effectuate the terms of this Order and the WARN Settlement Agreement; and

10. This Court retains jurisdiction over all matters arising from or related to the interpretation and/or implementation of this Order;

11. This Order is effective immediately upon entry.

Dated: August 20, 2014
      New York, New York

                                                    **/s/Martin Glenn**
                                                      MARTIN GLENN
                                          United States Bankruptcy Judge